## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: CANON U.S.A. DATA BREACH LITIGATION | Case No. 1:20-cv-06239-AMD-SJB |
| This Document Relates To: | **ANSWER AND DEFENSES TO CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** |
| All Actions | |

Defendants Canon U.S.A., Inc. (individually and as successor to Canon Information and Imaging Solutions, Inc.), Canon Solutions America, Inc., Canon Software America, Inc., Canon Financial Services, Inc., Canon Medical Components U.S.A., Inc., Canon Information Technology Services, Inc., and NT-ware USA, Inc., (collectively, "Canon" or "Defendants")[1], by and through the undersigned attorneys, Baker & Hostetler LLP, submit this Answer to the Amended Consolidated Class Action Complaint (the "Complaint") and state as follows:

### I. AS TO INTRODUCTION

1.      Defendants admit that Plaintiffs purport to bring this putative class action against Defendants for the reasons alleged in Paragraph 1, but deny the substance of the allegations.

2.      Defendants admit that, among other things, they are leading providers of consumer, business-to-business, and industrial imaging solutions to the United States and to Latin American and Caribbean markets and that their employees provide them with a certain amount of PII. Defendants further admit that they retain this information on their systems and that they understand

---

[1] Defendants Canon Medical Components U.S.A., Inc. and Canon Information Technology Services, Inc. were never properly served in this matter. Nevertheless, these entities join in this Answer without waiving their rights and assert an affirmative defense for the service failure.

the importance of protecting such information. Defendants lack knowledge or information sufficient to form a belief about the truth of the remainder allegations set forth in Paragraph 2 and therefore deny same.

3.      Defendants admit the allegations set forth in Paragraph 3.

4.      Defendants admit the allegations set forth in Paragraph 4.

5.      Defendants admit the allegations set forth in Paragraph 5.

6.      Defendants admit the allegations set forth in Paragraph 6.

7.      The allegations set forth in Paragraph 7 regarding Defendants' legal and equitable duties are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny that they violated any legal or equitable duties to protect and safeguard PII from unauthorized access and intrusion. Answering further, Defendants admit that certain PII was exposed to "unauthorized activity" and deny the remainder of the allegations set forth in Paragraph 7.

8.      Defendants deny the allegations set forth in Paragraph 8.

9.      Defendants deny the allegations set forth in Paragraph 9.

10.     Defendants deny the allegations set forth in Paragraph 10.

11.     Defendants deny the allegations set forth in Paragraph 11.

12.     Defendants deny the allegations set forth in Paragraph 12.

13.     Defendants deny the allegations set forth in Paragraph 13.

## II. AS TO PARTIES

14.     The allegations set forth in Paragraph 14 regarding Defendants' "legal duties and obligations" are legal conclusions to which no response is required, but to the extent a response to those allegations is required, Defendants deny that they failed to maintain adequate data security

or breached any duties or obligations owed to Plaintiff Finnigan.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations set forth in Paragraph 14 and therefore deny them.

15.     The allegations set forth in Paragraph 15 regarding Defendants' "legal duties and obligations" are legal conclusions to which no response is required, but to the extent a response to those allegations is required, Defendants deny that they failed to maintain adequate data security or breached any duties or obligations owed to Plaintiff Buchbinder.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations set forth in Paragraph 15 and therefore deny them.

16.     The allegations set forth in Paragraph 16 regarding Defendants' "legal duties and obligations" are legal conclusions to which no response is required, but to the extent a response to those allegations is required, Defendants deny that they failed to maintain adequate data security or breached any duties or obligations owed to Plaintiff McCartney.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations set forth in Paragraph 16 and therefore deny them.

17.     The allegations set forth in Paragraph 17 regarding Defendants' "legal duties and obligations" are legal conclusions to which no response is required, but to the extent a response to those allegations is required, Defendants deny that they failed to maintain adequate data security or breached any duties or obligations owed to Plaintiff Villacis.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations set forth in Paragraph 17 and therefore deny them.

18.     The allegations set forth in Paragraph 18 regarding Defendants' "legal duties and obligations" are legal conclusions to which no response is required, but to the extent a response to

those allegations is required, Defendants deny that they failed to maintain adequate data security or breached any duties or obligations owed to Plaintiff Pichardo. Defendants lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations set forth in Paragraph 18 and therefore deny them.

19.     The allegations set forth in Paragraph 19 regarding Defendants' "legal duties and obligations" are legal conclusions to which no response is required, but to the extent a response to those allegations is required, Defendants deny that they failed to maintain adequate data security or breached any duties or obligations owed to Plaintiff Andre Hamid. Defendants lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations set forth in Paragraph 19 and therefore deny them.

20.     The allegations set forth in Paragraph 20 regarding Defendants' "legal duties and obligations" are legal conclusions to which no response is required, but to the extent a response to those allegations is required, Defendants deny that they failed to maintain adequate data security or breached any duties or obligations owed to Plaintiff Amy Lynn Hamid. Defendants lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations set forth in Paragraph 20 and therefore deny them.

21.     The allegations set forth in Paragraph 21 regarding Defendants' "legal duties and obligations" are legal conclusions to which no response is required, but to the extent a response to those allegations is required, Defendants deny that they failed to maintain adequate data security or breached any duties or obligations owed to Plaintiff Moss. Defendants lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations set forth in Paragraph 21 and therefore deny them.

22.     The allegations set forth in Paragraph 22 regarding Defendants' "legal duties and obligations" are legal conclusions to which no response is required, but to the extent a response to those allegations is required, Defendants deny that they failed to maintain adequate data security or breached any duties or obligations owed to Plaintiff Rouse.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations set forth in Paragraph 22 and therefore deny them.

23.     Defendants admit the allegations set forth in Paragraph 23.

24.     Defendants admit the allegations set forth in Paragraph 24.

25.     Defendants admit the allegations set forth in Paragraph 25.

26.     Defendants deny the allegations set forth in Paragraph 26 and answer further that Canon Information and Imaging Solutions, Inc. was merged into Canon U.S.A., Inc. in 2021.

27.     Defendants admit the allegations set forth in Paragraph 27.

28.     Defendants admit the allegations set forth in Paragraph 28.

29.     Defendants admit the allegations set forth in Paragraph 29.

30.     Defendants admit the allegations set forth in Paragraph 30.

31.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 31 and therefore deny same.

32.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 32 and therefore deny same.

### III. AS TO JURISDICTION AND VENUE

33.     The allegations set forth in Paragraph 33 contain legal conclusions to which no response is required.   To the extent a response is required, Defendants lack knowledge or

information sufficient to form a belief about the truth of the allegations set forth in Paragraph 33 and therefore deny same.

34.    Defendants admit that this Court has personal jurisdiction over Defendants, but deny the remainder of the allegations set forth in Paragraph 34 as stated.

35.    Defendants admit that venue in this District is proper, but deny the remainder of the allegations set forth in Paragraph 35 as stated.

## IV. AS TO FACTUAL ALLEGATIONS

### Background[2]

36.    Defendants admit that, among other things, they are leading providers of consumer, business-to-business, and industrial imaging solutions to the United States and to Latin American and Caribbean markets with more than 18,000 total employees between them.  Defendants deny the remainder of the allegations set forth in Paragraph 36 as stated.

37.    Defendants deny the allegations set forth in Paragraph 37.

38.    Defendants deny the allegations set forth in Paragraph 38.

39.    Defendants deny the allegations set forth in Paragraph 39.

### The Data Breach

40.    Defendants admit that beginning on or about November 24, 2020, Defendants sent current and former employees and beneficiaries and dependents thereof, including Plaintiffs, notice of the incident alleged and that the notice speaks for itself.  To the extent the portions quoted by Plaintiffs in Paragraph 40 are inconsistent with the language of the notice, such allegations are denied.

---

[2] Defendants' use of subheadings in the Answer is not an admission that these subheadings, as set forth in the Complaint, are described accurately.  Defendants use them solely to match the different sections of this Answer with the different sections of the Complaint and, to the extent necessary, Defendants deny any implications such subheadings may have.

41.     Defendants admit the allegations set forth in Paragraph 41.

42.     Defendants admit that the notices sent to Plaintiffs and to various Attorneys General stated that unauthorized third parties accessed files containing certain information regarding current and former employees and their beneficiaries and dependents, including one or more of the types of information set forth in Paragraph 42.  Defendants deny the remainder of the allegations set forth in Paragraph 42.

43.     Defendants admit that in response to the incident they "immediately began to investigate, a cybersecurity firm was engaged, and measures were taken to address the incident and restore operations," that they "also notified law enforcement and worked to support the investigation," and that they "implemented additional security measures to further enhance the security of [their] network."  Defendants deny the remainder of the allegations set forth in Paragraph 43.

44.     Defendants deny the allegations set forth in Paragraph 44.

45.     Defendants deny the allegations set forth in Paragraph 45.

46.     Defendants admit that the Federal Bureau of Investigation makes statements on its website regarding protecting networks from ransomware and state that such statements speak for themselves.  To the extent Plaintiffs cite information inconsistent with statements on the FBI website and to the extent Plaintiffs insinuate Defendant breached any duties owed to them, such allegations set forth in Paragraph 46 are denied

47.     Defendants admit that the FBI makes certain recommendations on its website regarding preventing and detecting ransomware attacks and such statements speak for themselves. To the extent Plaintiffs cite information inconsistent with such recommendations and to the extent

Plaintiffs insinuate that Defendants breached any duties owed to them, such allegations set forth in Paragraph 47 are denied.

48.     Defendants admit that the United States Cybersecurity & Infrastructure Security Agency makes certain recommendations on its website regarding preventing and detecting ransomware attacks and such statements speak for themselves.  To the extent Plaintiffs cite information inconsistent with such recommendations and to the extent Plaintiffs insinuate that Defendants breached any duties owed to them, such allegations set forth in Paragraph 48 are denied.

49.     Defendants admit that Microsoft makes certain recommendations on its website regarding ransomware attacks and such statements speak for themselves.  To the extent Plaintiffs cite information inconsistent with such statements and to the extent Plaintiffs insinuate that Defendants breached any duties owed to them, such allegations set forth in Paragraph 49 are denied.

50.     Defendants deny the allegations set forth in Paragraph 50, including the implication that they breached any duties owed to Plaintiffs.

51.     Defendants deny the allegations set forth in Paragraph 51.

***Defendants Acquire, Collect, and Store the PII of Plaintiffs and Class Members***

52.     Defendants admit that they acquired, collected, and stored the PII of Plaintiffs and other employees at least from 2005 to 2020.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations set forth in Paragraph 52 with respect to unnamed "Class Members" and therefore deny same

53.     Defendants deny the allegations set forth in Paragraph 53.

54.     The allegations set forth in Paragraph 54 are legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny any implication that they breached any duties owed to Plaintiffs.

55.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 55 and therefore deny same.

### Securing PII and Preventing Breaches

56.     Defendants deny the allegations set forth in Paragraph 56, which call for speculation.

57.     Defendants deny the allegations set forth in Paragraph 57.

58.     Defendants deny the allegations set forth in Paragraph 58.

59.     Defendant admits that the FTC has promulgated 17 C.F.R. § 248.201 and that said regulation speaks for itself.  Defendants deny any implication in Paragraph 59 that they violated FTC regulations.

60.     Defendants deny the allegations set forth in Paragraph 60.

### Value of Personally Identifiable Information

61.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 61 and therefore deny same.

62.     Defendants admit that the Social Security Administration makes certain statements on its website regarding identity theft and/or fraud and such statements speak for themselves.  To the extent Plaintiffs insinuate that Defendants breached any duties owed to them, such allegations set forth in Paragraph 62 are denied.

63.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 63 and therefore deny same.

64.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 64 and therefore deny same.

65.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 65 and therefore deny same.

66.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 66 and therefore deny same.

67.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 67 and therefore deny same.

68.     Defendants deny the allegations set forth in Paragraph 68.

69.     Defendants admit that the GAO's website contains information regarding data breaches and such information speaks for itself.  Otherwise, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 69 and therefore deny same.

70.     Defendants admit they knew the importance of safeguarding employees' PII, but deny the implication that they breached any duties owed to Plaintiffs.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations set forth in Paragraph 70 and therefore deny same.

71.     Defendants deny the allegations set forth in Paragraph 71.

72.     Defendants admit that they were aware of the types of information on their file servers, but deny the implication in Paragraph 72 that Plaintiffs or other employees have been harmed.

73.     Defendants admit that they have offered Plaintiffs and other employees credit monitoring services through Experian, but deny that the offered service is inadequate to protect Plaintiffs and deny the remainder of the allegations set forth in Paragraph 73.

74.     Defendants deny the allegations set forth in Paragraph 74.

***Plaintiff Michael Finnigan's Experience***

75.     Defendants admit that Plaintiff Finnigan provided private information to Canon in connection with his employment, but deny the implication in Paragraph 75 that such information was a specific requirement of his employment or that it was part of any employment agreement.

76.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 76 and therefore deny same.

77.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 77 and therefore deny same.

78.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 78 and therefore deny same.

79.     Defendants deny the allegations set forth in Paragraph 79.

80.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 80 and therefore deny same.

81.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 81 and therefore deny same.

82.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 82 regarding what Plaintiff Finnigan anticipates or his state of mind and therefore deny same.  Defendants deny the remainder of the allegations set forth in Paragraph 82.

*Plaintiff Kenneth Buchbinder's Experience*

83.     Defendants admit that Plaintiff Buchbinder provided private information to Canon in connection with his employment, but deny the implication in Paragraph 83 that such information was a specific requirement of his employment or that it was part of any employment agreement.

84.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 84 and therefore deny same.

85.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 85 and therefore deny same.

86.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 86 and therefore deny same.

87.     Defendants deny the allegations set forth in Paragraph 87.

88.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 88 and therefore deny same.

89.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 89 and therefore deny same.

90.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 90 regarding what Plaintiff Buchbinder anticipates or his state of mind and therefore deny same.  Defendants deny the remainder of the allegations set forth in Paragraph 90.

*Plaintiff Brian McCartney's Experience*

91.     Defendants admit that Plaintiff McCartney provided private information to Canon in connection with his employment, but deny the implication in Paragraph 91 that such information was a specific requirement of his employment or that it was part of any employment agreement.

92.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 92 and therefore deny same.

93.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 93 and therefore deny same.

94.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 94 and therefore deny same.

95.     Defendants deny the allegations set forth in Paragraph 95.

96.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 96 and therefore deny same.

97.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 97 regarding what Plaintiff McCartney anticipates or his state of mind and therefore deny same.  Defendants deny the remainder of the allegations set forth in Paragraph 97.

### *Plaintiff Tyrone Villacis' Experience*

98.     Defendants admit that Plaintiff Villacis provided private information to Canon in connection with his employment, but deny the implication in Paragraph 98 that such information was a specific requirement of his employment or that it was part of any employment agreement.

99.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 99 and therefore deny same.

100.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 100 and therefore deny same.

101.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 101 and therefore deny same.

102.    Defendants deny the allegations set forth in Paragraph 102.

103.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 103 and therefore deny same.

104.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 104 regarding what Plaintiff Villacis anticipates or his state of mind and therefore deny same.  Defendants deny the remainder of the allegations set forth in Paragraph 104.

***Plaintiff Louis Pichardo's Experience***

105.    Defendants admit that Plaintiff Pichardo provided private information to Canon in connection with his employment, but deny the implication in Paragraph 105 that such information was a specific requirement of his employment or that it was part of any employment agreement.

106.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 106 and therefore deny same.

107.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 107 and therefore deny same.

108.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 108 and therefore deny same.

109.    Defendants deny the allegations set forth in Paragraph 109.

110.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 110 and therefore deny same.

111.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 111 and therefore deny same.

112.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 112 regarding what Plaintiff Pichardo anticipates or his state of mind and therefore deny same.  Defendants deny the remainder of the allegations set forth in Paragraph 112.

### *Plaintiff Andre Hamid's Experience*

113.    Defendants admit that Plaintiff Andre Hamid provided private information to Canon in connection with his employment, but deny the implication in Paragraph 113 that such information was a specific requirement of his employment or that it was part of any employment agreement.

114.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 114 and therefore deny same.

115.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 115 and therefore deny same.

116.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 116 and therefore deny same.

117.    Defendants deny the allegations set forth in Paragraph 117.

118.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 118 and therefore deny same.

119.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 119 and therefore deny same.

120.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 120 regarding what Plaintiff Andre Hamid anticipates or

his state of mind and therefore deny same.  Defendants deny the remainder of the allegations set forth in Paragraph 120.

### Plaintiff Amy Lynn Hamid's Experience

121.    Defendants admit the allegations set forth in Paragraph 121.

122.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 122 and therefore deny same.

123.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 123 and therefore deny same.

124.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 124 and therefore deny same.

125.    Defendants deny the allegations set forth in Paragraph 125.

126.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 126 regarding what Plaintiff Amy Lynn Hamid anticipates or her state of mind and therefore deny same.  Defendants deny the remainder of the allegations set forth in Paragraph 126.

### Plaintiff Woodrow Moss's Experience

127.    Defendants admit that Plaintiff Moss provided private information to Canon in connection with his employment, but deny the implication in Paragraph 127 that such information was a specific requirement of his employment or that it was part of any employment agreement.

128.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 128 and therefore deny same.

129.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 129 and therefore deny same.

130.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 130 and therefore deny same.

131.     Defendants deny the allegations set forth in Paragraph 131.

132.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 132 and therefore deny same.

133.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 133 and therefore deny same.

134.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 134 regarding what Plaintiff Moss anticipates or his state of mind and therefore deny same.  Defendants deny the remainder of the allegations set forth in Paragraph 134.

### Plaintiff Diana Rouse's Experience

135.     Defendants admit that Plaintiff Rouse provided private information to Canon in connection with his employment, but deny the implication in Paragraph 135 that such information was a specific requirement of his employment or that it was part of any employment agreement.

136.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 136 and therefore deny same.

137.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 137 and therefore deny same.

138.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 138 and therefore deny same.

139.     Defendants deny the allegations set forth in Paragraph 139.

140.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 140 and therefore deny same.

141.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 141 and therefore deny same.

142.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 142 regarding what Plaintiff Rouse anticipates or her state of mind and therefore deny same.  Defendants deny the remainder of the allegations set forth in Paragraph 142.

## V. AS TO CLASS ALLEGATIONS

143.    Defendants admit that Plaintiffs purport to bring this nationwide class action on behalf of themselves and on behalf of all others similarly situated pursuant to the applicable Rules of Civil Procedure as they allege in Paragraph 143, but deny the substance of the allegations or that class treatment is appropriate.

144.    Defendants admit that Plaintiffs seek to represent a Nationwide Class as they allege in Paragraph 144, but deny the substance of the allegations or that class treatment is appropriate.

145.    Defendants admit that Plaintiffs Finnigan, Buchbinder, McCartney, Villacis, Pichardo, Andre Hamid, Ross, and Rouse assert claims on behalf of a separate subclass as an alternative to a Nationwide Class as they allege in Paragraph 145, but deny the substance of the allegations or that class treatment or subclass treatment is appropriate.

146.    Defendants admit that Plaintiff Amy Lynn Hamid asserts claims on behalf of a separate subclass as an alternative to a Nationwide Class as she alleges in Paragraph 146, but deny the substance of the allegations or that class treatment or subclass treatment is appropriate.

147.     Defendants admit that Plaintiffs Buchbinder and McCartney assert claims on behalf of a separate subclass as an alternative to a Nationwide Class as they allege in Paragraph 147, but deny the substance of the allegations or that class treatment or subclass treatment is appropriate

148.     Defendants admit that Plaintiffs Finnigan and Moss assert claims on behalf of a separate subclass as an alternative to a Nationwide Class as they allege in Paragraph 148, but deny the substance of the allegations or that class treatment or subclass treatment is appropriate.

149.     Defendants admit that Plaintiff Rouse asserts claims on behalf of a separate subclass as an alternative to a Nationwide Class as she alleges in Paragraph 149, but deny the substance of the allegations or that class treatment or subclass treatment is appropriate.

150.     Defendants admit that Plaintiffs Villacis and Pichardo assert claims on behalf of a separate subclass as an alternative to a Nationwide Class as they allege in Paragraph 150, but deny the substance of the allegations or that class treatment or subclass treatment is appropriate.

151.     Defendants admit that Plaintiffs seek to exclude certain individuals and/or entities from their proposed Classes as they allege in Paragraph 151, but deny the premise that any class treatment is appropriate.

152.     Defendants admit that Plaintiffs purport to reserve the right to modify or amend the definition of their proposed classes before the Court determines whether certification is appropriate as they allege in Paragraph 152, but deny the premise that any class treatment is appropriate.

153.     Defendants deny the allegations set forth in Paragraph 153.

154.     Defendants deny the allegations set forth in Paragraph 154, including all subparts.

155.     Defendants deny the allegations set forth in Paragraph 155.

156.     Defendants deny the allegations set forth in Paragraph 156.

157.     Defendants deny the allegations set forth in Paragraph 157.

158.    Defendants deny the allegations set forth in Paragraph 158.

159.    Defendants deny the allegations set forth in Paragraph 159.

160.    Defendants deny the allegations set forth in Paragraph 160.

161.    Defendants deny the allegations set forth in Paragraph 161.

162.    Defendants deny the allegations set forth in Paragraph 162.

163.    Defendants deny the allegations set forth in Paragraph 163.

164.    Defendants deny the allegations set forth in Paragraph 164, including all subparts.

**AS TO COUNT I**
**NEGLIGENCE**
**(On Behalf of Plaintiffs and the Nationwide Class)**
***CLAIM DISMISSED FOR ALL PLAINTIFFS OTHER THAN PLAINTIFF ROUSE***

165.    Defendants repeat and reallege each and every response to the prior allegations as if the same were set forth herein at length.  Further answering, the Court has dismissed the negligence claims of all Plaintiffs other than Plaintiff Rouse.

166.    Defendants deny the allegations set forth in Paragraph 166.

167.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 167 regarding Plaintiffs' or the purported Nationwide Class's understanding regarding PII and therefore deny same.  Defendants further deny the implication that Defendants did not safeguard the information, use the PII for anything other than business purposes, or disclosed PII to third parties.

168.    Defendants deny the allegations set forth in Paragraph 168.

169.    Defendants admit that they knew the failure to exercise due care in collecting, storing, and using PII involved potential risk of harm to Plaintiffs and employees, but deny they failed to exercise due care and deny the remainder of the allegations set forth in Paragraph 169.

170.     The allegations set forth in Paragraph 170 are legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 170 and deny that they breached any duties owed to Plaintiffs.

171.     The allegations set forth in Paragraph 171 are legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 171 and deny that they breached any duties owed to Plaintiffs.

172.     The allegations set forth in Paragraph 172 are legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 172 and deny that they breached any duties owed to Plaintiffs.

173.     The allegations set forth in Paragraph 173 are legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 173 and deny that they breached any duties owed to Plaintiffs.

174.     The allegations set forth in Paragraph 174 are legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 174 and deny that they breached any duties owed to Plaintiffs.

175.     Defendants deny the allegations set forth in Paragraph 175.

176.     Defendants deny the allegations set forth in Paragraph 176.

177.     Defendants deny the allegations set forth in Paragraph 177.

178.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 178 and therefore deny same.

179.     Defendants deny the allegations set forth in Paragraph 179.

180.     The allegations set forth in Paragraph 180 are legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations set forth in Paragraph 180 and deny that they breached any duties owed to Plaintiffs.

181.     The allegations set forth in Paragraph 181 are legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny that they breached any duties owed to Plaintiffs.

182.     Defendants deny the allegations set forth in Paragraph 182.

183.     Defendants deny the allegations set forth in Paragraph 183.

184.     Defendants deny the allegations set forth in Paragraph 184.

185.     Defendants deny the allegations set forth in Paragraph 185.

186.     Defendants deny the allegations set forth in Paragraph 186.

187.     Defendants deny the allegations set forth in Paragraph 187.

188.     Defendants deny the allegations set forth in Paragraph 188.

189.     Defendants deny the allegations set forth in Paragraph 189.

190.     Defendants deny the allegations set forth in Paragraph 190.

191.     Defendant admits that Section 5 of the FTC Act prohibits certain conduct and that the FTC has promulgated certain regulations, all of which speak for themselves.  Defendants deny any implication of violation of Section 5 of the FTC Act or applicable regulations as set forth in Paragraph 191.

192.     Defendants deny the allegations set forth in Paragraph 192.

193.     Defendants deny the allegations set forth in Paragraph 193 and state that the Court has dismissed Plaintiffs' negligence *per se* claim.

194.    Defendants deny the allegations set forth in Paragraph 194 and state that the Court has dismissed Plaintiffs' negligence *per se* claim.

195.    Defendants deny the allegations set forth in Paragraph 195 and state that the Court has dismissed Plaintiffs' negligence *per se* claim.

196.    Defendants deny the allegations set forth in Paragraph 196 and state that the Court has dismissed Plaintiffs' negligence *per se* claim.

197.    Defendants deny the allegations set forth in Paragraph 197 and state that the Court has dismissed Plaintiffs' negligence *per se* claim.

198.    Defendants deny the allegations set forth in Paragraph 198 and state that the Court has dismissed Plaintiffs' negligence *per se* claim.

## AS TO COUNT II
### BREACH OF IMPLIED CONTRACT
**(On behalf of Plaintiffs Finnigan, Buchbinder, McCartney, Villacis, Pichardo, Andre Hamid, Moss, and Rouse and the Employees Class)**

199.    Defendants repeat and realleges each and every response to the prior allegations as if the same were set forth herein at length.

200.    Defendants deny the allegations set forth in Paragraph 200.

201.    Defendants deny the allegations set forth in Paragraph 201.

202.    Defendants deny the allegations set forth in Paragraph 202.

203.    Defendants deny the allegations set forth in Paragraph 203.

204.    Defendants deny the allegations set forth in Paragraph 204.

## AS TO COUNT III
### THIRD PARTY BENEFICIARY CLAIM
**(On behalf of Plaintiff Amy Lynn Hamid and the Beneficiaries and Dependents Class)**

205.    Defendants repeat and realleges each and every response to the prior allegations as if the same were set forth herein at length.

206.    Defendants deny the allegations set forth in Paragraph 206.

207.    Defendants deny the allegations set forth in Paragraph 207.

208.    Defendants deny the allegations set forth in Paragraph 208.

209.    Defendants deny the allegations set forth in Paragraph 209.

210.    Defendants deny the allegations set forth in Paragraph 210.

211.    Defendants deny the allegations set forth in Paragraph 211.

212.    Defendants deny the allegations set forth in Paragraph 212.

**AS TO COUNT IV**
**INVASION OF PRIVACY**
**(On behalf of Plaintiffs and the Nationwide Class)**
***CLAIM DISMISSED***

213-224.    Plaintiffs have withdrawn Count IV and conceded to its dismissal.  (Dkt. 34 at 18; Dkt. 40 at 4.)  Defendants therefore need not respond to the allegations of Count IV.  To the extent it becomes necessary, Defendants repeat and realleges each and every response to the prior allegations as if the same were set forth herein at length and deny all allegations set forth in Paragraphs 214 through 224.

**AS TO COUNT V**
**BREACH OF CONFIDENCE**
**(On behalf of Plaintiffs and the Nationwide Class)**
***CLAIM DISMISSED***

225-236.    The Court has dismissed Count V of the Complaint.  (Dkt. 40.)  Defendants therefore need not respond to the allegations of Count V.  To the extent it becomes necessary, Defendants repeat and reallege each and every response to the prior allegations as if the same were set forth herein at length and deny all allegations set forth in Paragraphs 226 through 236.

**AS TO COUNT VI**
**VIOLATIONS OF THE NEW YORK GENERAL BUSINESS LAW § 349**
**(On behalf of Plaintiffs and the Nationwide Class, Or, Alternatively, Plaintiffs Buchbinder**
**and McCartney and the New York Class)**
***CLAIM DISMISSED***

237-245.    Plaintiffs have withdrawn Count VI and conceded to its dismissal. (Dkt. 34 at 18; Dkt. 40 at 4.) Defendants therefore need not respond to the allegations of Count VI. To the extent it becomes necessary, Defendants repeat and reallege each and every response to the prior allegations as if the same were set forth herein at length and deny all allegations set forth in Paragraphs 238 through 245.

**AS TO COUNT VII**
**VIOLATIONS OF THE CONSUMER SALES PRACTICES ACT ("CSPA')**
**OHIO STAT. § 1345.02 ET SEQ. AND OHIO CONSUMER PROTECTION LAW**
**§ 1349.19**
**(On behalf of Plaintiffs Finnigan and Moss and the Ohio Class)**
***CLAIM DISMISSED***

246-259.    Plaintiffs have withdrawn Count VII and conceded to its dismissal. (Dkt. 34 at 18; Dkt. 40 at 4.) Defendants therefore need not respond to the allegations of Count VII. To the extent it becomes necessary, Defendants repeat and reallege each and every response to the prior allegations as if the same were set forth herein at length and deny all allegations set forth in Paragraphs 247 through 259.

**AS TO COUNT VIII**
**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW**
**CAL. BUS. & PROF. CODE § 17200, *et seq.* - UNLWAWFUL BUSINESS PRACTICESES**
**AND DECEPTIVE BUSINESS PRACTICES ACT**
**(On behalf of Plaintiffs and the Nationwide Class or Alternatively,**
**Plaintiff Rouse and the California Class)**
***CLAIM DISMISSED***

260-269.    The Court has dismissed Plaintiffs' claims for violations of California's Unfair Competition Law claims, including Count VIII of the Complaint. (Dkt. 40.) Defendants therefore need not respond to the allegations of Count VIII. To the extent it becomes necessary,

Defendants repeat and reallege each and every response to the prior allegations as if the same were set forth herein at length and deny all allegations set forth in Paragraphs 261 through 269.

### AS TO COUNT IX
**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW**
**CAL. BUS. & PROF. CODE § 17200, *et seq.* - UNFAIR BUSINESS PRACTICESES AND DECEPTIVE BUSINESS PRACTICES ACT**
**(On behalf of Plaintiffs and the Nationwide Class or Alternatively, Plaintiff Rouse and the California Class)**
***CLAIM DISMISSED***

270-278.        The Court has dismissed Plaintiffs' claims for violations of California's Unfair Competition Law claims, including Count IX of the Complaint.  (Dkt. 40.)  Defendants therefore need not respond to the allegations of Count IX.  To the extent it becomes necessary, Defendants repeat and reallege each and every response to the prior allegations as if the same were set forth herein at length and deny all allegations set forth in Paragraphs 271 through 278.

### AS TO COUNT X
**VIOLATION OF CALIFORNIA'S CONSUMER PRIVACY ACT**
**CAL. CIV. CODE § 1798.150**
**(On behalf of Plaintiff Rouse and the California Class)**
***CLAIM DISMISSED***

279-286.        The Court has dismissed Count X of the Complaint.  (Dkt. 40.)  Defendants therefore need not respond to the allegations of Count X.  To the extent it becomes necessary, Defendants repeat and reallege each and every response to the prior allegations as if the same were set forth herein at length and deny all allegations set forth in Paragraphs 280 through 286.

### AS TO COUNT XI
**VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT ("FDUTPA") FLA. STAT.  § 501.201 *ET SEQ.***
**(On behalf of Plaintiffs Villacis and Pichardo and the Florida Class)**
***CLAIM DISMISSED***

287-298.        The Court has dismissed Count XI of the Complaint.  (Dkt. 40.)  Defendants therefore need not respond to the allegations of Count XI.  To the extent it becomes necessary,

Defendants repeat and reallege each and every response to the prior allegations as if the same were set forth herein at length and deny all allegations set forth in Paragraphs 288 through 298.

WHEREFORE, Defendants respectfully request that the Court dismiss the Complaint in its entirety with prejudice, and that it enter a take-nothing judgment against Plaintiffs and the putative class, and awarding Defendants such other and further relief, whether legal or equitable, that the Court deems just and proper.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants set forth the following Affirmative and Other Defenses without waiving their right to put the Plaintiffs to their proofs and without assuming any burden of proof not otherwise imposed upon Defendants:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs lack standing to assert one or more of the claims alleged because they have not suffered any injury-in-fact that can be fairly traced to the incident complained of.

### THIRD DEFENSE

Plaintiffs' claims are barred, in whole or part, by failure of consideration for an alleged contract for data security and/or protection as alleged in the Complaint.

### FOURTH DEFENSE

Defendants acted in accordance with its responsibilities under all applicable laws and regulations.

**FIFTH DEFENSE**

This alleged class action fails to meet the requirements of Fed. R. Civ. P. 23 and is therefore not eligible for class certification.

**SIXTH DEFENSE**

Plaintiffs' claims are barred, in whole or part, by the statute of frauds, in that they are based on alleged promises or statements that were not reduced to writing between the parties.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or part, by the doctrine of election of remedies, because they seek inconsistent and conflicting relief that will more than make them whole.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred, in whole or part, because they have not suffered actual damages by the misconduct alleged in the Consolidated Amended Class Action Complaint.

**NINTH DEFENSE**

Plaintiffs' claims for damages against Defendants must be reduced, in whole or part, by an appropriate set off to the extent that Plaintiffs or certain of them owe or have due any amounts to Defendants as of the time of any judgment entered in this case.

**TENTH DEFENSE**

Plaintiff Rouse's negligence claim (the only negligence claim remaining) is barred, in whole or part, by the doctrines of contributory and/or comparative negligence, in that her own negligent actions (or those of a known or unknown third party) may have contributed to any alleged damages she claims to have suffered in the Complaint.

**ELEVENTH DEFENSE**

The incident complained of was caused by third parties over whom Defendants had no control.

**TWELFTH DEFENSE**

Plaintiffs' claims are barred, in whole or part, because the statutes and/or regulations that form the basis for these claims do not provide for a private right of action.

**THIRTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or part, by the doctrine of intervening and/or superseding causation, including but not limited to the fact that Defendants did not commit the actions alleged to have resulted in the claimed harm alleged in the Complaint.

**FOURTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or part, to the extent they have failed to join necessary and indispensable parties to this action.

**FIFTEENTH DEFENSE**

Some or all of the claims of Plaintiffs and putative class members may be barred in whole or in part by their failure to mitigate their damages, if any.

**SIXTEENTH DEFENSE**

Some or all of the putative class members lack standing to assert their alleged claims against Defendants.

**SEVENTEENTH DEFENSE**

Plaintiffs' Complaint fails to state facts sufficient to constitute a claim for recovery of attorneys' fees.

**EIGHTEENTH DEFENSE**

Plaintiffs and the putative class are not entitled to recover pre-judgment interest because their alleged damages are not certain or capable of being made certain by any calculation.

**NINETEENTH DEFENSE**

Plaintiffs' claims violate Defendants' due process rights under the United States Constitution in that, among other things, by attempting to aggregate what are in reality potentially numerous individual claims arising out of widely disparate facts, plaintiff seeks to deprive Defendants of traditional means of establishing that its conduct was not the cause of the claimed injuries.

**TWENTIETH DEFENSE**

Plaintiffs' claims for equitable relief are barred, in whole or in part, because Plaintiffs have an adequate remedy at law.

**TWENTY-FIRST DEFENSE**

Plaintiffs' claims are barred by the doctrines of equitable estoppel, waiver, and/or laches.

**TWENTY-SECOND DEFENSE**

The Complaint should be dismissed against Defendants Canon Medical Components U.S.A., Inc. and Canon Information Technology Services, Inc. for failure of service.

**TWENTY-THIRD DEFENSE**

To the extent Plaintiffs or any putative class member have suffered any injury or damage, such injury or damage were not proximately caused by any act or omission of Defendants and/or were caused or proximately caused by some person or third party other than Defendants for whom Defendants are not legally responsible.

**TWENTY-FOURTH DEFENSE**

Some or all of the claims of Plaintiffs and the putative class members may be barred, in whole or in part, by the applicable statute of limitations.

Defendants hereby reserve and assert all affirmative and other defenses available under any applicable federal or state law.  Defendants presently have insufficient knowledge or information upon which to form a belief as to whether it may have other, as yet unstated, affirmative defenses available.  Therefore, Defendants reserve their right to assert additional defenses in the event that discovery indicates that they would be appropriate.

## JURY DEMAND

Defendants hereby demands a trial by jury by the maximum number of jurors allowable.

Dated: New York, New York
     April 11, 2022

Respectfully submitted,

BAKER & HOSTETLER LLP

By: */s/ Eric R. Fish*
    Eric R. Fish
    Email: efish@bakerlaw.com
    Robyn M. Feldstein
    Email: rfeldstein@bakerlaw.com
    45 Rockefeller Plaza
    New York, NY  10111
    Telephone: (212) 589-4200
    Facsimile: (212) 589-4201

    Paul G. Karlsgodt (*pro hac vice*)
    Email: pkarlsgodt@bakerlaw.com
    BAKER & HOSTETLER LLP
    1801 California Street
    Suite 4400
    Denver, CO 80202-2662
    Telephone: (303) 861-0600
    Facsimile: (301) 861-7805

    *Attorneys for Defendants Canon U.S.A., Inc.*
    *(individually and as successor to Canon*

*Information and Imaging Solutions, Inc.),*
*Canon Solutions America, Inc., Canon Software*
*America, Inc., Canon Financial Services, Inc.,*
*Canon Medical Components U.S.A., Inc.,*
*Canon Information Technology Services, Inc.,*
*and NT-ware USA, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that on April 11, 2022, he caused a true and correct copy of the foregoing **Answer and Defenses to Consolidated Amended Class Action Complaint** to be filed electronically.  Notice of this filing will be sent to all parties registered on this Court's ECF system by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


*/s/ Eric R. Fish* _____