# <u>EXHIBIT 1</u>

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE: CANON U.S.A. DATA BREACH LITIGATION<br><br>This Documents Related To:<br><br>All Actions | Case No. 1:20-cv-06239-AMD-SJB |

## <u>SETTLEMENT AGREEMENT</u>

This Settlement Agreement, dated January 25, 2023, is made and entered into by and among: (1) Plaintiffs Michael Finnigan, Kenneth Buchbinder, Brian McCartney, Tyrone Villacis, Luis Pichardo, Andrew Hamid, Amy Lynn Hamid, Woodrow Moss, and Diana Rouse (collectively, "Representative Plaintiffs"); and (2) Canon U.S.A., Inc., Canon Solutions America, Inc., Canon Software America, Inc., Canon Information and Imaging Solutions, Inc., Canon Financial Services, Inc., Canon Medical Components U.S.A., Inc., Canon Information Technology Services, Inc., and NT-ware USA, Inc. (collectively, "Canon" or "Defendants"), (collectively, the "Parties").

### I.     BACKGROUND

1.     Canon is a leading provider of consumer, business-to-business, and industrial digital imaging solutions based in Melville, New York.

2.     This litigation arises from a Ransomware Attack suffered by Canon on or about August 4, 2020 (the "Ransomware Attack").   On August 6, 2020, Canon announced the Ransomware Attack to its employees. (Compl. ¶ 5.)  On November 24, 2020, after a preliminary

investigation, Canon sent a "Notice of Data Breach" to those employees who worked for Canon from 2005-2020, as well as their beneficiaries and dependents. (Compl. ¶ 6.)  Canon's Notice of Data Breach informed the relevant individuals that their information may have been exposed to unauthorized activity and that the information at issue included certain names, Social Security Numbers, driver's license numbers or government-issued identification numbers, financial account numbers provided for direct deposit, electronic signatures, and dates of birth (the "PII"). (Compl. ¶ 7.)  The Notice of Data Breach also provided one-year of free credit monitoring.  (*See* Compl. Ex. A, Notice of Data Breach.)

3.     After Canon provided notice of the Ransomware Attack, beginning on or around November 24, 2020, three separate class action complaints were filed in the Eastern District of New York: *Finnegan, et al. v. Canon U.S.A., Inc.*, 1:20-cv-06239-AMD-SJB"); *Hamid v. Canon U.S.A., Inc. et al.*, No. 1:20-cv-06380-AMD-SJB; and *Rouse, et al. v. Canon U.S.A.*, Inc. No. 2:21-cv-004140-SJF-ARL.  Those cases were all deemed related and on January 25, 2021, the cases were consolidated.  (ECF 9).

4.     On January 28, 2021, Representative Plaintiffs filed a motion for the appointment of interim class counsel.  (ECF 12).  On March 9, 2021, the Court entered an Order Appointing Interim Co-Lead Class Counsel and Executive Committee ("Interim Class Counsel"). (ECF 19).

5.     On April 23, 2021, a Consolidated Class Action Complaint was filed. (ECF 22) (the "Complaint").

6.     On July 12, 2022, Canon filed a Motion to Dismiss the Complaint. (ECF 27-28).

7.     On August 2, 2022, Representative Plaintiffs filed a Consolidated Amended Class Action Complaint (the "Amended Complaint"). (ECF 30).

8.    On August 25, 2022, Canon filed a Motion to Dismiss the Amended Complaint (the "Motion"). (ECF 31-32).

9.    On March 15, 2022, United States District Judge Ann M. Donnelly issued a Memorandum Decision and Order denying in part and granting in part the Motion to Dismiss. (ECF 40).

10.    On April 12, 2022, Canon timely filed an Answer to the remaining allegations and claims in the Amended Complaint. (ECF 43).

11.    On April 19, 2022, the Parties appeared for a status conference before the Honorable Sanket J. Bulsara, U.S.M.J.  Pursuant to an Order entered by Judge Bulsara, the Parties advised the Court on May 6, 2022 that they would participate in private mediation. (ECF 46)

12.    On June 22, 2022, the Parties participated in a full-day mediation with Mediator Bennett J. Picker.  Although the Parties did not settle during mediation, they continued to discuss resolution with the help of the Mediator.

13.    The Parties reached an agreement in principal and are now finalizing the terms with this Settlement Agreement.

14.    Pursuant to the terms set out below, this Settlement Agreement provides for the resolution of all claims and causes of action asserted, or that could have been asserted, against Canon and the Released Persons (as defined below) relating to the Ransomware Attack, by and on behalf of the Representative  Plaintiffs and Settlement Class Members (as defined below) and any other such actions by and on behalf of any other persons in the United States and relating to the Ransomware Attack.

15. The Parties have not reached an agreement on the amount of attorneys' fees, costs and expenses to be paid to Interim Class Counsel. Instead, Section 7 of this Settlement Agreement provides a process to resolve the issue of attorneys' fees, costs and expenses.

## II. REPRESENTATIVE PLAINTIFFS' CLAIMS AND BENEFITS OF SETTLING

16. Representative Plaintiffs believe the claims asserted in the Litigation, as set forth in the Amended Complaint, have merit. Representative Plaintiffs and Interim Class Counsel recognize and acknowledge, however, the expense and length of continued proceedings necessary to prosecute the litigation against Canon through motion practice, trial, and potential appeals. They have also considered the uncertain outcome and risk of further litigation as well as the difficulties and delays inherent in such litigation. Interim Class Counsel are experienced in class action litigation and are very knowledgeable regarding the relevant claims, the typical repercussions suffered by consumers following a security incident of the type at issue in this litigation, remedies, and issues generally in such litigation and in this Litigation. They have determined that the settlement set forth in this Settlement Agreement is fair, reasonable, and adequate, and in the best interest of Plaintiff and the Settlement Class.

## III. DENIAL OF WRONGDOING AND LIABILITY

17. Canon denies all the claims and contentions alleged against it (including all Defendants) in the Litigation and all charges of wrongdoing or liability as alleged, or which could be alleged, in the Litigation. Nonetheless, Canon has concluded that further conduct of the Litigation would be protracted and expensive and desires that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement. Canon has also considered the uncertainty and risks inherent in any litigation. Canon therefore

desires to settle the Litigation in the manner and upon the terms and conditions set forth in this Settlement Agreement.

## IV.    SETTLEMENT TERMS

**NOW, THEREFORE**, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, it is hereby agreed by and among the Class Representatives, individually and on behalf of the Settlement Class and Canon that, subject to the approval of the Court, the Litigation be forever resolved, settled, compromised, and dismissed with prejudice on the following terms and conditions:

1. **Definitions**

As used in the Settlement Agreement, the following terms have the meanings specified below:

1.1    "Agreement" or "Settlement Agreement" means this agreement.

1.2    "Approved Claims" means Settlement Claims in an amount approved by the Claims Administrator or found to be valid through the Dispute Resolution process.

1.3    "Claims Administration" means the processing and payment of claims received from Settlement Class Members by the Claims Administrator.

1.4    "Claims Administrator" means a company experienced in administering class action claims generally and specifically those of the type provided for and made in data incident litigation, to be mutually agreed upon by Canon and Representative Plaintiffs, and approved by the Court.  The Parties agree to Epiq as an appropriate Claims Administrator subject to its availability and approval by the Court.

1.5    "Claims Deadline" means the postmark deadline for valid claims pursuant to ¶ 2.4.

1.6     "Claim Form" means the form that the Settlement Class Member must complete and submit on or before the Claim Deadline to be eligible for the benefits described herein. The Claim Form shall require a sworn signature or electronic verification under penalty of perjury, but shall not require a notarization. The Claim Form template is attached as **Exhibit A** to this Settlement Agreement.

1.7     "Costs of Claims Administration" means all actual costs associated with or arising from Claims Administration.

1.8     "Court" means the United States District Court for the Eastern District of New York.

1.9     "Data Incident" means the Ransomware Attack suffered by Canon in August 2020 (as described above) that potentially exposed personal information of past and present Canon employees.

1.10    "Dispute Resolution" means the process for resolving disputed Settlement Claims as set forth in this Agreement.

1.11    "Effective Date" means the first date by which all events and conditions specified in ¶ 1.12 and ¶ 9.1 herein have occurred and been met.

1.12    "Final" means the occurrence of all of the following events: (i) the settlement pursuant to this Settlement Agreement is approved by the Court; (ii) the Court has entered a Judgment (as that term is defined herein); and (iii) the time to appeal or seek permission to appeal from the Judgment has expired or, if appealed, the appeal has been dismissed in its entirety, or the Judgment has been affirmed in its entirety by the court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review. Notwithstanding the above, any order modifying or reversing any attorneys' fee award or service

award made in this case shall not affect whether the Judgment is "Final" as defined herein or any other aspect of the Judgment.

1.13    "Judgment" means a judgment rendered by the Court.

1.14    "Litigation" or "Action" means the consolidated action of *In re Canon Data Breach Litigation, Case No. 1:20-cv-06239-AMD-SJB*, which is pending in the U.S. District Court for the Eastern District of New York.

1.15    "Notice" means the written notice to be sent to the Settlement Class Members pursuant to the Preliminary Approval Order.

1.16    "Objection Date" means the date by which objections to the settlement from Settlement Class Members must be filed with the Clerk of Court in order to be effective and timely.

1.17    "Opt-Out Date" means the date by which requests for exclusion from settlement must be postmarked in order to be effective and timely.

1.18    "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, or assignees.

1.19    "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement and directing mailed notice to the Settlement Class of the pendency of the Action and of the Settlement, to be entered by the Court.

1.20    "Plaintiffs' Counsel" and "Interim Class Counsel" means John Yanchunis of Morgan & Morgan Complex Litigation Group and Gary M. Klinger of Milberg Coleman Bryson

Phillips Grossman, LLC ("Milberg"), who are appointed Co-Lead Counsel and Lori Feldman of George Gesten McDonald, PLLC who is appointed to the Executive Committee.

1.21    "Related Entities" means past or present parents, subsidiaries, divisions, related or affiliated entities, and subcontractors, and each of their respective predecessors, successors, directors, officers, employees, principals, agents, attorneys, insurers, and reinsurers of all Defendants.

1.22    "Released Claims" shall collectively mean any and all claims and causes of action that were or could have been asserted based on, relating to, concerning or arising out of the Data Incident, or the allegations, facts, or circumstances related to the Data Incident as described in the Litigation including, without limitation, any violations of New York, Florida, Ohio, California, and similar state consumer protection statutes; negligence; negligence *per se*; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; publicity given to private life; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief that either has been asserted, or could have been asserted, by any Settlement Class Member against any of the Released Persons based on, relating to, concerning or arising out of the Data Incident or the allegations, facts, or circumstances related to the Data Incident.  Released Claims shall include Unknown Claims as defined in ¶ 1.29.  Released Claims

shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

1.23    "Released Persons" means all Defendants, the Related Entities and each of their past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, directors, officers, employees, principals, agents, attorneys, insurers, and reinsurers.

1.24    "Representative Plaintiffs" means Michael Finnigan, Kenneth Buchbinder, Brian McCartney, Tyrone Villacis, Luis Pichardo, Andre Hamid, Amy Lynn Hamid, Woodrow Moss, and Diana Rouse.

1.25    "Settlement Claim" means a claim for settlement benefits made under the terms of this Settlement Agreement.

1.26    "Settlement Class" means all individuals residing in the United States whose PII was compromised in the Data Incident.  The Settlement Class specifically excludes: (i) Canon (including all Defendants) and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) the attorneys representing the Parties in the Litigation.

1.27    "Settlement Class Member(s)" means a Person(s) who falls within the definition of the Settlement Class.

1.28    "Settling Parties" means, collectively, Canon (including all Defendants) and Representative Plaintiffs, individually and on behalf of the Settlement Class.

1.29    "Unknown Claims" means any of the Released Claims that any Settlement Class Member, including Representative Plaintiffs, does not know or suspect to exist as of the date of the entry of the Preliminary Approval Order that, if known by him, might have affected his

settlement with, and release of, the Released Persons, or might have affected his decision not to object to and/or to participate in this Settlement Agreement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, Representative Plaintiffs expressly shall have, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Judgment, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Settlement Class Members, including Representative Plaintiffs, and any of them, may hereafter discover facts in addition to, or different from, those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but Representative Plaintiffs expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, upon the Effective Date, fully, finally and forever settled and released any and all Released Claims. The Settling Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

1.30    "United States" as used in this Settlement Agreement includes the District of Columbia and all states and territories of the United States of America.

**2.    Settlement Benefits**

2.1    <u>Ordinary Expense Reimbursement</u>.  All Settlement Class Members who submit a valid claim using the Claim Form (**Exhibit A** to this Settlement Agreement) are eligible to receive reimbursement for documented out-of-pocket losses that were incurred between August 4, 2020 and the date of this Settlement Agreement, if plausibly caused by the Data Incident, not to exceed $300 per Settlement Class Member, including: (i) cost to obtain credit reports; (ii) fees relating to a credit freeze; (iii) card replacement fees; (iv) late fees; (v) overlimit fees; (vi) interest on payday loans taken as a result of the Data Incident; (vii) other bank or credit card fees; (viii) postage, mileage, and other incidental expenses resulting from lack of access to an existing account; (ix) costs associated with credit monitoring or identity theft insurance purchased prior to the Effective Date of the Settlement, if purchased primarily as a result of the Data Incident (with reasonable documentation and an affirmative statement by Settlement Class Member that it was purchased primarily because of the Data Incident, and with proof of purchase); and (x) compensation for attested-to lost time spent monitoring accounts, reversing fraudulent charges, or otherwise dealing with the aftermath/cleanup of the Data Incident, at a rate of $20 for up to four (4) hours (attestation requires at least a narrative description of the activities performed during the time claimed and their connection to the Data Incident).

2.2    <u>Extraordinary Expense Reimbursement</u>.  Settlement Class Members are also eligible to receive extraordinary expense reimbursement, not to exceed $7,500 per Settlement Class Member, for monetary out-of-pocket losses that occurred more likely than not as a result of the Data Incident if: (a) it is an actual, documented, and unreimbursed monetary loss; (b) was caused by the Data Incident; (c) occurred during the time period from August 4, 2020, through and

including the end of the Claims Deadline (*see* ¶ 2.4); (d) is not an amount already covered by one or more of the categories in ¶ 2.1; (e) the claimant made reasonable efforts to avoid, or seek reimbursement for the loss, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance.  Settlement Class Members may only submit one claim for benefits under this paragraph ¶ 2.2 and the total of all amounts recovered under this paragraph shall not exceed $7,500 per Settlement Class Member.

2.3     <u>Credit Monitoring and Identity Protection.</u> Settlement Class Members are eligible to receive two (2) years of credit monitoring services, which includes three bureau credit monitoring and alerts.  This is in addition to the credit monitoring services previously offered to individuals who were notified of the Data Incident.  Settlement Class Members must affirmatively request credit monitoring by indicating such request on the Claim Form, and codes will be sent either to an e-mail address provided by the Settlement class member or, if they do not have an e-mail address, mailed to the address provided on the claim form.

2.4     Canon will fund the reimbursement provided under ¶¶ 2.1, 2.2, and 2.3. Additionally, Settlement Class Members seeking reimbursement under ¶¶ 2.1, 2.2, or 2.3 must complete and submit a written Claim Form to the Claims Administrator, postmarked on or before the 120th day after the deadline for the completion of Notice to Settlement Class Members as set forth in ¶ 3.2 (the "Claims Deadline").  The Notice to the class will specify this deadline and other relevant dates described herein.

2.4.1     The Claim Form must be verified by the Settlement Class Member with a statement that his or her claim is true and correct, to the best of his or her knowledge and belief, and is being made under penalty of perjury.  Notarization shall not be required.  The Settlement Class Member must reasonably attest that the out-of-pocket expenses and charges claimed were

both actually incurred and plausibly arose from the Data Incident.  Failure to provide supporting attestation and documentation as requested on the Claim Form shall result in denial of a claim. Disputes as to claims submitted under this paragraph are to be resolved pursuant to the provisions stated in ¶ 2.6.

2.4.2    Claimants seeking reimbursement for expenses or losses described in ¶¶ 2.1 or 2.2 must complete and submit the appropriate section of the Claim Form to the Claims Administrator, together with proof of such losses. Claimants must provide the Claims Administrator with sufficient information to evaluate the claim, including (1) the class member's name and current address; (2) documentation supporting their claim; (3) a brief description of the documentation describing the nature of the loss if the nature of the loss is not apparent from the documentation alone; and (4) attestation from the claimant that they were not subject to another data breach incident during the relevant time period.  Documentation supporting out-of-pocket losses can include receipts or other documentation not "self-prepared" by the class member that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity to or support other submitted documentation.

2.4.3    Nothing in this Settlement Agreement shall be construed to provide for a double payment for the same loss or injury that was reimbursed or compensated by any other source.

2.4.4    To be valid, claims must be complete and submitted to the Claims Administrator on or before the Claims Deadline.

2.4.5    No payment shall be made for emotional distress, personal/bodily injury, or punitive damages, as all such amounts are not recoverable pursuant to the terms of the Settlement Agreement.

2.5    Equitable Relief.

Canon agrees to maintain at a minimum, for a period of one (1) year following final approval of the settlement, enhanced security practices and procedures that were implemented following the Data Incident, including deployment of endpoint detection and response tools to its servers and workstations; engagement of a third-party security operations center to provide constant monitoring of its network; a local administrator password vault solution; and multi-factor authentication and application control for access to domain controllers.

2.6    Dispute Resolution for Claims.

2.6.1    The Claims Administrator, in its sole discretion to be reasonably exercised, will determine whether: (1) the claimant is a Settlement Class Member; (2) the claimant has provided all information needed to complete the Claim Form, including any documentation that may be necessary to reasonably support the claimant's class membership and the expenses described in ¶¶ 2.1 and 2.2; and (3) the information submitted could lead a reasonable person to conclude that more likely than not the claimant has suffered the claimed losses as a result of the Data Incident (collectively, "Facially Valid").  The Claims Administrator may, at any time, request from the claimant, in writing, additional information ("Claim Supplementation") as the Claims Administrator may reasonably require to evaluate the claim, *e.g.*, documentation requested on the Claim Form, information regarding the claimed losses, available insurance and the status of any claims made for insurance benefits, and claims previously made for identity theft and the resolution thereof.

2.6.2    Upon receipt of an incomplete or unsigned Claim Form or a Claim Form that is not accompanied by sufficient documentation to determine whether the claim is Facially Valid, the Claims Administrator shall request additional information ("Claim Supplementation") and give the claimant thirty (30) days to cure the defect before rejecting the claim.  Requests for Claim Supplementation shall be made within thirty (30) days of receipt of such Claim Form or thirty (30) days from the Effective Date, whichever comes later.   In the event of unusual circumstances interfering with compliance during the 30-day period, the claimant may request and, for good cause shown (illness, military service, out of the country, mail failures, lack of cooperation of third parties in possession of required information, etc.), shall be given a reasonable extension of the 30-day deadline in which to comply; however, in no event shall the deadline be extended to later than one year from the Effective Date.  If the defect is not cured, then the claim will be deemed invalid and there shall be no obligation to pay the claim.

2.6.3    Following receipt of additional information requested as Claim Supplementation, the Claims Administrator shall have thirty (30) days to accept, in whole or lesser amount, or reject each claim.  If, after review of the claim and all documentation submitted by the claimant, the Claims Administrator determines that such a claim is Facially Valid, then the claim shall be paid.  If the claim is not Facially Valid because the claimant has not provided all information needed to complete the Claim Form and evaluate the claim, then the Claims Administrator may reject the claim without any further action.

2.6.4    Settlement Class Members shall have thirty (30) days from receipt of the offer to accept or reject any offer of partial payment received from the Claims Administrator. If a Settlement Class Member rejects an offer from the Claims Administrator, the Claims

Administrator shall have fifteen (15) days to reconsider its initial adjustment amount and make a final determination.

2.7     Settlement Expenses.  All costs for notice to the Settlement Class as required under ¶¶ 3.1 and 3.2, Costs of Claims Administration under ¶¶ 8.1, 8.2, and 8.3, and the costs of Dispute Resolution described in ¶ 2.6, shall be paid by Canon.

2.8     Settlement Class Certification.  The Settling Parties agree, for purposes of this settlement only, to the certification of the Settlement Class.  If the settlement set forth in this Settlement Agreement is not approved by the Court, or if the Settlement Agreement is terminated or canceled pursuant to the terms of this Settlement Agreement, this Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Class had never been certified, without prejudice to any Person's or Settling Party's position on the issue of class certification or any other issue.  The Settling Parties' agreement to the certification of the Settlement Class is also without prejudice to any position asserted by the Settling Parties in any other proceeding, case or action, as to which all of their rights are specifically preserved.

2.9     Confidentiality of Information Submitted by Settlement Class Members.  Information submitted by Settlement Class Members pursuant to this Settlement Agreement shall be deemed confidential and protected as such by Canon and the Claims Administrator.

**3.     Order of Preliminary Approval and Publishing of Notice of Fairness Hearing**

3.1     As soon as practicable after the execution of the Settlement Agreement, Interim Class Counsel and counsel for Canon shall jointly submit this Settlement Agreement to the Court and file a motion for preliminary approval of the settlement with the Court requesting entry of a Preliminary Approval Order requesting, *inter alia:*

a)      certification of the Settlement Class for settlement purposes only pursuant to ¶ 2.8;

b)      preliminary approval of the Settlement Agreement as set forth herein;

c)      the scheduling of a Final Fairness Hearing and briefing schedule for Motion For Final Hearing and Application for Class Representatives Service Award and Attorneys' Fees and Costs;

d)      appointment of Interim Class Counsel as Class Counsel;

e)      appointment of Representative Plaintiffs as Class Representatives;

f)      approval of a customary form of short notice to be mailed to Settlement Class Members ("Short-Form Notice") in a form substantially similar to the one attached hereto as **Exhibit B** and a customary long form notice ("Long-Form Notice") in a form substantially similar to the one attached hereto as **Exhibit C** which together shall include a fair summary of the parties' respective litigation positions, the general terms of the settlement set forth in the Settlement Agreement, instructions for how to object to or opt-out of the settlement, the process and instructions for making claims to the extent contemplated herein, and the date, time and place of the Final Fairness Hearing;

g)      appointment of a Claims Administrator, or such other provider of claims administrative service, as may be jointly agreed to by the Settling Parties; and

h)      approval of a claim form substantially similar to that attached hereto as **Exhibit A**.

The Notice and Claim Form shall be reviewed by the Claims Administrator and may be revised as agreed upon by the Settling Parties prior to such submission to the Court for approval.

3.2      Canon shall pay for all of the costs associated with the Claims Administrator and for providing Notice to the Settlement Class in accordance with the Preliminary Approval Order as well as the costs of such notice.  Attorneys' fees, costs, and expenses of Interim Class Counsel, and a service award to Class Representatives (if permitted), shall be paid by Canon as set forth in ¶ 7 below, subject to Court approval.  Notice shall be provided to class members in accordance with the Notice plan set forth in the Motion for Preliminary Approval.  The Notice plan shall be subject to approval by the Court as meeting constitutional due process requirements.  The Claims Administrator shall establish a dedicated settlement website and shall maintain and update the

website throughout the claim period, with the Notice and Claim Form approved by the Court, as well as this Settlement Agreement. A toll-free help line staffed with a reasonable number of live operators shall be made available to address Settlement Class Members' inquiries.  The Claims Administrator also will provide copies of the forms of the Notice and Claim Form approved by the Court, as well as this Settlement Agreement, upon request.  Prior to the Final Fairness Hearing, Interim Class Counsel and/or Canon's counsel shall cause to be filed with the Court an appropriate affidavit or declaration with respect to complying with this provision of Notice.  The Notice and Claim Form approved by the Court may be adjusted by the Claims Administrator, respectively, in consultation and agreement with the Settling Parties, as may be reasonable and not inconsistent with such approval.  The Notice Program shall commence within thirty (30) days after entry of the Preliminary Approval Order and shall be completed within sixty (60) days after entry of the Preliminary Approval Order.

3.3     Interim Class Counsel and Canon's counsel shall request that after notice is completed, the Court hold a hearing (the "Final Fairness Hearing") and grant final approval of the settlement set forth herein.

3.4     Canon will also cause the Claims Administrator to provide (at Canon's expense) notice to the relevant state and federal governmental officials as required by the Class Action Fairness Act.

**4.          Opt-Out Procedures**

4.1     Each Person wishing to opt-out of the Settlement Class shall individually sign and timely submit written notice of such intent to the designated Post Office box established by the Claims Administrator.  Persons wishing to opt-out of the Settlement Class will only be able to submit an opt-out request on their own behalf; mass or class opt-outs will not be permitted.  The

written notice must clearly manifest a Person's intent to be excluded from the Settlement Class. To be effective, written notice must be postmarked no later than one hundred twenty (120) days after the date on which the Notice Program commences pursuant to ¶ 3.2.

4.2     All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class, as set forth in ¶ 4.1 above, referred to herein as "Opt-Outs," shall not receive any benefits of and/or be bound by the terms of this Settlement Agreement.  All Persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class in the manner set forth in ¶ 4.1 above shall be bound by the terms of this Settlement Agreement and Judgment entered thereon.

4.3      Within seven (7) days after the Opt-Out Date, the Claims Administrator shall furnish to Interim Class Counsel and Canon's counsel a complete list of all timely and valid requests for exclusion.

4.4     In the event that within ten (10) days after the Opt-Out Date as approved by the court, there have been more Opt-Outs (persons who wish to be excluded) than listed in a separate letter agreement (to be shared with the Court under seal, if requested), Canon may, by notifying Interim Class Counsel in writing, void this Settlement Agreement. If Canon voids this Settlement Agreement pursuant to this paragraph, Canon shall be obligated to pay all settlement expenses already incurred, excluding any attorney's fees, costs, and expenses of Interim Class Counsel and any incentive award.

**5.       Objection Procedures**

5.1     Each Settlement Class Member desiring to object to the Settlement Agreement shall submit a timely written notice of his or her objection by the Objection Date.  Such notice shall state: (i) the objector's full name, address, telephone number, and e-mail address (if any);

(ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class; (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of all counsel representing the objector; (v) a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; and (vi) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation). To be timely, written notice of an objection in the appropriate form must be filed with the Clerk of the Court for the U.S. District Court for the Eastern District of New York no later than one hundred twenty (120) days from the date on which the Notice Program commences pursuant to ¶ 3.2, and served concurrently on the Claims Administrator with copies to Interim Class Counsel.

5.2     Any Settlement Class Member who fails to comply with the requirements for objecting in ¶ 5.1 shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Litigation.  The exclusive means for any challenge to the Settlement Agreement shall be through the provisions of ¶ 5.1.  Without limiting the foregoing, any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

**6.     Releases**

6.1     Upon the Effective Date, each Settlement Class Member, including Representative Plaintiffs, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims.  Further, upon the Effective

Date, and to the fullest extent permitted by law, each Settlement Class Member, including Representative Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any Released Claim is asserted.

6.2     Upon the Effective Date, Canon shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged, Representative Plaintiffs, each and all of the Settlement Class Members, Interim Class Counsel and Plaintiffs' Counsel, of all claims, including Unknown Claims, based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims, except for enforcement of the Settlement Agreement. Any other claims or defenses Canon may have against such Persons including, without limitation, any claims based upon or arising out of any debtor-creditor, contractual, or other business relationship with such Persons that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims are specifically preserved and shall not be affected by the preceding sentence.

6.3     Notwithstanding any term herein, neither Canon, nor their Related Parties, shall have or shall be deemed to have released, relinquished, or discharged any claim or defense against any Person other than Representative Plaintiffs, each and all of the Settlement Class Members, Interim Class Counsel and Plaintiffs' Counsel.

**7.     Service Award to Representative Plaintiffs; Plaintiffs' Counsel's Attorneys' Fees, Costs, and Expenses**

7.1     Canon agrees to pay a service award to Representative Plaintiffs in an amount of $1,000 per Representative Plaintiff, or as otherwise approved by the Court. If the Court does not approve a service award, or a service award less than the negotiated amount, it will not be a basis for setting aside the settlement.

7.2     The Settling Parties did not discuss the payment of attorneys' fees, costs, and/or expenses, as provided for in ¶ 7.3, until after the substantive terms of the settlement had been agreed upon, other than that Canon would pay reasonable attorneys' fees, costs, expenses as may be agreed to by Canon and Interim Class Counsel and/or as ordered by the Court, or in the event of no agreement, then as ordered by the Court.  Canon and Interim Class Counsel have agreed that within 10 days of the entry of an order finally approving the settlement, Interim Class Counsel will file a motion for attorneys' fees, litigation costs, and expenses, to be paid by Canon separate from the settlement consideration and administrative costs.  Canon and/or any Class Member who has not opted out of the Settlement may file an opposition to the motion for fees within 20 days following the filing of the motion.  Plaintiffs' counsel may file a reply within 10 days from the date any opposition is filed.  The Court's decision on the amount of attorneys' fees, litigation costs, and expenses may be appealed by either Party.

7.3     Canon shall pay the Court-approved amount of attorneys' fees, costs, expenses, and service award to Representative Plaintiffs (if applicable) to an account established by Interim Class Counsel within thirty (30) days after the entry of an order of Final Approval, regardless of any appeal that may be filed or taken by any Party, Class Member or third party.  Interim Class Counsel will hold any fee award in trust pending any appeal and will repay to Canon  the amount of the award of attorneys' fees and costs in the event that the final approval order and final judgment are not upheld on appeal and, if only a portion of fees or costs (or both) is upheld,

Interim Class Counsel will repay to Canon the amount necessary to ensure the amount of attorneys' fees or costs (or both) comply with any court order.

7.4     Interim Class Counsel shall thereafter distribute the award of attorneys' fees, costs, and expenses, and service awards to Representative Plaintiffs consistent with ¶¶ 7.2 and 7.3.  If this Settlement Agreement is terminated or otherwise does not become Final (*e.g.*, disapproval by the Court or any appellate court), Canon shall have no obligation to pay attorneys' fees, costs, expenses, or service awards and shall only be required to pay costs and expenses related to notice and administration that were already incurred. Under no circumstances will Interim Class Counsel or any Class Member be liable for any costs or expenses related to notice or administration.

7.6     The amount(s) of any award of attorneys' fees, costs, and expenses, and the service awards to Representative Plaintiffs, are intended to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement  No order of the Court, or modification or reversal or appeal of any order of the Court, concerning the amount(s) of any attorneys' fees, costs, expenses, and/or service award ordered by the Court to Interim Class Counsel or Representative Plaintiffs shall affect whether the Judgment is Final or constitute grounds for cancellation or termination of this Settlement Agreement.

## 8.     Administration of Claims

8.1     The Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members under ¶ 2.  Interim Class Counsel and Canon shall be given reports as to both claims and distribution, and each shall have the right to review and obtain supporting documentation and challenge any such claim if either believes it to be inaccurate or inadequate. If the Claims Administrator is unable to make a determination regarding a particular claim, any claims agreed to be paid in full by Canon shall be deemed valid.  The Claims Administrator's final

determination of the validity or invalidity of any claims shall be binding, subject to the dispute resolution process set forth in ¶ 2.6.

8.2     Checks for approved claims shall be mailed and postmarked within sixty (60) days of the Effective Date, or within thirty (30) days of the date that the claim is approved, whichever is later.  No approved claims shall be paid until after the Effective Date.  If this Settlement Agreement is terminated or otherwise does not become Final (*e.g.*, disapproval by the Court or any appellate court) prior to the payment of approved claims, Canon shall have no obligation to pay such claims and shall only be required to pay costs and expenses related to notice and administration that were already incurred.

8.3     All Settlement Class Members who fail to timely submit a claim for any benefits hereunder within the time frames set forth herein, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments or benefits pursuant to the settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein and the Judgment.

8.4     No Person shall have any claim against the Claims Administrator, Canon, Interim Class Counsel, Plaintiff, and/or Canon's counsel based on distributions of benefits to Settlement Class Members.

### 9.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination

9.1     The Effective Date of the settlement shall be conditioned on the occurrence of all of the following events:

a)     the Court has entered the Order of Preliminary Approval and Publishing of Notice of a Final Fairness Hearing, as required by ¶ 3.1;

b)     Canon has not exercised its option to terminate the Settlement Agreement pursuant to ¶ 4.3;

    c)     the Court has entered the Judgment, granting final approval to the settlement as set forth herein; and

    d)     the Judgment has become Final, as defined in ¶ 1.12.

9.2     If all of the conditions specified in ¶ 9.1 hereof are not satisfied, the Settlement Agreement shall be canceled and terminated subject to ¶ 9.4 unless Interim Class Counsel and Canon's counsel mutually agree in writing to proceed with the Settlement Agreement.

9.3     If the Court rejects the Settlement Agreement or the Settlement Agreement is terminated in accordance with its terms, (i) the Litigation will recommence and the Settling Parties shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party or Settling Party's counsel, and (b) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.*  Notwithstanding any statement in this Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order reducing the amount of attorneys' fees, costs, expenses, and/or service awards shall constitute grounds for cancellation or termination of the Settlement Agreement.  Further, notwithstanding any statement in this Settlement Agreement to the contrary, Canon shall be obligated to pay amounts already billed or incurred for costs of notice to the Settlement Class, Claims Administration, and Dispute Resolution above and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation.

**10.     Non-Disparagement**

Representative Plaintiffs shall not make, publish, or state, or cause to be made, published, or stated, any defamatory or disparaging statement, writing or communication pertaining to Canon or its directors, officers, and employees, and/or affiliates, and Related Entities.

**11.     Miscellaneous Provisions**

11.1     The Settling Parties (i) acknowledge that it is their intent to consummate this agreement; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement, and to exercise their best efforts to accomplish the terms and conditions of this Settlement Agreement.

11.2     The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The settlement comprises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Settling Parties each agree that the settlement was negotiated in good faith by the Settling Parties and that the settlement reflects a settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.  Neither Party shall have any liability to one another as it relates to the Litigation, except as set forth herein.

11.3     Neither the Settlement Agreement, nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Persons; or (ii) is or may be deemed to be or may be used as an admission of, or evidence

of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency, or other tribunal.  Any of the Released Persons may file the Settlement Agreement and/or the Judgment in any action that may be brought against them or any of them to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.4    The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

11.5    The Settlement Agreement, together with the Exhibits attached hereto, constitutes the entire agreement among the parties hereto, and no representations, warranties, or inducements have been made to any party concerning the Settlement Agreement other than the representations, warranties, and covenants contained and memorialized in such document.  Except as otherwise provided herein, each party shall bear its own costs.  This agreement supersedes all previous agreements made between Representative Plaintiffs and Canon.

11.6    Interim Class Counsel, on behalf of the Settlement Class, are expressly authorized by Representative Plaintiffs to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Settlement Class which they deem appropriate in order to carry out the spirit of this Settlement Agreement and to ensure fairness to the Settlement Class.

11.7    Each counsel or other Person executing the Settlement Agreement on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

11.8    The Settlement Agreement may be executed in one or more counterparts.   All executed counterparts and each of them shall be deemed to be one and the same instrument.   A complete set of executed counterparts shall be filed with the Court.

11.9    The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

11.10   The Court shall retain jurisdiction to implement and enforce the Settlement Agreement's terms, and all parties hereto submit to the Court's jurisdiction for such purposes.

11.11   The Settlement Agreement shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the parties to the Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York.

11.12   As used herein, "he" means "he, she, or it;" "his" means "his, hers, or its," and "him" means "him, her, or it.''

11.13   All dollar amounts are in United States dollars (USD).

11.14   Cashing a settlement check is a condition precedent to any Settlement Class Member's right to receive settlement benefits.   All settlement checks shall be void sixty (60) days after issuance and shall bear the language: "This check must be cashed within 60 days, after which time it is void."   If a check becomes void, the Settlement Class Member shall have until six months after the Effective Date to request re-issuance.   If no request for re-issuance is made within this period, the Settlement Class Member will have failed to meet a condition precedent to recovery of settlement benefits, the Settlement Class Member's right to receive monetary relief shall be extinguished, and Canon shall have no obligation to make payments to the Settlement Class Member for expense reimbursement under ¶ 2.1 or ¶ 2.2 or any other type of monetary relief.   The

same provisions shall apply to any re-issued check.  For any checks that are issued or re-issued for any reason more than one hundred eighty (180) days from the Effective Date, requests for re-issuance need not be honored after such checks become void.

11.15   All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

**IN WITNESS WHEREOF**, the parties hereto have caused the Settlement Agreement to be executed by their duly authorized attorneys.

*[Signatures on the Following Page]*

On Behalf Of Representative Plaintiffs

*Gary M Klinger*

Dated: January 26, 2023

By: Gary M. Klinger

*Counsel for Representative Plaintiffs and Interim Class Counsel on Behalf of the Settlement Class*

Counsel for Canon U.S.A., Inc., Canon Solutions America, Inc., Canon Software America, Inc., Canon Information and Imaging Solutions, Inc., Canon Financial Services, Inc., Canon Medical Components U.S.A., Inc., Canon Information Technology Services, Inc., and NT-ware USA, Inc. and Duly Authorized Signatory

_____

Dated: January \_\_, 2023

By: Eric R. Fish

_____

Dated: January \_\_, 2023

By: Seymour Liebman, Executive Vice President, Canon U.S.A., Inc.

On Behalf Of Representative Plaintiffs

_____

Dated: January __, 2023

By:  Gary M. Klinger

*Counsel for Representative Plaintiffs
and Interim Class Counsel on Behalf
of the Settlement Class*

Counsel for Canon U.S.A., Inc., Canon Solutions America, Inc., Canon Software America, Inc., Canon Information and Imaging Solutions, Inc., Canon Financial Services, Inc., Canon Medical Components U.S.A., Inc., Canon Information Technology Services, Inc., and NT-ware USA, Inc. and Duly Authorized Signatory

_____

Dated: January 25, 2023

By: Eric R. Fish

_____

Dated: January 25 2023

By:  Seymour Liebman, Executive Vice President, Canon U.S.A., Inc.

30

# EXHIBIT A

# If you were notified on or around November 24, 2020, of a Data Incident involving Canon, you may be entitled to benefits from a settlement.

*A Federal court has authorized this Notice. This is not a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit against Canon U.S.A., Inc., Canon Solutions America, Inc., Canon Software America, Inc., Canon Information and Imaging Solutions, Inc., Canon Financial Services, Inc., Canon Medical Components U.S.A., Inc., Canon Information Technology Services, Inc., and NT-ware USA, Inc., ("Canon" or "Defendants"), arising out of a Data Incident in which personal information may have been exposed to unauthorized activity. The information at issue may have included certain names, Social Security Numbers, driver's license numbers or government-issued identification numbers, financial account numbers provided for direct deposit, electronic signatures, and dates of birth (the "PII").

- You are a "Settlement Class Member" if you were sent the "Notice of Data Security Incident" by Canon dated on or around November 24, 2020. By submitting a valid and timely Claim Form, you are potentially eligible for certain Settlement Benefits:

  **Ordinary Expense Reimbursement:** If you have documentation showing that you spent money or incurred losses as a result of the Data Incident, you are eligible to receive up to $300 for certain documented out-of-pocket losses incurred between August 4, 2020, and INSERT DATE OF SETTLEMENT AGREEMENT.

  **Other Extraordinary Expense Reimbursement:** You may be eligible to receive up to $7,500 for Extraordinary Expenses that occurred more likely than not as a result of the Data Incident if: (a) it is an actual, documented, and unreimbursed monetary loss; (b) was caused by the Data Incident; (c) occurred during the time period from August 4, 2020, through and including INSERT DATE OF SETTLEMENT AGREEMENT; (d) is not an amount already covered by the Ordinary Expense Reimbursement; and (e) the claimant made reasonable efforts to avoid, or seek reimbursement for the loss, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance.

  **Credit Monitoring and Identity Protection:** You are eligible for two (2) years of credit monitoring services.

**This Notice may affect your rights.  Please read it carefully.**

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

| Your Legal Rights and Options | | Deadline |
|---|---|---|
| **SUBMIT A CLAIM FORM** | You will be ineligible to receive any Settlement Benefits if you fail to submit a Claim Form. | **Month Day, 202X** |
| **EXCLUDE YOURSELF** | Get no Settlement Benefits. Keep your right to file your own lawsuit against the Defendants about the legal claims in this case. | **Month Day, 202X** |
| **OBJECT** | Tell the Court why you do not like the Settlement. You will still be bound by the Settlement if the Court approves it. You may still file a Claim Form and/or receive Identity Theft Protection Services. | **Month Day, 202X** |
| **DO NOTHING** | Get no Settlement Benefits. Be bound by the Settlement. | |

**Questions? Go to www.xxxxxxxxxxxxx.com or call 1-XXX-XXX-XXXX**

- The Court in charge of this case must still decide whether to approve the Settlement and the requested attorneys' fees and expenses. No Settlement Benefits or payments will be provided unless the Court approves the Settlement and it becomes final.

**BASIC INFORMATION**..................................................................................................**PAGE 4**

    1. Why is this Notice being provided?
    2. What is this lawsuit about?
    3. Why is the lawsuit a class action?
    4. Why is there a Settlement?

**WHO IS INCLUDED IN THE SETTLEMENT?** ...........................................................**PAGE 5**

    5.  How do I know if I am part of the Settlement?
    6.  Are there exceptions to being included in the Settlement?
    7.  What if I am still not sure whether I am part of the Settlement?

**THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY**..................................**PAGE 5**

    8.  What does the Settlement provide?
    9.  Is there additional information available regarding the Settlement Benefits?
    10. What am I giving up to receive Settlement Benefits or stay in the Settlement Class?
    11. What are the Released Claims?

**HOW TO GET BENEFITS FROM THE SETTLEMENT** ..................................................**PAGE 6**

    12. How do I make a claim for Settlement benefits?
    13. What happens if my contact information changes after I submit a claim?
    14. When will I receive my Settlement benefits?

**THE LAWYERS REPRESENTING YOU** ...............................................................**PAGE 7**

    15. Do I have a lawyer in this case?
    16. How will Interim Class Counsel be paid?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**....................................................**PAGE 7**

    17. How do I get out of the Settlement?
    18. If I exclude myself, can I get anything from this Settlement?
    19. If I do not exclude myself, can I sue the Defendants for the same thing later?

**OBJECT TO THE SETTLEMENT** ....................................................................**PAGE 8**

    20. How do I tell the Court that I do not like the Settlement?
    21. What is the difference between objecting and asking to be excluded?

**THE FINAL FAIRNESS HEARING** ..................................................................**PAGE 8**

    22. When and where will the Court decide whether to approve the Settlement?
    23. Do I have to attend the Final Fairness Hearing?
    24. May I speak at the Final Fairness Hearing?

**IF YOU DO NOTHING** .............................................................................**PAGE 9**

    25. What happens if I do nothing at all?

**GETTING MORE INFORMATION**.....................................................................**PAGE 9**

    26. How do I get more information?

# BASIC INFORMATION

| 1.  Why is this Notice being provided? |
| --- |

A Federal Court authorized this Notice because you have the right to know about the proposed Settlement of this class action lawsuit and about your rights and options before the Court decides whether to grant final approval of the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for the benefits, and how to get them.

Judge Ann M. Donnelly of the United States District Court for the Eastern District of New York is overseeing this class action case. The case is known as *In re: Canon U.S.A. Data Breach Litigation*, Case No. 1:20-cv-06239-AMD-SJB, (the "Litigation"). The person who filed this lawsuit is called the "Plaintiff" or "Representative Plaintiff" and the companies they sued Canon U.S.A., Inc., Canon Solutions America, Inc., Canon Software America, Inc., Canon Information and Imaging Solutions, Inc., Canon Financial Services, Inc., Canon Medical Components U.S.A., Inc., Canon Information Technology Services, Inc., and NT-ware USA, Inc., are collectively referred to in this document as "Canon" or the "Defendants."

## 2.  What is this lawsuit about?

2.       This litigation arises from a ransomware attack suffered by Canon on or about August 4, 2020 (the "Ransomware Attack").  On August 6, 2020, Canon announced the Ransomware Attack to its employees. On November 24, 2020, after a preliminary investigation, Canon sent a "Notice of Data Breach" to those employees who worked for Canon from 2005-2020, as well as their beneficiaries and dependents.  Canon's Notice of Data Breach informed the relevant individuals that their information may have been exposed to unauthorized activity and that the information at issue included certain PII.  No court or other entity has determined that Canon committed any wrongdoing or violated any law. By entering the Settlement, Canon is not admitting any wrongdoing or liability.

## 3.  Why is the lawsuit a class action?

In a class action, a representative plaintiff or plaintiffs sues on behalf of all people who have similar claims. Together all these people are called a Settlement Class or Settlement Class Members. One court resolves the issues for all Settlement Class Members, except for those Settlement Class Members who timely exclude themselves from the Settlement Class.

The proposed Representative Plaintiffs in this case are Michael Finnigan, Kenneth Buchbinder, Brian McCartney, Tyrone Villacis, Luis Pichardo, Andrew Hamid, Amy Lynn Hamid, Woodrow Moss, and Diana Rouse.

## 4.  Why is there a Settlement?

Plaintiffs and Canon do not agree about the claims made in this Litigation. The Litigation has not gone to trial, and the Court has not decided in favor of any party. Instead, Plaintiffs and Canon have agreed to settle the Litigation. Plaintiffs and the attorneys for the Settlement Class ("Interim Class Counsel") believe the Settlement is best for all Settlement Class Members because of the Settlement Benefits and the risks and uncertainty associated with continued litigation and the nature of the defenses raised by Canon.

# WHO IS INCLUDED IN THE SETTLEMENT?

## 5.  How do I know if I am part of the Settlement?

You are a Settlement Class Member if you were one of the individuals residing in the United States whose personal information was or may have been compromised in the Data Incident that is the

subject of a Notice of Data Security Incident that Canon sent to Plaintiffs and others in substantially the same form on or around November 24, 2020.

| 6. Are there exceptions to being included in the Settlement? |
|---|

Yes. Excluded from the Settlement Class are: (i) Canon and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) the attorneys representing the Parties in the Litigation.

| 7. What if I am still not sure whether I am part of the Settlement? |
|---|

If you are still not sure whether you are a Settlement Class Member, you may go to the Settlement Website at www.xxxxxxxxxxxx.com or call the Claims Administrator's toll-free number at 1-XXX-XXX-XXXX.

# THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

| 8. What does the Settlement provide? |
|---|

If you are a Settlement Class Member and you file a valid and timely Claim Form by [120 days after the deadline for the completion of Notice to Settlement Class Members], you may be eligible for the following Settlement Benefits:

For your claim to be valid, you must complete a statement on the Claim Form under penalty of perjury that your claim is true and correct to the best of your knowledge and belief. You must reasonably attest that the Data Incident caused you to incur any claimed out-of-pocket expenses and charges. Failure to provide the above statement and documentation as requested on the Claim Form shall result in denial of a claim.

Ordinary Expense Reimbursement

All Settlement Class Members who submit a valid claim using the Claim Form are eligible to receive reimbursement for documented out-of-pocket losses that were incurred between August 1, 2020, and INSERT DATE OF SETTLEMENT AGREEMENT, if plausibly caused by the Data Incident, not to exceed $300 per Settlement Class Member, including:

- Cost to obtain credit reports;
- Fees relating to a credit freeze;
- Card replacement fees;
- Late fees;
- Overlimit fees;
- Interest on payday loans taken as a result of the Data Incident;
- Other bank or credit card fees;
- Postage, mileage, and other incidental expenses resulting from lack of access to an existing account;
- Costs associated with credit monitoring or identity theft insurance purchased between August 1, 2020, and INSERT DATE OF SETTLEMENT AGREEMENT, if purchased primarily as a result of the Data Incident (You must provide reasonable documentation

and an affirmative statement that it was purchased primarily because of the Data Incident, and with proof of purchase); and

- Compensation for attested-to lost time spent monitoring accounts, reversing fraudulent charges, or otherwise dealing with the aftermath/cleanup of the Data Incident, at a rate of $20 for up to four (4) hours.  (You must provide attestation or at least a narrative description of the activities performed during the time claimed and their connection to the Data Incident to receive this benefit.)

Extraordinary Expense Reimbursement

Settlement Class Members who submit a valid claim using the Claim Form are eligible to receive extraordinary expense reimbursement of up to $7,500 per Settlement Class Member for monetary out-of-pocket losses that occurred more likely than not as a result of the Data Incident if:

- It is an actual, documented, and unreimbursed monetary loss;
- Was caused by the Data Incident;
- Occurred during the time period from August 2020, through and including the date of the Settlement Agreement;
- Is not an amount already covered by one or more of the categories in ordinary expense reimbursement listed above; and
- You made reasonable efforts to avoid, or seek reimbursement for the loss, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance.

Credit Monitoring and Identity Protection

You are eligible to receive two years of credit monitoring services, and these services include three bureau credit monitoring and alerts.  Settlement Class Members must affirmatively request credit monitoring by indicating such request on the Claim Form. Redemption codes will then be sent either to an email address provided by you or, if you do not have an email address, mailed to the address provided on the claim form.

| 9.   What am I giving up to receive Settlement Benefits or stay in the Settlement Class? |

Unless you exclude yourself, you are choosing to remain in the Settlement Class. If the Settlement is approved and becomes final, all of the Court's orders will apply to you and legally bind you. You will not be able to sue, continue to sue, or be part of any other lawsuit against Canon and Released Parties about the legal issues in this Litigation that are released by this Settlement. The specific rights you are giving up are called "Released Claims."

| 10.  What are the Released Claims? |

The Settlement Agreement in Sections 1.22 and 6 describes the Release, Released Claims, and the Released Parties in necessary legal terminology, so please read these sections carefully. The Settlement Agreement is available at www.xxxxxxxx.com or in the public court records on file in this lawsuit. For questions regarding the Release and what it means, you can also contact one of the lawyers listed in Question 15 for free, or you can talk to your own lawyer at your own expense.

# HOW TO GET BENEFITS FROM THE SETTLEMENT

## 11. How do I make a claim for Settlement Benefits?

To submit a claim for reimbursement for Ordinary Expense Reimbursement, Other Extraordinary Expense Reimbursement, and Credit Monitoring and Identity Protection, you must submit a valid Claim Form.

Settlement Class Members seeking reimbursement under the Settlement must complete and submit a Claim Form to the Claims Administrator, postmarked or submitted online on or before **Month Day, 202X**. Claim Forms may be submitted online at www.xxxxxxxx.com, or printed from the website and mailed to the Claims Administrator at the address on the form. The quickest way to submit a claim is online. Claim Forms are also available by calling 1-xxx-xxx-xxxx or by writing to:

Canon Claims Administrator
PO Box XXXX
Portland, OR XXXXX-XXXX

## 12. What happens if my contact information changes after I submit a claim?

If you change your mailing address or email address after you submit a Claim Form, it is your responsibility to inform the Claims Administrator of your updated information. You may notify the Claims Administrator of any changes by calling 1-XXX-XXX-XXXX or by writing to:

Canon Claims Administrator
PO Box XXXX
[INSERT CITY, STATE] XXXXX-XXXX

## 13. When will I receive my Settlement Benefits?

If you make a valid Claim, payment will be provided by the Claims Administrator after the Settlement is approved by the Court and becomes final.

It may take time for the Settlement to be approved and become final. Please be patient and check www.xxxxxxxxxxxx.com for updates.

# THE LAWYERS REPRESENTING YOU

## 14. Do I have a lawyer in this case?

Yes, the Court has appointed John Yanchunis of Morgan & Morgan and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, LLC as Interim Class Counsel to represent you and the Settlement Class for the purposes of this Settlement. You may hire your own lawyer at your own cost and expense if you want someone other than Interim Class Counsel to represent you in this Litigation.

## 15. How will Interim Class Counsel be paid?

Interim Class Counsel will file a motion asking the Court to award them attorneys' fees and costs in an amount to be determined by the Courtto be paid by Canon. They will also ask the Court to approve a service award of $1,000 to each of the Representative Plaintiffs for participating in this Litigation and for their efforts in achieving the Settlement. If awarded by the Court, Canon will pay reasonable

fees, costs, expenses, and incentive awards directly. The Court may award less than the amounts sought by Representative Plaintiffs and Interim Class Counsel.

Interim Class Counsel's application for attorneys' fees, expenses, and service awards will be made available on the settlement website at www.xxxxxxxxxx.com before the deadline for you to comment or object to the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you are a Settlement Class Member and want to keep any right you may have to sue or continue to sue the Defendants on your own based on the claims raised in this Litigation or released by the Released Claims, then you must take steps to get out of the Settlement. This is called excluding yourself from – or "opting-out" of – the Settlement.

### 16.  How do I get out of the Settlement?

To opt out of the Settlement, you must mail written notice of a request for exclusion.  The written notice must be signed and clearly state that you wish to be excluded from the Settlement Class.  You may only submit an opt-out request on your own behalf; mass or class opt-outs will not be permitted.

The exclusion request must be **postmarked** and sent to the Claims Administrator at the following address by **Month Day, 202X**:

Canon Claims Administrator
Exclusions
PO Box XXXX
[INSERT CITY, STATE] XXXXX-XXXX

You cannot exclude yourself by telephone or by email.

### 17.  If I exclude myself, can I still get anything from this Settlement?

No. If you exclude yourself, you are telling the Court you do not want to be part of the Settlement. You can only get Settlement Benefits if you stay in the Settlement and submit a valid Claim Form.

### 18.  If I do not exclude myself, can I sue the Defendants for the same thing later?

No. Unless you exclude yourself, you give up any right to sue the Defendants and Released Parties for the claims this Settlement resolves relating to the Data Incident. You must exclude yourself from this Litigation to start or continue with your own lawsuit or be part of any other lawsuit against the Defendants or any of the Released Parties. If you have a pending lawsuit, speak to your lawyer in that case immediately.

## OBJECT TO THE SETTLEMENT

### 19.  How do I tell the Court that I do not like the Settlement?

If you are a Settlement Class Member, you can tell the Court you do not agree with all or any part of the Settlement or the requested attorneys' fees and expenses. You can also give reasons why you think the Court should not approve the Settlement or attorneys' fees and expenses.

To object, you must file a timely written notice of your objection so it is received by **Month Day, 202X**.  Such notice must state:

- Your full name, address, telephone number, and e-mail address (if any);

- Information identifying you as a Settlement Class Member, including proof that you are a member of the Settlement Class;
- A written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable;
- The identity of all counsel representing you, if any;
- A statement whether you and/or your counsel will appear at the Final Fairness Hearing; and
- Your signature or the signature of your duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation).

To be timely, written notice of an objection in the appropriate form must be filed with the Clerk of the Court for the U.S. District Court for the Eastern District of New York by **Month Day, 202X** with copies sent at the same time to the Claims Administrator and Interim Class Counsel.

Any Settlement Class Member who fails to comply with the requirements for objecting in Section 5 of the Settlement Agreement shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Litigation.

## 20. What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court you do not like something about the Settlement or requested attorneys' fees and expenses. You can object only if you stay in the Settlement Class (that is, do not exclude yourself). Requesting exclusion is telling the Court you do not want to be part of the Settlement Class or the Settlement. If you exclude yourself, you cannot object to the Settlement.

# THE FINAL FAIRNESS HEARING

## 21. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Fairness Hearing on **Month Day, 202X, at X:XX a.m./p.m.** before Judge Ann M. Donnelly.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and decide whether to approve: the Settlement, Interim Class Counsel's application for attorneys' fees, costs, and expenses, and the incentive awards to Plaintiffs. If there are objections, the Court will consider them. The Court may also listen to people who have asked to speak at the hearing.

<u>Note</u>: The date and time of the Final Fairness Hearing are subject to change. Any change will be posted at www.xxxxxxxxxxx.com.

## 22. Do I have to attend to the Final Fairness Hearing?

No. Interim Class Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to speak about it. As long as you file or mail your written objection on time, the Court will consider it.

## 23. May I speak at the Final Fairness Hearing?

Yes, as long as you do not exclude yourself, you can (but do not have to) participate and speak for yourself in this Litigation and Settlement. This is called making an appearance. You also can have your own lawyer speak for you, but you will have to hire and pay for your own lawyer.

If you want to appear, or if you want your own lawyer instead of Interim Class Counsel to speak for you in this Litigation, you must follow all of the procedures for objecting to the Settlement listed in Section 20 above—and specifically include a statement whether you and your counsel will appear at the Final Fairness Hearing.

# IF YOU DO NOTHING

## 24. What happens if I do nothing at all?

If you are a Settlement Class Member and you do nothing, you will not receive any Settlement Benefits. You will give up rights explained in the "Excluding Yourself from the Settlement" section of this Notice, including your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Canon or any of the Released Parties about the legal issues in this Litigation that are released by the Settlement Agreement relating to the Data Incident.

# GETTING MORE INFORMATION

## 25. How do I get more information?

This Notice summarizes the proposed Settlement. Complete details are provided in the Settlement Agreement. The Settlement Agreement and other related documents are available at www.xxxxxxxxx.com, by calling 1-XXX-XXX-XXXX, or by writing to:

Canon Claims Administrator
PO Box XXXX
[INSERT CITY, STATE], XXXXX-XXXX

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT'S CLERK OFFICE REGARDING THIS NOTICE.**

Questions? Go to www.xxxxxxxxx.com or call 1-XXX-XXX-XXXX

10

# EXHIBIT B

Canon Claims Administrator
PO Box XXXX
Portland, OR 97XXX-XXXX

**<u>Notice of Pendency and Proposed
Settlement of Class Action</u>**

**If you received a Notice of Privacy
Incident regarding the Data
Incident from Canon U.S.A. on
or around November 24, 2020,
you may be eligible for a payment
from a class action settlement.**

<<MAIL ID>>

<<NAME 1>>
<<NAME 2>>
<<ADDRESS LINE 1>>
<<ADDRESS LINE 2>>
<<ADDRESS LINE 3>>
<<ADDRESS LINE 4>>
<<ADDRESS LINE 5>>
<<CITY, STATE ZIP>>
<<COUNTRY>>

A Settlement has been reached in a class action lawsuit ("Lawsuit") about a data incident that occurred on or around August 4, 2020, which potentially left personal information accessible to the public (the "Data Incident"). The information at issue may have included certain names, Social Security Numbers, driver's license numbers or government-issued identification numbers, financial account numbers provided for direct deposit, electronic signatures, and dates of birth. The Lawsuit alleges that Canon U.S.A., Inc., Canon Solutions America, Inc., Canon Software America, Inc., Canon Information and Imaging Solutions, Inc., Canon Financial Services, Inc., Canon Medical Components U.S.A., Inc., Canon Information Technology Services, Inc., and NT-ware USA, Inc., (collectively, "Canon") were responsible for the Data Incident because they did not take appropriate care to protect the personal information. Canon denies the claims and any wrongdoing.

**Canon records show you are likely a member of the Settlement Class.** The Settlement will reimburse eligible people who submit claims for: (1) unreimbursed, documented out-of-pocket expenses and compensation for lost time resulting from the Data Incident, up to a maximum of $300 per person; and (2) unreimbursed, documented extraordinary expenses that were caused by the Data Incident, up to a maximum of $7,500 per person. The Settlement also includes two years of credit monitoring and identity theft insurance.

**If you are a Settlement Class Member and you want to receive any benefits from the Settlement, you must complete and submit a Claim Form along with any required supporting information. Claim Forms can be found and completed on this website: www.SettlementURL.com. The deadline to submit a Claim Form is Month 00, 2023.**

Settlement Class Members may also request exclusion from the Settlement or object to it. Requests for exclusion are due by **Month 00, 2023**. Settlement Class Members who do not request exclusion can object to the Settlement. Objections are due by **Month 00, 2023**. The Court will hold a Final Settlement Approval Hearing on **Month 00, 2023 at 00:00 a.m.** at the U.S. District Court for the Eastern District of New York located at 225 Cadman Plaza E, Brooklyn, NY 11201 to consider whether to approve the settlement. The Court will hear objections, determine if the Settlement is fair, consider a service award of up to $1,000 for the Representative Plaintiffs, and consider Class Counsel's request for attorneys' fees, costs, and expenses. You or your own lawyer may ask to appear at the hearing to be heard by the Court, but you do not have to. The motion for attorneys' fees and costs and service awards for the Representative Plaintiffs will be posted on the website after it is filed with the Court.

The Court has appointed the following Counsel as Interim Class Counsel to represent the Settlement Class in this Lawsuit: John Yanchunis of Morgan & Morgan and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, LLC

*This is only a summary.* For detailed information visit **www.SettlementURL.com** or call **1-000-000-0000**. You may contact the Settlement Administrator at Canon Settlement, c/o Settlement Administrator, PO Box 0000, City, State, Zip.

# EXHIBIT C

**Must be postmarked or submitted online NO LATER THAN Month 00, 2023**

Canon Data Incident Claims Administrator
PO Box 2057 ____
Portland, OR 97208-2057
**www.xxxxxxxxxxxx.com**

## Canon Data Incident Settlement Claim Form

### SETTLEMENT BENEFITS - WHAT YOU MAY GET

If you were sent the "Notice of Data Security Incident" by Canon dated on or around November 24, 2020, arising out of a Data Incident in which personal information may have been exposed to unauthorized activity, you are a Settlement Class Member and may submit a claim for the Settlement Benefit(s).

**The easiest way to submit a claim is online at www.xxxxxxxxxxxx.com**, or you can complete and mail this Claim Form to the mailing address above.

**You may submit a claim for one or more of these benefits:**

**Ordinary Expense Reimbursement**: If you have documentation showing that you spent money or incurred losses as a result of the Data Incident, you are eligible to receive up to $300 for certain documented out-of-pocket losses incurred between August 4, 2020, and *INSERT DATE OF SA*.

**Other Extraordinary Expense Reimbursement**: You may be eligible to receive up to $7,500 for Extraordinary Expenses that occurred more likely than not as a result of the Data Incident if: (a) it is an actual, documented, and unreimbursed monetary loss; (b) was caused by the Data Incident; (c) occurred during the time period from August 4, 2020, through and including *INSERT DATE OF SA*; (d) is not an amount already covered by the Ordinary Expense Reimbursement; and (e) the claimant made reasonable efforts to avoid, or seek reimbursement for the loss, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance.

**Credit Monitoring and Identity Protection**:  You are eligible for two (2) years of credit monitoring services.

**Claims must be submitted online or mailed by Month 00, 2023. Use the address at the top of this form for mailing this Claim Form.**

*Please note: the Claims Administrator may contact you to request additional documents to process your claim.*

For more information on the Settlement benefits, what documents you need to attach, how the Claims Administrator will decide whether to approve your payments, and for complete instructions, **visit www.xxxxxxxxxxxx.com**.

**Settlement Benefits will be distributed only after the Settlement is approved by the Court.**

**MAIL ID**

*0000PLACEHOLDER0000*

## Your Information

*We will use this information to contact you and process your claim. It will not be used for any other purpose. If any of the following information changes, you must promptly notify us by mail at PO Box 2057, Portland, OR 97208-2057.*

First Name                                    MI      Last Name

Mailing Address

City                                                          State      ZIP Code

Phone Number

Email Address

Unique ID (located on the notice mailed to you)

## Cash Payment: Reimbursement for Lost Time

If you spent time monitoring accounts, reversing fraudulent charges, or otherwise dealing with the aftermath/cleanup of the Data Incident, you may be reimbursed for your time at $20 per hour, for up to 4 hours. You must provide a narrative description of the activities performed during the time claimed and their connection to the Data Incident to receive this benefit.

| Hours lost as a result of the Data Incident | Description of the activities performed during the time claimed and their connection to the Data Incident |
|---|---|
| ____ 1 hour<br>____ 2 hours<br>____ 3 hours<br>____ 4 hours | _____<br>_____<br>_____<br>_____ |

Questions? Visit www.xxxxxxxxxxxx.com or call 1-XXX-XXX-XXXX

MAIL ID

*0000PLACEHOLDER0000*

## Cash Payment: Reimbursement for Documented Ordinary Out-of-Pocket Expenses

You can receive reimbursement for up to $300 for documented out-of-pocket expenses incurred as a result of the Data Incident. You must attach documents to your Claim Form that show what happened and how much you lost or spent so that you can be repaid. This may include receipts or other documentation. "Self-prepared" documentation such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but may be considered to add clarity or support to other submitted documentation.

| Expense Types and Examples of Documents | Approximate Amount of Expense and Date | Description of Expense or Money Spent and Supporting Documents (Identify what you are attaching and why it's related to the Data Incident) |
|---|---|---|
| **Bank or Credit Card Fees** *Examples: Bank or credit card statements with fees, such as card reissuance, overdraft and late fees* | $ _____ – _____ – _____ MM      DD      YYYY | _____ _____ _____ _____ |
| **Unreimbursed Credit Monitoring** *Examples: Costs of credit reports, credit monitoring or other identity theft insurance products* | $ _____ – _____ – _____ MM   DD      YYYY | _____ _____ _____ |
| **Other Expenses Resulting From Lack of Access to Accounts** *Examples: Costs of postage, mileage, interest on payday loans or other incidental expenses due to lack of access to existing account* | $ _____ – _____ – _____ MM   DD      YYYY | _____ _____ _____ |

## Cash Payment: Reimbursement for Documented Extraordinary Expenses

You can receive reimbursement for up to $7,500 for documented extraordinary expenses incurred as a result of the Data Incident if: (1) the loss is an actual, documented, and unreimbursed monetary loss; (2) the loss was caused by the Data Incident; (3) the loss occurred between August 4, 2020 and **Month 00, 2023**; (4) the loss is not already covered by one or more categories in ordinary expenses reimbursement listed above; and (5) you made reasonable efforts to avoid, or seek reimbursement for, the loss, including but not limited to exhausting all available credit monitoring insurance and identity theft insurance.

| Expense Types and Examples of Documents | Approximate Amount of Expense and Date | Description of Expense or Money Spent and Supporting Documents (Identify what you are attaching and why it's related to the Data Incident) |
|---|---|---|
| **Extraordinary Losses Related to Identify Theft or Fraud** *Examples: Professional fees incurred to address identity theft or fraud, such as falsified tax returns, account fraud, and/or medical identity theft* | $ _____ – _____ – _____ MM      DD      YYYY | _____ _____ _____ _____ |

MAIL ID

*0000PLACEHOLDER0000*

## How You Would Like to Receive Your Cash Payment

If you made a claim for a cash payment in this Claim Form, you can elect to receive your payment either by check or as a digital payment (e.g., an ACH direct deposit, prepaid debit card, or gift card using instructions emailed to you). Checks must be cashed within **60** days of receiving them.

Which do you prefer?

☐ Check mailed to the address I provided on this Claim

☐ Digital payment instructions emailed to the email address I provided on this Claim

## Credit Monitoring and Identity Protection

You are eligible to receive two (2) years of credit monitoring services. If you wish to receive free Credit Monitoring Services, please check the box below.

☐ Credit Monitoring: I want to receive free credit monitoring services for two years.

If you select this option, you will be sent instructions and an activation code after the Settlement is final to your email address or home address. This benefit can be selected in addition to any other benefit to which the class member may be entitled on this form

## Signature

I affirm under the laws of the United States that the information supplied in this Claim Form is true and correct to the best of my knowledge, and any documents I submitted in support of my claim are true and correct copies of original documentation.

I understand that I may be asked to provide more information by the Claims Administrator before my claim is complete.

| | |
|---|---|
| _____ | Date: [ MM ] – [ DD ] – [ YYYY ] |
| Signature | |

_____
Print Name