# **EXHIBIT 2**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: CANON U.S.A. DATA BREACH LITIGATION<br><br>This Documents Related To:<br><br>All Actions | Case No. 1:20-cv-06239-AMD-SJB |

**DECLARATION OF GARY M. KLINGER AND JOHN A. YANCHUNIS
IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

John A. Yanchunis and Gary Klinger, pursuant to 28 U.S.C § 1746, hereby declare as follows:

1. Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, LLC, and John A. Yanchunis of Morgan and Morgan Complex Litigation, interim co-lead class counsel in this action ("Interim Counsel") hereby submit this Declaration in connection with Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement with Canon U.S.A., Inc., Canon Solutions America, Inc., Canon Software America, Inc., Canon Information and Imaging Solutions, Inc. Canon Financial Services, Inc., Canon Medical Components U.S.A., Inc., Canon Information Technology Services, Inc., and NT-ware USA, Inc. ("Canon" or "Defendants").

**I.     Procedural History**

2. After Canon provided notice of the Data Breach, beginning on or around November 24, 2020, three separate class action complaints were filed in the Eastern District of New York: *Finnegan, et al. v. Canon U.S.A., Inc.*, 1:20-cv-06239-AMD-SJB"); *Hamid v. Canon U.S.A., Inc.*

1

*et al.*, No. 1:20-cv-06380-AMD-SJB; and *Rouse, et al. v. Canon U.S.A., Inc.*, No. 2:21-cv-004140-SJF-ARL.  Those cases were all deemed related and the cases were consolidated.  (ECF 9).

3. On January 28, 2021, Representative Plaintiffs filed a motion for the appointment of interim class counsel.  (ECF 12).  On March 9, 2021, the Court entered an Order Appointing Interim Class Counsel ("Interim Class Counsel"). (ECF 19).

4. On April 23, 2021, a Consolidated Class Action Complaint was filed. (ECF 22) (the "Complaint"). Subsequently, Canon filed a Motion to Dismiss the Complaint. (ECF 27-28). On August 2, 2022, Representative Plaintiffs filed a Consolidated Amended Class Action Complaint (the "Amended Complaint"). (ECF 30). On August 25, 2022, Canon filed a Motion to Dismiss the Amended Complaint (the "Motion"). (ECF 31-32). On March 15, 2022, United States District Judge Ann M. Donnelly issued a Memorandum Decision and Order denying in part and granting in part the Motion to Dismiss. (ECF 40).

5. On April 12, 2022, Canon timely filed an Answer to the remaining allegations and claims in the Amended Complaint. (ECF 43). On April 19, 2022, the Parties appeared for a status conference before the Honorable Sanket J. Bulsara, U.S.M.J. Pursuant to an Order entered by Judge Bulsara, the Parties advised the Court on May 6, 2022 that they would participate in private mediation. (ECF 46).

**II.     Settlement Negotiations**

6. To facilitate their settlement negotiations, the Parties agreed to use an experienced mediator Bennett J. Picker.  Mr. Picker has extensive experience in class action mediation, including privacy litigation and has successfully resolved a number of class cases. On June 22, 2022, the Parties attended a full day mediation session with Mr. Picker. While the Parties made some progress, several key factual and legal issues remained in dispute. For the next several

months, the Parties continued to engage in the mediation process with the efforts of Mr. Picker. Ultimately the Parties reached an agreement in principle, after which the Parties began drafting and finalizing the Settlement, Notice and Claim Forms, and drafting the motion for preliminary approval for presentment to the Court.

7. The Settlement provides for both monetary and equitable relief. Canon has agreed to pay the claims of Settlement Class members arising from the Data Breach. Canon will also be responsible for payment of all reasonable costs of notice and administration in addition to the claims of Settlement Class members, estimated to be $96,000. Canon will pay any amounts approved by the Court for awards of attorneys' fees, costs, and expenses, and service awards for the Class Representatives. In addition, Canon has agreed to implement business practice changes to increase the protection of Settlement Class members PII in Canon's post session.

8. All Settlement Class Members who submit a valid claim using the Claim Form (Exhibit A to the Settlement Agreement) are eligible to receive reimbursement for documented out-of-pocket losses that were incurred between August 4, 2020 and the date of this Settlement Agreement, if plausibly caused by the Data Incident, not to exceed $300 per Settlement Class Member, including: (i) cost to obtain credit reports; (ii) fees relating to a credit freeze; (iii) card replacement fees; (iv) late fees; (v) overlimit fees; (vi) interest on payday loans taken as a result of the Data Incident; (vii) other bank or credit card fees; (viii) postage, mileage, and other incidental expenses resulting from lack of access to an existing account; (ix) costs associated with credit monitoring or identity theft insurance purchased prior to the Effective Date of the Settlement, if purchased primarily as a result of the Data Incident (with reasonable documentation and an affirmative statement by Settlement Class Member that it was purchased primarily because

of the Data Incident, and with proof of purchase); and (x) compensation for attested-to lost time spent monitoring accounts, reversing fraudulent charges, or otherwise dealing with the aftermath/cleanup of the Data Incident, at a rate of $20 for up to four (4) hours (attestation requires at least a narrative description of the activities performed during the time claimed and their connection to the Data Incident).

9. Settlement Class Members are also eligible to receive extraordinary expense reimbursement, not to exceed $7,500 per Settlement Class Member, for monetary out-of-pocket losses that occurred more likely than not as a result of the Data Incident if: (a) it is an actual, documented, and unreimbursed monetary loss; (b) was caused by the Data Incident; (c) occurred during the time period from August 4, 2020, through and including the end of the Claims Deadline (see ¶ 2.4); (d) is not an amount already covered by one or more of the categories in ¶ 2.1; (e) the claimant made reasonable efforts to avoid, or seek reimbursement for the loss, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance. Settlement Class Members may only submit one claim for benefits under this paragraph ¶ 2.2 and the total of all amounts recovered under this paragraph shall not exceed $7,500 per Settlement Class Member.

10. In addition to being able to submit a claim for ordinary or extraordinary expenses Settlement Class Members are eligible to receive two (2) years of Identity Theft protection services, which includes three bureau credit monitoring and alerts. This is in addition to the credit monitoring services previously offered to individuals who were notified of the Data Incident. Settlement Class Members must affirmatively request credit monitoring by indicating the request on the Claim Form, and codes will be sent either to an e-mail address

provided by the Settlement class member or, if they do not have an e-mail address, mailed to the address provided on the claim form.

### III. Costs of Notice and Administration:

11. In addition to the monetary benefits being made available to Settlement Class Members, Canon shall pay the reasonable costs of notice and claims administration.

### IV. Business Practice Changes:

12. In addition to the monetary benefits described above, the Settlement Agreement also acknowledges Canon's commitment to maintain certain enhancements and improvements to its security environment, which Class Counsel has reviewed in connection with this Settlement. (Settlement Agreement ¶ 2). Canon agrees to maintain at a minimum, for a period of one (1) year following final approval of the settlement, enhanced security practices and procedures that were implemented following the Data Incident, including deployment of endpoint detection and response tools to its servers and workstations; engagement of a third-party security operations center to provide constant monitoring of its network; a local administrator password vault solution; and multi-factor authentication and application control for access to domain controllers.

### V. Settlement Process

13. Negotiations leading to the settlement were entirely non-collusive and strictly at arm's-length. And, as discussed above, prior to reaching the Settlement, Representative Plaintiffs and Interim Counsel were very well informed regarding the strengths and weaknesses of Representative Plaintiffs' claims. Interim Counsel had the benefit of information from their investigation and analyses, regulatory investigations, and experts. Indeed, Interim Class Counsel investigated the matter prior to and after retaining counsel, participated in the plaintiff vetting process implemented by Class Counsel, reviewed and approved pleadings, kept in close contact

5

with counsel to monitor the progress of the litigation, provided documents, drafted discovery requests, and reviewed and communicated with counsel regarding the Settlement.

14. At all times while negotiating and executing the proposed Settlement Agreement, Representative Plaintiffs were represented by Interim Counsel, who have significant experience prosecuting federal class action claims. Canon was represented by Baker & Hostetler, LLP, a leading international law firm that has significant experience defending federal class actions.

15. The negotiations were conducted at arms' length over a period of many weeks. The Parties participated in a full day of mediation with mediator Bennett J. Picker. Although mediation was unsuccessful, over the next several months the Parties continued to work remotely with Mr. Picker and reached an agreement in principle. The negotiations were hard fought, and counsel for all Parties participated vigorously with competing agendas. The negotiations were undertaken on behalf of Representative Plaintiffs and the Settlement Class by counsel who are well versed in complex litigation and, more specifically, consumer class actions. These experienced lawyers advocated for the interests of the Settlement Class throughout negotiations, utilizing their combined experience of litigating consumer class actions, including breach of privacy claims, to ensure the proposed settlement serves the best interests of the Settlement Class.

16. Representative Plaintiffs and Interim Counsel thoroughly evaluated the merits of the claims and defenses, the likelihood the Court would certify the litigation for class treatment, the likelihood of success at trial and upon appeal.

17. Interim Counsel have invested considerable time and resources into the prosecution of the litigation and possess a long and proven track record of the successful prosecution of class actions, including data breach cases, and numerous appointments as class counsel. Here, in addition to conducting extensive legal and factual research into the merits of

their claims (and likelihood of protracted litigation), they have filed a lengthy amended complaint; conferred with experts and provided preliminary expert analysis and reports; exchanged mediation statements and presentations; briefed Defendants' motion to dismiss; prepared and served discovery, and mediated before Mr. Picker.

18. Based upon their investigation and pretrial discovery as set forth above, Interim Counsel have concluded that the terms and conditions of the Settlement Agreement are fair, reasonable and adequate to Representative Plaintiffs and Settlement Class Members and are in their best interests.

19. Interim Counsel and Representative Plaintiffs have agreed to settle the claims asserted in *In re Canon Data Security Litigation* pursuant to the terms and provision of the Settlement Agreement after considering (a) the substantial benefits that Settlement Class Members will receive from the Settlement; (b) the uncertain outcome and attendant risks of litigation; (c) the delays inherent in litigation; and (d) the desirability of permitting the settlement of this litigation to be consummated as provided by the terms of the Settlement Agreement.

20. The consideration that Canon has agreed to pay is well within a range that Interim Counsel believes may be found to be fair, reasonable, and adequate at final approval, and was designed to meet the types of repercussions sustained by consumers following a data breach.

21. Interim Counsel has strong reason to believe that there are approximately 50,000 geographically dispersed persons and entities that fall within the Settlement Class definition. This belief is based on information received from Canon during the course of this litigation.

22. Interim Counsel also intend to seek attorneys' fees, costs and expenses in an amount to be determined by the Court.

23. Representative Plaintiffs may also request up to $1,000 in Service Awards per person for the efforts of the class representatives in prosecuting this Action.

## VI. Notice Plan

24. The proposed settlement administrator developed the proposed Notice Plan in coordination with counsel for the Parties.

25. As provided in Settlement Agreement, all costs of notice and administration will be borne by Canon in addition to the other benefits being provided by the Settlement Agreement.

26. The Declaration of Cameron R. Azari, Esq., the settlement administrator, describes the proposed Notice Plan, which is consistent with notice plans that courts have repeatedly approved in prior data breach class actions.

27. The Notice Plan is described in the Settlement Agreement and was designed to provide due notice to Settlement Class Members.

28. A proposed Claim Form, prepared and recommended by Interim Counsel, is submitted as an exhibit to the Settlement Agreement. Forms of the Notices of Settlement are attached as additional exhibits to the Settlement Agreement. Interim Counsel developed the Claim Form and Notices with defense counsel and the claims administrator to ensure they were written in a fashion that will be readily understood by Settlement Class Members. Interim Counsel recommend the Notices and Claim Form as fair and reasonable, and easily understood to allow Settlement Class Members to make claims for the benefits provided by the Settlement Agreement.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Gary M. Klinger

Gary M. Klinger

/s/ John Yanchunis

John Yanchunis

9