**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

Case No. 1:20-cv-06239-AMD-SJB

IN RE: CANON U.S.A. DATA BREACH LITIGATION

This Documents Related To:

All Actions

## DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND ADEQUACY OF NOTICE PLAN AND NOTICES

I, Cameron R. Azari, Esq., hereby declare and state as follows:

1.     My name is Cameron R. Azari.  I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2.     I am a nationally recognized expert in the field of legal notice and have served as an expert in hundreds of federal and state cases involving class action notice plans.

3.     I am a Senior Vice President of Epiq Class Action and Claims Solutions, Inc. ("Epiq") and the Director of Legal Notice for Hilsoft Notifications, a firm that specializes in designing, developing, analyzing, and implementing large-scale, un-biased, legal notification plans.  Hilsoft Notifications is a business unit of Epiq.

4.     The facts in this declaration are based on my personal knowledge, as well as information provided to me by my colleagues in the ordinary course of my business at Epiq.

## OVERVIEW

5.     This declaration describes the implementation of the Settlement Notice Plan ("Notice Plan" or "Notice Program") and notices (the "Notice" or "Notices") for *In Re: Canon U.S.A. Data Breach Litigation*, Case No. 1:20-cv-06239 in the United States District Court Eastern District of New York.  I previously executed my *Declaration of Cameron R. Azari, Esq. on Notice Plan and Notices* ("Notice Plan Declaration") on February 2, 2023, which described the Notice

Plan, detailed Hilsoft's class action notice experience, and attached Hilsoft's *curriculum vitae*. I also provided my educational and professional experience relating to class actions and my ability to render opinions on overall adequacy of notice plans. Subsequently, I executed my second *Declaration of Cameron R. Azari, Esq. on Notice Plan and Notices* ("Second Notice Plan Declaration") on July 5, 2023, which reiterated my Notice Plan Declaration with Epiq's specified case experience and an updated Settlement Class definition.

## NOTICE PLAN SUMMARY

6.       Federal Rule of Civil Procedure, Rule 23 directs that notice must be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort," and that "the notice may be by one or more of the following: United States mail, electronic means, or other appropriate means."[1] The Notice Program as implemented satisfied these requirements.

7.       The Notice Program as designed and implemented reached the greatest practicable number of identified Settlement Class Members with individual notice. The Notice Plan individual notice efforts reached approximately 96.4% of the identified Settlement Class Members. The reach was further enhanced by a settlement website. In my experience, the reach of the Notice Program was consistent with other court-approved notice plans, was the best notice practicable under the circumstances, and satisfied the requirements of due process, including its "desire to actually inform"[2] requirement.

## CAFA NOTICE

8.       On February 10, 2023, Epiq sent 57 CAFA Notice Packages ("CAFA Notice") on behalf of Defendants, as required by the federal Class Action Fairness Act of 2005 (CAFA),

---

[1] Fed. R. Civ. P. 23(c)(2)(B).
[2] *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) ("But when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected . . .").

---

DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND
ADEQUACY OF NOTICE PLAN AND NOTICES

28 U.S.C. § 1715.   The CAFA Notice was sent via United States Postal Service ("USPS") Certified Mail to 56 officials, which included the Attorneys General of 50 states, the District of Columbia, and the United States Territories.   The CAFA Notice was also sent via United Parcel Service ("UPS") to the Attorney General of the United States.   Details regarding the CAFA Notice mailing are provided in the *Declaration of Kyle S. Bingham on Implementation of CAFA Notice*, dated February 10, 2023, which is included as **Attachment 1.**   Subsequently, on July 17, 2023, Epiq sent 57 CAFA Notice Packages ("Supplemental CAFA Notice") on behalf of Defendants, as required by the federal Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1715.   The Supplemental CAFA Notice was mailed via USPS Certified Mail to 55 officials, which included the Attorneys General of 49 states, the district of Columbia, and the United States Territories.   As per the direction of the Office of the Nevada Attorney General, the Supplemental CAFA Notice was sent to the Nevada Attorney General electronically via email.   The Supplemental CAFA Notice was also sent via UPS to the Attorney General of the United States.   Details regarding the Supplemental CAFA Notice mailing are provided in the *Declaration of Kyle S. Bingham on Implementation of CAFA Notice*, dated July 17, 2023, which is included as **Attachment 2.**

## <u>NOTICE PLAN DETAIL</u>

9.     On November 15, 2023, the Court approved the Notice Plan and appointed Epiq as the Claims Administrator in the Order Granting Plaintiff's Motion for Preliminary Approval of Class Settlement ("Preliminary Approval Order").   In the Preliminary Approval Order, the Court approved and certified, for settlement purposes, the following Settlement Class:

> [A]ll individuals residing in the United States who received a notice dated November 24, 2020 from Canon regarding the data breach.
>
> The Settlement Class specifically excludes: (i) Canon (including all Defendants) and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and members of his or her immediate family; and (iv) the attorneys representing the parties in the litigation.

10.     After the Court's Preliminary Approval Order was entered, Epiq began to implement the Notice Plan. This declaration details the notice activities undertaken to date and explains how and why the Notice Plan was comprehensive and well-suited to reach the Settlement Class Members. This Declaration also discusses the administration activity to date.

## NOTICE PLAN

### *Individual Notice*

11.     On November 21, 2023, Epiq received one data file with 41,969 records for identified Settlement Class Members, including names and physical addresses. Epiq deduplicated and rolled-up the records and loaded the unique, identified Settlement Class Member records into its database for the case. These efforts resulted in 41,905 unique, identified Settlement Class Member records, which were sent notice.

### *Individual Notice – Direct Mail*

12.     On December 15, 2023, Epiq sent 41,905 Postcard Notices to identified Settlement Class Members for whom an associated physical mailing address was available. The Postcard Notices were sent via USPS first-class mail. The Postcard Notices clearly and concisely described the Settlement and the legal rights of the Settlement Class Members and directed Settlement Class Members to the settlement website for additional information. The Postcard Notice is included as **Attachment 3.**

13.     Prior to sending the Postcard Notice, all mailing addresses were checked against the National Change of Address ("NCOA") database maintained by the USPS to ensure Settlement Class Member address information was up-to-date and accurately formatted for mailing.[3] In addition, the addresses were certified via the Coding Accuracy Support System (CASS) to ensure

---

[3] The NCOA database is maintained by the USPS and consists of approximately 160 million permanent change-of-address (COA) records consisting of names and addresses of individuals, families, and businesses who have filed a change-of-address with the Postal Service™. The address information is maintained on the database for 48 months and reduces undeliverable mail by providing the most current address information, including standardized and delivery-point-coded addresses, for matches made to the NCOA file for individual, family, and business moves.

---

DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND ADEQUACY OF NOTICE PLAN AND NOTICES

the quality of the zip code, and verified through Delivery Point Validation (DPV) to verify the accuracy of the addresses. This address updating process is standard for the industry and for the majority of promotional mailings that occur today.

14.    The return address on the Postcard Notices is a post office box that Epiq maintains for this case. The USPS automatically forwarded Postcard Notices with an available forwarding address order that had not expired ("Postal Forwards"). Postcard Notices returned as undeliverable were re-mailed to any new address available through USPS information, (for example, to the address provided by the USPS on returned mail pieces for which the automatic forwarding order had expired, but was still within the time period in which the USPS returned the piece with the address indicated), or to better addresses that were found using a third-party lookup service. Upon successfully locating better addresses, Postcard Notices were promptly remailed. As of April 11, 2024, Epiq has remailed 4,302 Postcard Notices.

15.    Additionally, a Long Form Notice and Claim Form ("Claim Package") was mailed to all persons who request one via the toll-free telephone number or other means. As of April 11, 2024, Epiq mailed 30 Claim Packages as a result of such requests. The Long Form Notice is included as **Attachment 4.** The Claim Form is included as **Attachment 5.**

*Notice Results*

16.    As of April 11, 2024, a Postcard Notice was delivered to 40,406 of the 41,905 unique, identified Settlement Class Members. This means the individual notice efforts reached approximately 96.4% of the identified Settlement Class Members

*Settlement Website*

17.    On December 14, 2023, Epiq established a neutral, informational settlement website with an easy to remember domain name (www.CanonClaimsSettlement.com). The settlement website allows Settlement Class Members to obtain detailed information about the case and review relevant documents, including the Long Form Notice, Postcard Notice, Claim Form, Settlement Agreement, Preliminary Approval Order, and other case-related documents. In

5

addition, the settlement website includes relevant dates, answers to frequently asked questions ("FAQs"), instructions for how Settlement Class Members are able to opt-out (request exclusion) from or object to the Settlement, contact information for the Claims Administrator, and how to obtain other case-related information.  Settlement Class Members are also able to file a Claim Form on the settlement website.  The settlement website address was prominently displayed in all notice documents.  As of April 11, 2024, there have been 2,941 unique visitor sessions to the settlement website, and 11,549 web pages have been presented.

### Toll-Free Number and Other Contact Information

18.    On December 14, 2023, Epiq established a toll-free telephone number (1-888-970-5658) to allow Settlement Class Members to call for additional information and listen to answers to FAQs, and to request that a long form notice and/or a claim form be mailed to them.  In addition, callers have the option to speak with a live agent during normal business hours.  This automated phone system is available 24 hours per day, 7 days per week.  The toll-free telephone number was prominently displayed in all notice documents.  As of April 11, 2024, there have been 259 calls to the toll-free telephone number representing 1,480 minutes of use, and service agents have handled 137 incoming calls representing 1,336 minutes of use, and nine outbound calls representing 34 minutes of use.

19.    A postal mailing address was established and continues to be available to allow Settlement Class Members to contact the Claims Administrator to request additional information or ask questions.

### Requests for Exclusion and Objections

20.    The deadline to request exclusion from the Settlement or to object to the Settlement is April 15, 2024.  As of April 11, 2024, Epiq has received two request for exclusion.  As of April 11, 2024, Epiq has received no objections to the Settlement.

### Claim Submission & Distribution Options

21.    The Notices provided a detailed summary of the relevant information about the

Settlement, including the settlement website address and how Settlement Class Members can file a Claim Form online or by mail prior to the claim filing deadline.  With any method of filing a Claim Form, Settlement Class Members have the option of receiving a digital payment or a traditional paper check.

22.    The deadline for Settlement Class Members to file a Claim Form is April 15, 2024. As of April 11, 2024, Epiq has received 1,264 Claim Forms (1,257 online and seven paper).  The following table provides additional details regarding the eligible benefits that have been claimed, based on address.

| Claim Detail | Claim Count[4] | Claimed Value |
|---|---|---|
| Credit Monitoring and Identity Protection | 1,077 | n/a |
| Ordinary Expense Reimbursement[5] | 77 | $23,100[6] |
| Reimbursement for Lost Time | 638 | $41,160[7] |
| Reimbursement for Extraordinary Expenses | 43 | $135,856.65[8] |

23.    Since the April 15, 2024, claim filing deadline has not yet passed, these numbers

---

[4] Settlement Class Members may submit a claim for any and/or all the Settlement remedies. These stats indicate the number of Claim Forms received and processed to date and are still undergoing final review.
[5] Claims for both Ordinary and Extraordinary Expense Reimbursements are still being reviewed. As of April 11, 2024, there are no substantiated claims for Ordinary Expenses and no substantiated claims for Extraordinary Expenses.
[6] Settlement Class Members who submit a valid claim using the Claim Form are eligible to receive reimbursement for documented out-of-pocket losses not to exceed $300 per Settlement Class Member.  The amount claimed to date is $88,479.92, which exceeds the maximum amount of $300 per Settlement Class Member.  As a result, claims have been reduced to the $300 maximum.
[7] Settlement Class Members who submit a valid claim using the Claim Form are eligible to receive reimbursement for their time spent monitoring accounts, reversing fraudulent charges, or otherwise dealing with the aftermath/cleanup of the Data Incident, at a rate of $20 for up to four (4) hours.
[8] Settlement Class Members who submit a valid claim using the Claim Form are eligible to receive extraordinary expense reimbursement of up to $7,500 per Settlement Class Member.  The amount claimed to date is $135,856.65.  This amount is subject to change after all claim forms have been fully processed.

are preliminary.  By the deadline, I expect additional claims will have been filed by Settlement Class Members.  As standard practice, Epiq is in the process of conducting a complete review and audit of all Claim Forms received.  There is a likelihood that after detailed review, the total number of Claim Forms received, and Claims values will change due to duplicate and denied Claim Forms.

## CONCLUSION

24.     In class action notice planning, execution, and analysis, we are guided by due process considerations under the United States Constitution, by federal and local rules and statutes, and further by case law pertaining to notice.  This framework directs that the notice plan be designed to reach the greatest practicable number of potential class members and, in a settlement class action notice situation such as this, that the notice or notice plan itself not limit knowledge of the availability of benefits—nor the ability to exercise other options—to class members in any way.  All of these requirements were met in this case.

25.     The Notice Plan included an extensive individual notice effort to the identified Settlement Class Members.  With the address updating protocols that were used, the Notice Program individual notice efforts reached approximately 96.4% of the identified Settlement Class Members.  The individual notice was supplemented with a dedicated settlement website.  The Federal Judicial Center's ("FJC") Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide states that "the lynchpin in an objective determination of the adequacy of a proposed notice effort is whether all the notice efforts together will reach a high percentage of the Settlement Class.  It is reasonable to reach between 70–95%."[9]  Here, we have developed and implemented a Notice Plan that readily achieved a reach at the high end of that standard.

26.     The Notice Plan followed the guidance for satisfying due process obligations that a notice expert gleans from the United States Supreme Court's seminal decisions, which emphasize the need: (a) to endeavor to actually inform the Settlement Class, and (b) to ensure that notice is

---

[9] FED. JUDICIAL CTR., JUDGES' CLASS ACTION NOTICE AND CLAIMS PROCESS CHECKLIST AND PLAIN LANGUAGE GUIDE 3 (2010), available at http://www.fjc.gov/public/pdf.nsf/lookup/NotCheck.pdf/$file/NotCheck.pdf.

DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND ADEQUACY OF NOTICE PLAN AND NOTICES

reasonably calculated to do so:

    a)    "[W]hen notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it," *Mullane v. Central Hanover Trust*, 339 U.S. 306, 315 (1950); and

    b)    "[N]otice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) (citing *Mullane*, 339 U.S. at 314).

27.    The Notice Plan provided the best notice practicable under the circumstances, conformed to all aspects of Federal Rule of Civil Procedure, Rule 23 regarding notice, comported with the guidance for effective notice articulated in the Manual for Complex Litigation, Fourth and applicable FJC materials, and exceeded the requirements of due process, including its "desire to actually inform" requirement.

28.    The Notice Plan schedule afforded enough time to provide full and proper notice to Settlement Class Members before the opt-out and objection deadlines.

I declare under penalty of perjury that the foregoing is true and correct. Executed April 11, 2024.

 

_____
Cameron R. Azari, Esq.

DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND ADEQUACY OF NOTICE PLAN AND NOTICES

# Attachment 1

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: CANON U.S.A. DATA BREACH LITIGATION | Case No. 1:20-cv-06239-AMD-SJB |

## DECLARATION OF KYLE S. BINGHAM ON IMPLEMENTATION OF CAFA NOTICE

I, KYLE S. BINGHAM, hereby declare and state as follows:

1.      My name is KYLE S. BINGHAM.  I am over the age of 25 and I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2.      I am the Director of Legal Noticing for Epiq Class Action & Claims Solutions, Inc. ("Epiq"), a firm that specializes in designing, developing, analyzing and implementing large-scale, un-biased, legal notification plans.  I have handled Class Action Fairness Act ("CAFA") notice mailings for more than 350 class action settlements.

3.      Epiq is a firm with more than 25 years of experience in claims processing and settlement administration.  Epiq's class action case administration services include coordination of all notice requirements, design of direct-mail notices, establishment of fulfillment services, receipt and processing of opt-outs, coordination with the United States Postal Service ("USPS"), claims database management, claim adjudication, funds management, and distribution services.

4.       The facts in this Declaration are based on what I personally know, as well as information provided to me in the ordinary course of my business by my colleagues at Epiq.

## CAFA NOTICE IMPLEMENTATION

5.      At the direction of counsel for Defendants Canon U.S.A., Inc., Canon Solutions America, Inc., Canon Software America, Inc., Canon Information and Imaging Solutions, Inc., Canon Financial Services, Inc., Canon Medical Components U.S.A., Inc., Canon Information

Technology Services, Inc., and NT-ware USA, Inc., 57 federal and state officials (Attorney General of the United States and the Attorneys General of each of the 50 states, the District of Columbia, and the United States Territories) were identified to receive CAFA notice.

6.      Epiq maintains a list of these federal and state officials with contact information for the purpose of providing CAFA notice.  Prior to mailing, the names and addresses selected from Epiq's list were verified, then run through the Coding Accuracy Support System ("CASS") maintained by the United States Postal Service ("USPS").[1]

7.      On February 10, 2023, Epiq sent 57 CAFA Notice Packages ("Notice").  The Notice was mailed via USPS Certified Mail to 56 officials (the Attorneys General of each of the 50 states, the District of Columbia, and the United States Territories).  The Notice was also sent via United Parcel Service ("UPS") to the Attorney General of the United States.  The CAFA Notice Service List (USPS Certified Mail and UPS) is included as **Attachment 1**.

8.      The materials sent to the federal and state officials included a Cover Letter, which provided notice of the proposed Settlement of the above-captioned case.  The Cover Letter is included as **Attachment 2**.

9.      The cover letter was accompanied by a CD, which included the following:

   a.   **Per 28 U.S.C. § 1715(b)(1) – Complaint and Any Amended Complaints:** Finnigan Complaint filed 12/23/2020, Hamid Complaint filed 12/31/2020, Rouse Complaint filed 1/25/2021, Consolidated Class Action Complaint filed 4/22/2021 and Consolidated Amended Class Action Complaint filed on 8/2/2021.

   b.   **Per 28 U.S.C. § 1715(b)(3) – Notification to Class Members:** Forms of Notice included as Exhibits A- C of the Settlement Agreement.

---

[1] CASS improves the accuracy of carrier route, 5-digit ZIP®, ZIP + 4® and delivery point codes that appear on mail pieces.  The USPS makes this system available to mailing firms who want to improve the accuracy of postal codes, i.e., 5-digit ZIP®, ZIP + 4®, delivery point (DPCs), and carrier route codes that appear on mail pieces.

    c.    **Per 28 U.S.C. § 1715(b)(4) – Class Action Settlement Agreement:** The following documents were included:

- Settlement Agreement;

- Declaration of Gary M. Klinger and John A. Yanchunis in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement.

- Declaration of Cameron R. Azari, Esq. on Notice Plan and Notices;

- Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement;

- [Proposed] Order Granting Plaintiffs' Preliminary Unopposed Motion For Preliminary Approval of Class Action Settlement;

- Memorandum of Law in Support of Plaintiffs' Unopposed Motion for Preliminary Approval Class Action Settlement; and

- Memorandum Decision and Order.

    d.    **Per 28 U.S.C. § 1715(b)(7) – Estimate of Class Members:** Class Member Geographic Location Report.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 10, 2023.


_____
KYLE S. BINGHAM

DECLARATION OF KYLE S. BINGHAM. ON IMPLEMENTATION OF CAFA NOTICE

# **<u>Attachment 1</u>**

CAFA Notice Service List
USPS Certified Mail

| Company | FullName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Office of the Attorney General | Treg Taylor | 1031 W 4th Ave | Suite 200 | Anchorage | AK | 99501 |
| Office of the Attorney General | Steve Marshall | 501 Washington Ave | | Montgomery | AL | 36104 |
| Office of the Attorney General | Tim Griffin | 323 Center St | Suite 200 | Little Rock | AR | 72201 |
| Office of the Attorney General | Kris Mayes | 2005 N Central Ave | | Phoenix | AZ | 85004 |
| Office of the Attorney General | CAFA Coordinator | Consumer Protection Section | 455 Golden Gate Ave Suite 11000 | San Francisco | CA | 94102 |
| Office of the Attorney General | Phil Weiser | Ralph L Carr Colorado Judicial Center | 1300 Broadway Fl 10 | Denver | CO | 80203 |
| Office of the Attorney General | William Tong | 165 Capitol Ave | | Hartford | CT | 06106 |
| Office of the Attorney General | Brian Schwalb | 400 6th St NW | | Washington | DC | 20001 |
| Office of the Attorney General | Kathy Jennings | Carvel State Bldg | 820 N French St | Wilmington | DE | 19801 |
| Office of the Attorney General | Ashley Moody | State of Florida | The Capitol PL-01 | Tallahassee | FL | 32399 |
| Office of the Attorney General | Chris Carr | 40 Capitol Square SW | | Atlanta | GA | 30334 |
| Department of the Attorney General | Anne E Lopez | 425 Queen St | | Honolulu | HI | 96813 |
| Iowa Attorney General | Brenna Bird | Hoover State Office Building | 1305 E Walnut St | Des Moines | IA | 50319 |
| Office of the Attorney General | Raul Labrador | 700 W Jefferson St Ste 210 | PO Box 83720 | Boise | ID | 83720 |
| Office of the Attorney General | Kwame Raoul | 100 W Randolph St | | Chicago | IL | 60601 |
| Office of the Indiana Attorney General | Todd Rokita | Indiana Government Center South | 302 W Washington St Rm 5 | Indianapolis | IN | 46204 |
| Office of the Attorney General | Kris Kobach | 120 SW 10th Ave 2nd Fl | | Topeka | KS | 66612 |
| Office of the Attorney General | Daniel Cameron | 700 Capitol Ave Suite 118 | | Frankfort | KY | 40601 |
| Office of the Attorney General | Jeff Landry | PO Box 94005 | | Baton Rouge | LA | 70804 |
| Office of the Attorney General | Andrea Campbell | 1 Ashburton Pl 20th Fl | | Boston | MA | 02108 |
| Office of the Attorney General | Anthony G Brown | 200 St Paul Pl | | Baltimore | MD | 21202 |
| Office of the Attorney General | Aaron Frey | 6 State House Station | | Augusta | ME | 04333 |
| Department of Attorney General | Dana Nessel | PO BOX 30212 | | Lansing | MI | 48909 |
| Office of the Attorney General | Keith Ellison | 445 Minnesota St Ste 1400 | | St Paul | MN | 55101 |
| Missouri Attorney General's Office | Andrew Bailey | 207 West High Street | PO Box 899 | Jefferson City | MO | 65102 |
| Mississippi Attorney General | Lynn Fitch | PO Box 220 | | Jackson | MS | 39205 |
| Office of the Attorney General | Austin Knudsen | 215 N Sanders 3rd Fl | PO Box 201401 | Helena | MT | 59620 |
| Attorney General's Office | Josh Stein | 9001 Mail Service Ctr | | Raleigh | NC | 27699 |
| Office of the Attorney General | Drew H Wrigley | 600 E Boulevard Ave Dept 125 | | Bismarck | ND | 58505 |
| Nebraska Attorney General | Mike Hilgers | 2115 State Capitol | PO Box 98920 | Lincoln | NE | 68509 |
| Office of the Attorney General | John Formella | NH Department of Justice | 33 Capitol St | Concord | NH | 03301 |
| Office of the Attorney General | Matthew J Platkin | 25 Market Street | PO Box 080 | Trenton | NJ | 08625 |
| Office of the Attorney General | Raul Torrez | 408 Galisteo St | Villagra Bldg | Santa Fe | NM | 87501 |
| Office of the Attorney General | Aaron Ford | 100 N Carson St | | Carson City | NV | 89701 |
| Office of the Attorney General | CAFA Coordinator | 28 Liberty Street 15th Floor | | New York | NY | 10005 |
| Office of the Attorney General | Dave Yost | 30 E Broad St Fl 14 | | Columbus | OH | 43215 |
| Office of the Attorney General | Gentner Drummond | 313 NE 21st St | | Oklahoma City | OK | 73105 |
| Office of the Attorney General | Ellen F Rosenblum | Oregon Department of Justice | 1162 Court St NE | Salem | OR | 97301 |
| Office of the Attorney General | Josh Shapiro | 16th Fl Strawberry Square | | Harrisburg | PA | 17120 |
| Office of the Attorney General | Peter F Neronha | 150 S Main St | | Providence | RI | 02903 |
| Office of the Attorney General | Alan Wilson | PO Box 11549 | | Columbia | SC | 29211 |
| Office of the Attorney General | Marty Jackley | 1302 E Hwy 14 Ste 1 | | Pierre | SD | 57501 |
| Office of the Attorney General | Jonathan Skrmetti | PO Box 20207 | | Nashville | TN | 37202 |
| Office of the Attorney General | Ken Paxton | PO Box 12548 | | Austin | TX | 78711 |
| Office of the Attorney General | Sean D Reyes | PO Box 142320 | | Salt Lake City | UT | 84114 |
| Office of the Attorney General | Jason S Miyares | 202 N 9th St | | Richmond | VA | 23219 |
| Office of the Attorney General | Charity R Clark | 109 State St | | Montpelier | VT | 05609 |
| Office of the Attorney General | Bob Ferguson | 800 5th Ave Ste 2000 | | Seattle | WA | 98104 |
| Office of the Attorney General | Josh Kaul | PO Box 7857 | | Madison | WI | 53707 |
| Office of the Attorney General | Patrick Morrisey | State Capitol Complex Bldg 1 Room E 26 | 1900 Kanawha Blvd E | Charleston | WV | 25305 |
| Office of the Attorney General | Bridget Hill | 109 State Capital | | Cheyenne | WY | 82002 |
| Department of Legal Affairs | Fainu'ulei Falefatu Ala'ilima-Utu | American Samoa Gov't Exec Ofc Bldg Utulei | Territory of American Samoa | Pago Pago | AS | 96799 |
| Attorney General Office of Guam | Douglas Moylan | Administrative Division | 590 S Marine Corps Dr Ste 901 | Tamuning | GU | 96913 |
| Office of the Attorney General | Edward Manibusan | Administration Bldg | PO Box 10007 | Saipan | MP | 96950 |
| PR Department of Justice | Domingo Emanuelli Hernández | PO Box 9020192 | | San Juan | PR | 00902 |
| Department of Justice | Denise N George | 3438 Kronprindsens Gade Ste 2 | GERS BLDG | St Thomas | VI | 00802 |

**CAFA Notice Service List**

**UPS**

| Company | FullName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| US Department of Justice | Merrick B. Garland | 950 Pennsylvania Ave NW | | Washington | DC | 20530 |

# **Attachment 2**

**CAFA NOTICE ADMINISTRATOR**
HILSOFT NOTIFICATIONS
10300 SW Allen Blvd
Beaverton, OR 97005
P 503-350-5800
DL-CAFA@epiqglobal.com

February 10, 2023

**VIA UPS OR USPS CERTIFIED MAIL**

| Class Action Fairness Act – Notice to Federal and State Officials |
| --- |

Dear Federal and State Officials:

Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1715, please find enclosed information from Defendants Canon U.S.A., Inc., Canon Solutions America, Inc., Canon Software America, Inc., Canon Information and Imaging Solutions, Inc., Canon Financial Services, Inc., Canon Medical Components U.S.A., Inc., Canon Information Technology Services, Inc., and NT-ware USA, Inc. relating to the proposed settlement of a class action lawsuit.

- **Case:** In Re: Canon U.S.A. Data Breach Litigation, Case No. 1:20-cv-06239.

- **Court:** United States District Court for the Eastern District of New York.

- **Defendants:** Canon U.S.A., Inc., Canon Solutions America, Inc., Canon Software America, Inc., Canon Information and Imaging Solutions, Inc., Canon Financial Services, Inc., Canon Medical Components U.S.A., Inc., Canon Information Technology Services, Inc., and NT-ware USA, Inc.

- **Documents Enclosed**: In accordance with the requirements of 28 U.S.C. § 1715, please find copies of the following documents associated with this action on the enclosed CD:

  1. **Per 28 U.S.C. § 1715(b)(1) – Complaint and Any Amended Complaints:** Finnigan Complaint filed 12/23/2020, Hamid Complaint filed 12/31/2020, Rouse Complaint filed 1/25/2021, Consolidated Class Action Complaint filed 4/22/2021, and the Consolidated Amended Class Action Complaint filed 8/2/2021.

  2. **Per 28 U.S.C. § 1715(b)(2) – Notice of Any Scheduled Judicial Hearing:** District Judge Ann M. Donnelly has referred the motion for preliminary approval to Magistrate Judge Sanket J. Bulsara, but no preliminary approval hearing or final approval hearing or any other judicial hearing concerning the settlement agreement has been scheduled as of the time of completion of this Notice.

  3. **Per 28 U.S.C. § 1715(b)(3) – Notification to Class Members:** Forms of Notice included as Exhibits A – C of the Settlement Agreement.

  4. **Per 28 U.S.C. § 1715(b)(4) – Class Action Settlement Agreement:** The following documents are included:

     - Settlement Agreement;

**CAFA NOTICE ADMINISTRATOR**
HILSOFT NOTIFICATIONS
10300 SW Allen Blvd
Beaverton, OR 97005
P 503-350-5800
DL-CAFA@epiqglobal.com

- Declaration of Gary M. Klinger and John A. Yanchunis in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement;

- Declaration of Cameron R. Azari, Esq. on Notice Plan and Notices;

- Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement;

- [Proposed] Order Granting Plaintiff's Preliminary Unopposed Motion for Preliminary Approval of Class Action Settlement;

- Memorandum of Law in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement; and

- Memorandum Decision and Order.

5. **Per 28 U.S.C. § 1715(b)(5) – Any Settlement or Other Agreements:**  There are no other Settlements or Agreements.

6. **Per 28 U.S.C. § 1715(b)(6) – Final Judgment or Notice of Dismissal:**  In a Memorandum Decision and Order dated March 15, 2022, the Court dismissed some of the claims in the Consolidated Amended Complaint upon a motion to dismiss, but otherwise, no final orders or judgments have been entered with respect to the settlement.

7. **Per 28 U.S.C. § 1715(b)(7) – Estimate of Class Members:** Class Member Geographic Location Report.

8. **28 U.S.C. § 1715(b)(8) – Judicial Opinions Related to the Settlement:**  To date, the Court has not issued a final order or judgment in the above-referenced action, other than the Memorandum Decision and Order dated March 15, 2022 that is being provided.

If you have questions or concerns about this notice or the enclosed materials, please contact this office.

Sincerely,

CAFA Notice Administrator

Enclosures

# Attachment 2

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

IN RE: CANON U.S.A. DATA BREACH LITIGATION

Case No. 1:20-cv-06239-AMD-SJB

## DECLARATION OF KYLE S. BINGHAM ON IMPLEMENTATION OF CAFA NOTICE

I, KYLE S. BINGHAM, hereby declare and state as follows:

1.    My name is KYLE S. BINGHAM.  I am over the age of 25 and I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2.    I am the Director of Legal Noticing for Epiq Class Action & Claims Solutions, Inc. ("Epiq"), a firm that specializes in designing, developing, analyzing and implementing large-scale, un-biased, legal notification plans.  I have handled Class Action Fairness Act ("CAFA") notice mailings for more than 350 class action settlements.

3.    Epiq is a firm with more than 25 years of experience in claims processing and settlement administration.  Epiq's class action case administration services include coordination of all notice requirements, design of direct-mail notices, establishment of fulfillment services, receipt and processing of opt-outs, coordination with the United States Postal Service ("USPS"), claims database management, claim adjudication, funds management, and distribution services.

4.    Previously, I executed a *Declaration of Kyle S. Bingham on Implementation of CAFA Notice* on February 10, 2023, which described the CAFA Notice mailing sent on February 10, 2023.

5.    The facts in this Declaration are based on what I personally know, as well as information provided to me in the ordinary course of my business by my colleagues at Epiq.

### CAFA NOTICE IMPLEMENTATION

6.    At the direction of counsel for Defendants Canon U.S.A., Inc., Canon Solutions America, Inc., Canon Software America, Inc., Canon Information and Imaging Solutions, Inc., Canon Financial Services, Inc., Canon Medical Components U.S.A., Inc., Canon Information Technology Services, Inc.,

and NT-ware USA, Inc., 57 federal and state officials (the Attorney General of the United States and the Attorneys General of each of the 50 states, the District of Columbia, and the United States Territories) were identified to receive CAFA notice.

7.    Epiq maintains a list of these federal and state officials with contact information for the purpose of providing CAFA notice.  Prior to mailing, the names and addresses selected from Epiq's list were verified, then run through the Coding Accuracy Support System ("CASS") maintained by the United States Postal Service ("USPS").[1]

8.    On July 17, 2023, Epiq sent 57 CAFA Notice Packages ("Notice").  The Notice was mailed via USPS Certified Mail to 55 officials (the Attorneys General of each of 49 states, the District of Columbia, and the United States Territories).  As per the direction of the Office of the Nevada Attorney General, the Notice was sent to the Nevada Attorney General electronically via email.  The Notice was also sent via United Parcel Service ("UPS") to the Attorney General of the United States.  The CAFA Notice Service List (USPS Certified Mail and UPS) is included as **Attachment 1**.

9.    The materials sent to the federal and state officials included a Cover Letter, which provided notice of the proposed Settlement of the above-captioned case.  The Cover Letter is included as **Attachment 2**.

10.    The cover letter was accompanied by a CD, which included the following:

a.    **Per 28 U.S.C. § 1715(b)(1) – Complaint and Any Amended Complaints:**

- Finnigan Complaint (filed December 23, 2020);

- Hamid Complaint (filed December 31, 2020);

- Rouse Complaint (filed January 25, 2021);

- Consolidated Class Action Complaint (filed April 22, 2021); and

---

[1] CASS improves the accuracy of carrier route, 5-digit ZIP®, ZIP + 4® and delivery point codes that appear on mail pieces.  The USPS makes this system available to mailing firms who want to improve the accuracy of postal codes, i.e., 5-digit ZIP®, ZIP + 4®, delivery point (DPCs), and carrier route codes that appear on mail pieces.

- Consolidated Amended Class Action Complaint (filed on August 8, 2021).

b.    **Per 28 U.S.C. § 1715(b)(3) – Notification to Class Members:** Forms of Notice.

- Long Form Notice *(Exhibit A to the Amended Settlement Agreement)*;

- Short Form Notice *(Exhibit B to the Amended Settlement Agreement)*; and

- Claim Form *(Exhibit C to the Amended Settlement Agreement).*

c.    **Per 28 U.S.C. § 1715(b)(4) – Class Action Settlement Agreement:** The following documents were included:

- Joint Notice Re: Proposed Final Approval Hearing Date and Magistrate Judge Jurisdiction;

- Memorandum of Law in Support of Plaintiffs' Unopposed Renewed Motion for Preliminary Approval of Class Action Settlement;

- Amended Settlement Agreement;

- [Proposed] Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement;

- Plaintiffs' Unopposed Renewed Motion for Preliminary Approval of Class Action Settlement;

- Declaration of Cameron R. Azari, Esq. on Notice Plan and Notices; and

- Declaration of Plaintiff Woodrow Moss in Support of Plaintiffs' Unopposed Renewed Motion for Preliminary Approval of Class Action Settlement.

d.    **Per 28 U.S.C. § 1715(b)(7) – Estimate of Class Members:**  A Class Members Geographic Location Report was included on the CD.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on July 17, 2023.


KYLE S. BINGHAM



DECLARATION OF KYLE S. BINGHAM. ON IMPLEMENTATION OF CAFA NOTICE

3

# **Attachment 1**

CAFA Notice Service List
USPS Certified Mail

| Company | FullName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Office of the Attorney General | Treg Taylor | 1031 W 4th Ave | Suite 200 | Anchorage | AK | 99501 |
| Office of the Attorney General | Steve Marshall | 501 Washington Ave | | Montgomery | AL | 36104 |
| Office of the Attorney General | Tim Griffin | 323 Center St | Suite 200 | Little Rock | AR | 72201 |
| Office of the Attorney General | Kris Mayes | 2005 N Central Ave | | Phoenix | AZ | 85004 |
| Office of the Attorney General | CAFA Coordinator | Consumer Protection Section | 455 Golden Gate Ave Suite 11000 | San Francisco | CA | 94102 |
| Office of the Attorney General | Phil Weiser | Ralph L Carr Colorado Judicial Center | 1300 Broadway Fl 10 | Denver | CO | 80203 |
| Office of the Attorney General | William Tong | 165 Capitol Ave | | Hartford | CT | 06106 |
| Office of the Attorney General | Brian Schwalb | 400 6th St NW | | Washington | DC | 20001 |
| Office of the Attorney General | Kathy Jennings | Carvel State Bldg | 820 N French St | Wilmington | DE | 19801 |
| Office of the Attorney General | Ashley Moody | State of Florida | The Capitol PL-01 | Tallahassee | FL | 32399 |
| Office of the Attorney General | Chris Carr | 40 Capitol Square SW | | Atlanta | GA | 30334 |
| Department of the Attorney General | Anne E Lopez | 425 Queen St | | Honolulu | HI | 96813 |
| Iowa Attorney General | Brenna Bird | Hoover State Office Building | 1305 E Walnut St | Des Moines | IA | 50319 |
| Office of the Attorney General | Raul Labrador | 700 W Jefferson St Ste 210 | PO Box 83720 | Boise | ID | 83720 |
| Office of the Attorney General | Kwame Raoul | 100 W Randolph St | | Chicago | IL | 60601 |
| Office of the Indiana Attorney General | Todd Rokita | Indiana Government Center South | 302 W Washington St Rm 5 | Indianapolis | IN | 46204 |
| Office of the Attorney General | Kris Kobach | 120 SW 10th Ave 2nd Fl | | Topeka | KS | 66612 |
| Office of the Attorney General | Daniel Cameron | 700 Capitol Ave Suite 118 | | Frankfort | KY | 40601 |
| Office of the Attorney General | Jeff Landry | PO Box 94005 | | Baton Rouge | LA | 70804 |
| Office of the Attorney General | Andrea Campbell | 1 Ashburton Pl 20th Fl | | Boston | MA | 02108 |
| Office of the Attorney General | Anthony G Brown | 200 St Paul Pl | | Baltimore | MD | 21202 |
| Office of the Attorney General | Aaron Frey | 6 State House Station | | Augusta | ME | 04333 |
| Department of Attorney General | Dana Nessel | PO BOX 30212 | | Lansing | MI | 48909 |
| Office of the Attorney General | Keith Ellison | 445 Minnesota St Ste 1400 | | St Paul | MN | 55101 |
| Missouri Attorney General's Office | Andrew Bailey | 207 West High Street | PO Box 899 | Jefferson City | MO | 65102 |
| Mississippi Attorney General | Lynn Fitch | PO Box 220 | | Jackson | MS | 39205 |
| Office of the Attorney General | Austin Knudsen | 215 N Sanders 3rd Fl | PO Box 201401 | Helena | MT | 59620 |
| Attorney General's Office | Josh Stein | 9001 Mail Service Ctr | | Raleigh | NC | 27699 |
| Office of the Attorney General | Drew H Wrigley | 600 E Boulevard Ave Dept 125 | | Bismarck | ND | 58505 |
| Nebraska Attorney General | Mike Hilgers | 2115 State Capitol | PO Box 98920 | Lincoln | NE | 68509 |
| Office of the Attorney General | John Formella | NH Department of Justice | 33 Capitol St | Concord | NH | 03301 |
| Office of the Attorney General | Matthew J Platkin | 25 Market Street | PO Box 080 | Trenton | NJ | 08625 |
| Office of the Attorney General | Raul Torrez | 408 Galisteo St | Villagra Bldg | Santa Fe | NM | 87501 |
| Office of the Attorney General | CAFA Coordinator | 28 Liberty Street 15th Floor | | New York | NY | 10005 |
| Office of the Attorney General | Dave Yost | 30 E Broad St Fl 14 | | Columbus | OH | 43215 |
| Office of the Attorney General | Gentner Drummond | 313 NE 21st St | | Oklahoma City | OK | 73105 |
| Office of the Attorney General | Ellen F Rosenblum | Oregon Department of Justice | 1162 Court St NE | Salem | OR | 97301 |
| Office of the Attorney General | Michelle A. Henry | 16h Fl Strawberry Square | | Harrisburg | PA | 17120 |
| Office of the Attorney General | Peter F Neronha | 150 S Main St | | Providence | RI | 02903 |
| Office of the Attorney General | Alan Wilson | PO Box 11549 | | Columbia | SC | 29211 |
| Office of the Attorney General | Marty Jackley | 1302 E Hwy 14 Ste 1 | | Pierre | SD | 57501 |
| Office of the Attorney General | Jonathan Skrmetti | PO Box 20207 | | Nashville | TN | 37202 |
| Office of the Attorney General | Ken Paxton | PO Box 12548 | | Austin | TX | 78711 |
| Office of the Attorney General | Sean D Reyes | PO Box 142320 | | Salt Lake City | UT | 84114 |
| Office of the Attorney General | Jason S Miyares | 202 N 9th St | | Richmond | VA | 23219 |
| Office of the Attorney General | Charity R Clark | 109 State St | | Montpelier | VT | 05609 |
| Office of the Attorney General | Bob Ferguson | 800 5th Ave Ste 2000 | | Seattle | WA | 98104 |
| Office of the Attorney General | Josh Kaul | PO Box 7857 | | Madison | WI | 53707 |
| Office of the Attorney General | Patrick Morrisey | State Capitol Complex Bldg 1 Room E 26 | 1900 Kanawha Blvd E | Charleston | WV | 25305 |
| Office of the Attorney General | Bridget Hill | 109 State Capital | | Cheyenne | WY | 82002 |
| Department of Legal Affairs | Fainu'ulei Falefatu Ala'ilima-Utu | American Samoa Gov't Exec Ofc Bldg Utulei | Territory of American Samoa | Pago Pago | AS | 96799 |
| Attorney General Office of Guam | Douglas Moylan | Administrative Division | 590 S Marine Corps Dr Ste 901 | Tamuning | GU | 96913 |
| Office of the Attorney General | Edward Manibusan | Administration Bldg | PO Box 10007 | Saipan | MP | 96950 |
| PR Department of Justice | Domingo Emanuelli Hernández | PO Box 9020192 | | San Juan | PR | 00902 |
| Department of Justice | Ariel K Smith | 3438 Kronprindsens Gade Ste 2 | GERS BLDG | St Thomas | VI | 00802 |

**CAFA Notice Service List**

**Email**

| Company | Contact Format | State |
|---|---|---|
| Office of the Attorney General for Nevada | All documents sent to NV AG at their dedicated CAFA email inbox. | NV |

**CAFA Notice Service List**

**UPS**

| Company | FullName | Address1 | Address2 | City | State | Zip |
|---------|----------|----------|----------|------|-------|-----|
| US Department of Justice | Merrick B. Garland | 950 Pennsylvania Ave NW | | Washington | DC | 20530 |

# **Attachment 2**

**CAFA NOTICE ADMINISTRATOR**
HILSOFT NOTIFICATIONS
10300 SW Allen Blvd
Beaverton, OR 97005
P 503-350-5800
DL-CAFA@epiqglobal.com

July 17, 2023

**VIA UPS OR USPS CERTIFIED MAIL**

| Class Action Fairness Act – Notice to Federal and State Officials |
| --- |

Dear Federal and State Officials:

Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1715, please find enclosed information from Defendants Canon U.S.A., Inc., Canon Solutions America, Inc., Canon Software America, Inc., Canon Information and Imaging Solutions, Inc., Canon Financial Services, Inc., Canon Medical Components U.S.A., Inc., Canon Information Technology Services, Inc., and NT-ware USA, Inc. relating to the proposed settlement of a class action lawsuit.

On February 10, 2023, you were previously notified of a proposed class action settlement *In Re Canon U.S.A. Data Breach Litigation,* United States District Court for the Eastern District of New York, Case No. 1:20-cv-06239. That notice was provided within ten days of the proposed settlement being filed with the Court and included all the information required by 28 U.S.C. § 1715(b). This is a follow-up notice in connection with an amended settlement agreement.

- **Case:** *In Re: Canon U.S.A. Data Breach Litigation*, Case No. 1:20-cv-06239.

- **Court:** United States District Court for the Eastern District of New York.

- **Defendants:** Canon U.S.A., Inc., Canon Solutions America, Inc., Canon Software America, Inc., Canon Information and Imaging Solutions, Inc., Canon Financial Services, Inc., Canon Medical Components U.S.A., Inc., Canon Information Technology Services, Inc., and NT-ware USA, Inc.

- **Documents Enclosed**: In accordance with the requirements of 28 U.S.C. § 1715, please find copies of the following documents associated with this action on the enclosed CD:

  1. **Per 28 U.S.C. § 1715(b)(1) – Complaint and Any Amended Complaints:** Finnigan Complaint filed 12/23/2020, Hamid Complaint filed 12/31/2020, Rouse Complaint filed 1/25/2021, Consolidated Class Action Complaint filed 4/22/2021, and the Consolidated Amended Class Action Complaint filed 8/2/2021.

  2. **Per 28 U.S.C. § 1715(b)(2) – Notice of Any Scheduled Judicial Hearing:** District Judge Ann M. Donnelly has referred the motion for preliminary approval to Magistrate Judge Sanket J. Bulsara, but no preliminary approval hearing or final approval hearing or any other judicial hearing concerning the settlement agreement has been scheduled as of the time of completion of this Notice.

  3. **Per 28 U.S.C. § 1715(b)(3) – Notification to Class Members:** Forms of Notice.

     a. Long Form Notice *(Exhibit A to the Amended Settlement Agreement)*;

**CAFA NOTICE ADMINISTRATOR**
HILSOFT NOTIFICATIONS
10300 SW Allen Blvd
Beaverton, OR 97005
P 503-350-5800
DL-CAFA@epiqglobal.com

b.  Short Form Notice *(Exhibit B to the Amended Settlement Agreement)*; and

c.  Claim Form *(Exhibit C to the Amended Settlement Agreement)*.

4.  **Per 28 U.S.C. § 1715(b)(4) – Class Action Settlement Agreement:**  The following documents are included:

- Joint Notice Re: Proposed Final Approval Hearing Date and Magistrate Judge Jurisdiction;

- Memorandum of Law in Support of Plaintiffs' Unopposed Renewed Motion for Preliminary Approval of Class Action Settlement;

- Amended Settlement Agreement;

- [Proposed] Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement;

- Plaintiffs' Unopposed Renewed Motion for Preliminary Approval of Class Action Settlement;

- Declaration of Cameron R. Azari, Esq. on Notice Plan and Notices; and

- Declaration of Plaintiff Woodrow Moss in Support of Plaintiffs' Unopposed Renewed Motion for Preliminary Approval of Class Action Settlement.

5.  **Per 28 U.S.C. § 1715(b)(5) – Any Settlement or Other Agreements:**  There are no other Settlements or Agreements.

6.  **Per 28 U.S.C. § 1715(b)(6) – Final Judgment or Notice of Dismissal:**  In a Memorandum Decision and Order dated March 15, 2022, the Court dismissed some of the claims in the Consolidated Amended Complaint upon a motion to dismiss, but otherwise, no final orders or judgments have been entered with respect to the settlement.

7.  **Per 28 U.S.C. § 1715(b)(7) – Estimate of Class Members:** A Class Member Geographic Location Report is included on the enclosed CD.

8.  **28 U.S.C. § 1715(b)(8) – Judicial Opinions Related to the Settlement:**  To date, the Court has not issued a final order or judgment in the above-referenced action, other than the Memorandum Decision and Order dated March 15, 2022 that is being provided.

If you have questions or concerns about this notice or the enclosed materials, please contact this office.

Sincerely,

CAFA Notice Administrator

Enclosures

# Attachment 3

Canon Settlement
c/o Canon Claims Administrator
P.O. Box 2057
Portland, OR 97208-2057

PRESORTED
FIRST-CLASS MAIL
AUTO
U.S. POSTAGE
PAID
PORTLAND, OR
PERMIT NO. 2882

**<u>Notice of Pendency and Proposed Settlement of Class Action</u>**

**If you received a Notice of a Privacy Incident regarding the Data Incident from Canon U.S.A. on or around November 24, 2020, you may be eligible for a payment from a class action settlement.**

**Unique ID:** ▮▮▮▮▮▮▮▮



1
1

A Settlement has been reached in a class action lawsuit ("Lawsuit") about a data incident that occurred on or around August 4, 2020, which potentially left personal information accessible to the public (the "Data Incident"). The information at issue may have included certain names, Social Security numbers, driver's license numbers or government-issued identification numbers, financial account numbers provided for direct deposit, electronic signatures, and dates of birth. The Lawsuit alleges that Canon U.S.A., Inc.; Canon Solutions America, Inc.; Canon Software America, Inc.; Canon Information and Imaging Solutions, Inc.; Canon Financial Services, Inc.; Canon Medical Components U.S.A., Inc.; Canon Information Technology Services, Inc.; and NT-ware USA, Inc. (collectively, "Canon") were responsible for the Data Incident because they did not take appropriate care to protect the personal information. Canon denies the claims and any wrongdoing. **Canon records show you are likely a member of the Settlement Class.** The Settlement will reimburse eligible people who submit claims for (1) unreimbursed, documented out-of-pocket expenses and compensation for attested-to lost time resulting from the Data Incident, up to a maximum of $300 per person; and (2) unreimbursed, documented extraordinary expenses that were caused by the Data Incident, up to a maximum of $7,500 per person. The Settlement also includes two years of credit monitoring with identity theft insurance. **If you are a Settlement Class Member and you want to receive any benefits from the Settlement, you must complete and submit a Claim Form along with any required supporting information. Claim Forms can be found and completed on this website: www.CanonClaimsSettlement.com. The deadline to submit a Claim Form is April 15, 2024.** Settlement Class Members may also request exclusion from the Settlement or object to it. Requests for exclusion are due by **April 15, 2024**. Settlement Class Members who do not request exclusion can object to the Settlement. Objections are due by **April 15, 2024**. The Court will hold a Final Settlement Approval Hearing on **April 25, 2024 2:30 p.m.** at the U.S. District Court for the Eastern District of New York located at 225 Cadman Plaza E, Brooklyn, NY 11201 to consider whether to approve the Settlement. The Court will hear objections, determine if the Settlement is fair, consider a service award of up to $1,000 for the Representative Plaintiffs, and consider Class Counsel's request for attorneys' fees, costs, and expenses, which will be filed at least thirty (30) days before the deadline to file an objection. You or your own lawyer may ask to appear at the hearing to be heard by the Court, but you do not have to. The motion for attorneys' fees and costs and service awards for the Representative Plaintiffs will be posted on the website after it is filed with the Court. The Court has appointed the following Counsel as Interim Class Counsel to represent the Settlement Class in this Lawsuit: John Yanchunis of Morgan & Morgan and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, LLC. *This is only a summary.* For detailed information, visit **www.CanonClaimsSettlement.com** or call **1-888-970-5658**. You may contact the Claims Administrator at Canon Settlement, c/o Canon Claims Administrator, P.O. Box 2057, Portland, OR 97208-2057.

AJ5402 v.05

# Attachment 4

# If you were notified on or around November 24, 2020, of a Data Incident involving Canon, you may be entitled to benefits from a settlement.

*A Federal court has authorized this Notice. This is <u>not</u> a solicitation from a lawyer.*

• A settlement has been reached in a class action lawsuit against Canon U.S.A., Inc., Canon Solutions America, Inc., Canon Software America, Inc., Canon Information and Imaging Solutions, Inc., Canon Financial Services, Inc., Canon Medical Components U.S.A., Inc., Canon Information Technology Services, Inc., and NT-ware USA, Inc., ("Canon" or "Defendants"), arising out of a Data Incident in which personal information may have been exposed to unauthorized activity. The information at issue may have included certain names, Social Security Numbers, driver's license numbers or government-issued identification numbers, financial account numbers provided for direct deposit, electronic signatures, and dates of birth (the "PII").

• You are a "Settlement Class Member" if you were sent the "Notice of Data Security Incident" by Canon dated on or around November 24, 2020. By submitting a valid and timely Claim Form, you are potentially eligible for certain Settlement Benefits:

<u>**Ordinary Expense Reimbursement:**</u> If you have documentation showing that you spent money or incurred losses as a result of the Data Incident, you are eligible to receive up to $300 for certain documented out-of-pocket losses incurred between August 4, 2020, and June 29, 2023.

<u>**Other Extraordinary Expense Reimbursement:**</u> You may be eligible to receive up to $7,500 for Extraordinary Expenses that was plausibly a result of the Data Incident if: (a) it is an actual, documented, and unreimbursed monetary loss; (b) was caused by the Data Incident; (c) occurred during the time period from August 4, 2020, through and including June 29, 2023.; (d) is not an amount already covered by the Ordinary Expense Reimbursement; and (e) the claimant made reasonable efforts to avoid, or seek reimbursement for the loss, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance, to be supported with documentation.

<u>**Credit Monitoring and Identity Protection:**</u> You are eligible for two (2) years of credit monitoring services.

**This Notice may affect your rights.  Please read it carefully.**

• These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

| Your Legal Rights and Options | | Deadline |
|---|---|---|
| **Submit a Claim Form** | You will be ineligible to receive any Settlement Benefits if you fail to submit a Claim Form. | **April 15, 2024** |
| **Exclude Yourself** | Get no Settlement Benefits. Keep your right to file your own lawsuit against the Defendants about the legal claims in this case. | **April 15, 2024** |
| **Object** | Tell the Court why you do not like the Settlement. You will still be bound by the Settlement if the Court approves it.<br>You may still file a Claim Form and/or receive Identity Theft Protection Services. | **April 15, 2024** |
| **Do Nothing** | Get no Settlement Benefits. Be bound by the Settlement. | |

• The Court in charge of this case must still decide whether to approve the Settlement and the requested attorneys' fees and expenses. No Settlement Benefits or payments will be provided unless the Court approves the Settlement and it becomes final.

**Questions? Go to www.CanonClaimsSettlement.com or call 1-888-970-5658.**

**BASIC INFORMATION** ................................................................................**PAGE 3**
    1. Why is this Notice being provided?
    2. What is this lawsuit about?
    3. Why is the lawsuit a class action?
    4. Why is there a Settlement?

**WHO IS INCLUDED IN THE SETTLEMENT?** ....................................................**PAGE 4**
    5. How do I know if I am part of the Settlement?
    6. Are there exceptions to being included in the Settlement?
    7. What if I am still not sure whether I am part of the Settlement?

**THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY** ..................**PAGE 4**
    8. What does the Settlement provide?
    9. Is there additional information available regarding the Settlement Benefits?
    10. What am I giving up to receive Settlement Benefits or stay in the Settlement Class?
    11. What are the Released Claims?

**HOW TO GET BENEFITS FROM THE SETTLEMENT** ........................................**PAGE 6**
    12. How do I make a claim for Settlement benefits?
    13. What happens if my contact information changes after I submit a claim?
    14. When will I receive my Settlement benefits?

**THE LAWYERS REPRESENTING YOU** ............................................................**PAGE 6**
    15. Do I have a lawyer in this case?
    16. How will Interim Class Counsel be paid?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ..........................................**PAGE 7**
    17. How do I get out of the Settlement?
    18. If I exclude myself, can I get anything from this Settlement?
    19. If I do not exclude myself, can I sue the Defendants for the same thing later?

**OBJECT TO THE SETTLEMENT** ....................................................................**PAGE 7**
    20. How do I tell the Court that I do not like the Settlement?
    21. What is the difference between objecting and asking to be excluded?

**THE FINAL FAIRNESS HEARING** ..................................................................**PAGE 8**
    22. When and where will the Court decide whether to approve the Settlement?
    23. Do I have to attend the Final Fairness Hearing?
    24. May I speak at the Final Fairness Hearing?

**IF YOU DO NOTHING** ..................................................................................**PAGE 9**
    25. What happens if I do nothing at all?

**GETTING MORE INFORMATION** ..................................................................**PAGE 9**
    26. How do I get more information?

**Questions? Go to www.CanonClaimsSettlement.com or call 1-888-970-5658.**

# BASIC INFORMATION

### 1.  Why is this Notice being provided?

A Federal Court authorized this Notice because you have the right to know about the proposed Settlement of this class action lawsuit and about your rights and options before the Court decides whether to grant final approval of the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for the benefits, and how to get them.

District Judge Ann M. Donnelly and Magistrate Judge Sanket J. Bulsara of the United States District Court for the Eastern District of New York are overseeing this class action case. The case is known as In re: Canon U.S.A. Data Breach Litigation, Case No. 1:20-cv-06239-AMD-SJB, (the "Litigation"). The person who filed this lawsuit is called the "Plaintiff" or "Representative Plaintiff" and the companies they sued, Canon U.S.A., Inc., Canon Solutions America, Inc., Canon Software America, Inc., Canon Information and Imaging Solutions, Inc., Canon Financial Services, Inc., Canon Medical Components U.S.A., Inc., Canon Information Technology Services, Inc., and NT-ware USA, Inc., are collectively referred to in this document as "Canon" or the "Defendants."

### 2.  What is this lawsuit about?

This litigation arises from a ransomware attack suffered by Canon on or about August 4, 2020 (the "Data Incident"). On November 24, 2020, after a preliminary investigation, Canon sent a "Notice of Data Breach" to those employees who worked for Canon from 2005-2020 who may have been affected by the Data Incident, as well as their beneficiaries and dependents. Canon's Notice of Data Breach informed the relevant individuals that their information may have been exposed to unauthorized activity and that the information at issue included certain PII. No court or other entity has determined that Canon committed any wrongdoing or violated any law. By entering the Settlement, Canon is not admitting any wrongdoing or liability.

### 3.  Why is the lawsuit a class action?

In a class action, a representative plaintiff or plaintiffs sues on behalf of all people who have similar claims. Together all these people are called a Settlement Class or Settlement Class Members. One court resolves the issues for all Settlement Class Members, except for those Settlement Class Members who timely exclude themselves from the Settlement Class.

The proposed Representative Plaintiffs in this case are Michael Finnigan, Kenneth Buchbinder, Brian McCartney, Tyrone Villacis, Luis Pichardo, Andrew Hamid, Amy Lynn Hamid, Woodrow Moss, and Diana Rouse.

### 4.  Why is there a Settlement?

Plaintiffs and Canon do not agree about the claims made in this Litigation. The Litigation has not gone to trial, and the Court has not decided in favor of any party. Instead, Plaintiffs and Canon have agreed to settle the Litigation. Plaintiffs and the attorneys for the Settlement Class ("Interim Class Counsel") believe the Settlement is best for all Settlement Class Members because of the Settlement Benefits and the risks and uncertainty associated with continued litigation and the nature of the defenses raised by Canon.

**Questions? Go to www.CanonClaimsSettlement.com or call 1-888-970-5658.**

3

# WHO IS INCLUDED IN THE SETTLEMENT?

### 5.  How do I know if I am part of the Settlement?

You are a Settlement Class Member if you were one of the individuals residing in the United States who received a Notice of Data Security Incident that Canon sent to Plaintiffs and others in substantially the same form on or around November 24, 2020.

### 6.  Are there exceptions to being included in the Settlement?

Yes. Excluded from the Settlement Class are: (i) Canon and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) the attorneys representing the Parties in the Litigation.

### 7.  What if I am still not sure whether I am part of the Settlement?

If you are still not sure whether you are a Settlement Class Member, you may go to the Settlement Website at www.CanonClaimsSettlement.com or call the Claims Administrator's toll-free number at 1-888-970-5658.

# THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

### 8.  What does the Settlement provide?

If you are a Settlement Class Member and you file a valid and timely Claim Form by April 15, 2024, you may be eligible for the following Settlement Benefits:

For your claim to be valid, you must complete a statement on the Claim Form under penalty of perjury that your claim is true and correct to the best of your knowledge and belief. You must reasonably attest that the Data Incident caused you to incur any claimed out-of-pocket expenses and charges. Failure to provide the above statement and documentation as requested on the Claim Form shall result in denial of a claim.

Ordinary Expense Reimbursement

All Settlement Class Members who submit a valid claim using the Claim Form are eligible to receive reimbursement for documented out-of-pocket losses that were incurred between August 1, 2020, and June 29, 2023, if documented and plausibly caused by the Data Incident, not to exceed $300 per Settlement Class Member, including:

- Cost to obtain credit reports.
- Fees relating to a credit freeze;
- Card replacement fees;
- Late fees;
- Overlimit fees;
- Interest on payday loans taken as a result of the Data Incident;
- Other bank or credit card fees;
- Postage, mileage, and other incidental expenses resulting from lack of access to an existing account;

- Costs associated with credit monitoring or identity theft insurance purchased between August 1, 2020, and June 29, 2023, if purchased primarily as a result of the Data Incident (You must provide reasonable documentation and an affirmative statement that it was purchased primarily because of the Data Incident, and with proof of purchase); and
- Compensation for attested-to lost time: Settlement Class Members who submit a valid claim using the Claim Form are eligible to receive reimbursement for their time spent monitoring accounts, reversing fraudulent charges, or otherwise dealing with the aftermath/cleanup of the Data Incident, at a rate of $20 for up to four (4) hours. (You must at least provide attestation or at least a narrative description of the activities performed during the time claimed and their connection to the Data Incident to receive this benefit.)

<u>Extraordinary Expense Reimbursement</u>

Settlement Class Members who submit a valid claim using the Claim Form are eligible to receive extraordinary expense reimbursement of up to $7,500 per Settlement Class Member for monetary out-of-pocket losses that was plausibly caused by the Data Incident if:

- It is an actual, documented, and unreimbursed monetary loss;
- Occurred during the time period from August 2020, through and including June 29, 2023;
- Is not an amount already covered by one or more of the categories in ordinary expense reimbursement listed above; and
- You made reasonable efforts to avoid, or seek reimbursement for the loss, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance, to be supported with documentation.

<u>Credit Monitoring and Identity Protection</u>

You are eligible to receive two years of credit monitoring services, and these services include three bureau credit monitoring and alerts. Settlement Class Members must affirmatively request credit monitoring by indicating such request on the Claim Form. Redemption codes will then be sent either to an email address provided by you or, if you do not have an email address, mailed to the address provided on the claim form.

## 9.    What am I giving up to receive Settlement Benefits or stay in the Settlement Class?

Unless you exclude yourself, you are choosing to remain in the Settlement Class. If the Settlement is approved and becomes final, all of the Court's orders will apply to you and legally bind you. You will not be able to sue, continue to sue, or be part of any other lawsuit against Canon and Released Parties about the legal issues in this Litigation that are released by this Settlement. The specific rights you are giving up are called "Released Claims."

## 10.   What are the Released Claims?

The Settlement Agreement in Sections 1.22 and 6 describes the Release, Released Claims, and the Released Parties in necessary legal terminology, so please read these sections carefully. The Settlement Agreement is available at www.CanonClaimsSettlement.com or in the public court records on file in this lawsuit. For questions regarding the Release and what it means, you can also contact one of the lawyers listed in Question 14 for free, or you can talk to your own lawyer at your own expense.

# HOW TO GET BENEFITS FROM THE SETTLEMENT

## 11. How do I make a claim for Settlement Benefits?

To submit a claim for reimbursement for Ordinary Expense Reimbursement, Extraordinary Expense Reimbursement, or Credit Monitoring and Identity Protection, you must submit a valid Claim Form.

Settlement Class Members seeking reimbursement under the Settlement must complete and submit a Claim Form to the Claims Administrator, postmarked or submitted online on or before **April 15, 2024**. Claim Forms may be submitted online at www.CanonClaimsSettlement.com, or printed from the website and mailed to the Claims Administrator at the address on the form. The quickest way to submit a claim is online. Claim Forms are also available by calling 1-888-970-5658 or by writing to:

Canon Claims Administrator
P.O. Box 2057
Portland, OR 97208-2057

## 12. What happens if my contact information changes after I submit a claim?

If you change your mailing address or email address after you submit a Claim Form, it is your responsibility to inform the Claims Administrator of your updated information. You may notify the Claims Administrator of any changes by calling 1-888-970-5658 or by writing to:

Canon Claims Administrator
P.O. Box 2057
Portland, OR 97208-2057

## 13. When will I receive my Settlement Benefits?

If you make a valid Claim, payment will be provided by the Claims Administrator after the Settlement is approved by the Court and becomes final.

It may take time for the Settlement to be approved and become final. Please be patient and check www.CanonClaimsSettlement.com for updates.

# THE LAWYERS REPRESENTING YOU

## 14. Do I have a lawyer in this case?

Yes, the Court has appointed John Yanchunis of Morgan & Morgan and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, LLC as Interim Class Counsel to represent you and the Settlement Class for the purposes of this Settlement. You may hire your own lawyer at your own cost and expense if you want someone other than Interim Class Counsel to represent you in this Litigation.

## 15. How will Interim Class Counsel be paid?

Interim Class Counsel will file a motion asking the Court to award them reasonable attorneys' fees and costs in an amount to be determined by the Court to be paid by Canon. They will also ask the Court to approve a service award of $1,000 to each of the Representative Plaintiffs for participating in this Litigation and for their efforts in achieving the Settlement. If awarded by the Court, Canon will pay reasonable fees, costs, expenses, and incentive awards directly. Interim Class Counsel and Canon

have not agreed to what makes up reasonable attorneys' fees and costs in this matter and the Court may award less than the amounts sought by Representative Plaintiffs and Interim Class Counsel.

Interim Class Counsel's application for attorneys' fees, expenses, and service awards will be made available on the settlement website at www.CanonClaimsSettlement.com at least 30 days before the deadline for you to comment or object to the Settlement.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you are a Settlement Class Member and want to keep any right you may have to sue or continue to sue the Defendants on your own based on the claims raised in this Litigation or released by the Released Claims, then you must take steps to get out of the Settlement. This is called excluding yourself from – or "opting-out" of – the Settlement.

## 16. How do I get out of the Settlement?

To opt out of the Settlement, you must mail written notice of a request for exclusion. The written notice must be signed and clearly state that you wish to be excluded from the Settlement Class. You may only submit an opt-out request on your own behalf; mass or class opt-outs will not be permitted.

The exclusion request must be **postmarked** and sent to the Claims Administrator at the following address by **April 15, 2024**:

Canon Claims Administrator
Exclusions
P.O. Box 2057
Portland, OR 97208-2057

You cannot exclude yourself by telephone or by email.

## 17. If I exclude myself, can I still get anything from this Settlement?

No. If you exclude yourself, you are telling the Court you do not want to be part of the Settlement. You can only get Settlement Benefits if you stay in the Settlement and submit a valid Claim Form.

## 18. If I do not exclude myself, can I sue the Defendants for the same thing later?

No. Unless you exclude yourself, you give up any right to sue the Defendants and Released Parties for the claims this Settlement resolves relating to the Data Incident. You must exclude yourself from this Litigation to start or continue with your own lawsuit or be part of any other lawsuit against the Defendants or any of the Released Parties. If you have a pending lawsuit, speak to your lawyer in that case immediately.

# OBJECT TO THE SETTLEMENT

## 19. How do I tell the Court that I do not like the Settlement?

If you are a Settlement Class Member, you can tell the Court you do not agree with all or any part of the Settlement or the requested attorneys' fees and expenses. You can also give reasons why you think the Court should not approve the Settlement or attorneys' fees and expenses.

To object, you must file a timely written notice of your objection so it is received by **April 15, 2024**. Such notice must state:

**Questions? Go to www.CanonClaimsSettlement.com or call 1-888-970-5658.**

7

- Your full name, address, telephone number, and e-mail address (if any);
- Information identifying you as a Settlement Class Member, including proof that you are a member of the Settlement Class;
- A written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable;
- The identity of all counsel representing you, if any;
- A statement whether you and/or your counsel will appear at the Final Fairness Hearing; and
- Your signature or the signature of your duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation).

To be timely, written notice of an objection in the appropriate form must be sent to the Claims Administrator with copies sent to Interim Class Counsel by **April 15, 2024**.

Any Settlement Class Member who fails to comply with the requirements for objecting in Section 5 of the Settlement Agreement shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Litigation.

## 20. What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court you do not like something about the Settlement or requested attorneys' fees and expenses. You can object only if you stay in the Settlement Class (that is, do not exclude yourself). Requesting exclusion is telling the Court you do not want to be part of the Settlement Class or the Settlement. If you exclude yourself, you cannot object to the Settlement.

# THE FINAL FAIRNESS HEARING

## 21. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Fairness Hearing on April 25, 2024, at 02:30 pm. before Judge Ann M. Donnelly (or such other judicial officer as designated by the Court), United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and decide whether to approve: the Settlement, Interim Class Counsel's application for attorneys' fees, costs, and expenses, and the incentive awards to Plaintiffs. If there are objections, the Court will consider them. The Court may also listen to people who have asked to speak at the hearing.

<u>Note</u>: The date and time of the Final Fairness Hearing are subject to change. Any change will be posted at www.CanonClaimsSettlement.

## 22. Do I have to attend to the Final Fairness Hearing?

No. Interim Class Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to speak about it. As long as you file or mail your written objection on time, the Court will consider it.

## 23. May I speak at the Final Fairness Hearing?

Yes, as long as you do not exclude yourself, you can (but do not have to) participate and speak for yourself in this Litigation and Settlement. This is called making an appearance. You also can have your own lawyer speak for you, but you will have to hire and pay for your own lawyer.

If you want to appear, or if you want your own lawyer instead of Interim Class Counsel to speak for you in this Litigation, you must follow all of the procedures for objecting to the Settlement listed in Section 20 above—and specifically include a statement whether you and your counsel will appear at the Final Fairness Hearing.

# IF YOU DO NOTHING

## 24. What happens if I do nothing at all?

If you are a Settlement Class Member and you do nothing, you will not receive any Settlement Benefits. You will give up rights explained in the "Excluding Yourself from the Settlement" section of this Notice, including your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Canon or any of the Released Parties about the legal issues in this Litigation that are released by the Settlement Agreement relating to the Data Incident.

# GETTING MORE INFORMATION

## 25. How do I get more information?

This Notice summarizes the proposed Settlement. Complete details are provided in the Settlement Agreement. The Settlement Agreement and other related documents are available at www.CanonClaimsSettlement.com, by calling 1-888-970-5658, or by writing to:

Canon Claims Administrator
P.O. Box 2057
Portland, OR 97208-2057

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT'S CLERK OFFICE REGARDING THIS NOTICE.**

**Questions? Go to www.CanonClaimsSettlement.com or call 1-888-970-5658.**

9

Attachment 5

**Must be postmarked or submitted online NO LATER THAN April 15, 2024**

Canon Data Incident Claims Administrator
P.O. Box 2057
Portland, OR 97208-2057
**CanonClaimsSettlement.com**

## Canon Data Incident Settlement Claim Form

### SETTLEMENT BENEFITS - WHAT YOU MAY GET

If you were sent the "Notice of Data Security Incident" by Canon dated on or around November 24, 2020, arising out of a Data Incident in which personal information may have been exposed to unauthorized activity, you are a Settlement Class Member and may submit a claim for Settlement Benefits.

**The easiest way to submit a claim is online at CanonClaimsSettlement.com**, or you can complete and mail this Claim Form to the mailing address above.

**You may submit a claim for one or more of these benefits:**

**Ordinary Expense Reimbursement**: If you have documentation showing that you spent money or incurred losses as a result of the Data Incident, you are eligible to receive up to $300 for certain documented out-of-pocket losses incurred between August 4, 2020, and June 29, 2023. This also includes reimbursement of $20 per hour for up to 4 hours of attested-to time spent monitoring accounts, reversing fraudulent charges, or otherwise dealing with the aftermath/cleanup of the Data Incident.

**Other Extraordinary Expense Reimbursement**: You may be eligible to receive up to $7,500 for Extraordinary Expenses that plausibly occurred as a result of the Data Incident if (a) it is an actual, documented, and unreimbursed monetary loss; (b) it was caused by the Data Incident; (c) it occurred during the time period from August 4, 2020, through and including June 29, 2023; (d) it is not an amount already covered by the Ordinary Expense Reimbursement; and (e) the claimant made reasonable efforts to avoid or seek reimbursement for the loss, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance. All claims must be supported with documentation.

**Credit Monitoring and Identity Protection**: You are eligible for two (2) years of credit monitoring services.

**Claims must be submitted online or mailed by April 15, 2024. Use the address at the top of this form for mailing this Claim Form.**

*Please note: the Claims Administrator may contact you to request additional documents to process your claim.*

For more information on the Settlement Benefits, what documents you need to attach, how the Claims Administrator will decide whether to approve your payments, and for complete instructions, **visit CanonClaimsSettlement.com**.

**Settlement Benefits will be distributed only after the Settlement is approved by the Court.**

01-**CA40063015**
AJ5811 v.02

## Your Information

*The Claims Administrator will use this information to contact you and process your claim. It will not be used for any other purpose. If any of the following information changes, you must promptly notify the Claims Administrator by mail at P.O. Box 2057, Portland, OR 97208-2057.*

First Name                                          MI        Last Name

Mailing Address

City                                                         State     ZIP Code

Phone Number

Email Address

Unique ID (located on the notice mailed to you)

## Cash Payment: Reimbursement for Lost Time

If you spent time monitoring accounts, reversing fraudulent charges, or otherwise dealing with the aftermath/cleanup of the Data Incident, you may be reimbursed for your time at $20 per hour, for up to 4 hours for time spent through June 29, 2023. You must provide a narrative description attesting to the activities performed during the time claimed and their connection to the Data Incident to receive this benefit.

| Hours lost as a result of the Data Incident | Description of the activities performed during the time claimed and their connection to the Data Incident |
|---|---|
| ☐ 1 hour | |
| ☐ 2 hour | |
| ☐ 3 hour | |
| ☐ 4 hour | |

02-CA40063015
AJ5812 v.02

## Cash Payment: Reimbursement for Documented Ordinary Out-of-Pocket Expenses

You can receive reimbursement for up to $300 for documented out-of-pocket expenses incurred through June 29, 2023, as a result of the Data Incident. You must attach documents to your Claim Form that show what happened and how much you lost or spent so that you can be repaid. This may include receipts or other documentation. "Self-prepared" documentation such as handwritten receipts are, by themselves, insufficient to receive reimbursement but may be considered to add clarity or support to other submitted documentation.

| Expense Types and Examples of Documents | Approximate Amount of Expense and Date | Description of Expense or Money Spent and Supporting Documents (Identify what you are attaching and why it's related to the Data Incident) |
|---|---|---|
| Bank or Credit Card Fees *Examples: Bank or credit card statements with fees, such as card reissuance, overdraft, and late fees.* | $ [ ][ ][ ][ ][ ] • [ ][ ]<br>[ ][ ] – [ ][ ] – [ ][ ][ ][ ]<br>MM        DD        YYYY | _____<br>_____<br>_____<br>_____ |
| Unreimbursed Credit Monitoring *Examples: Costs of credit reports, credit monitoring or other identity theft insurance products.* | $ [ ][ ][ ][ ][ ] • [ ][ ]<br>[ ][ ] – [ ][ ] – [ ][ ][ ][ ]<br>MM        DD        YYYY | _____<br>_____<br>_____<br>_____ |
| Other Expenses Resulting from Lack of Access to Accounts *Examples: Costs of postage, mileage, interest on payday loans or other incidental expenses due to lack of access to existing account.* | $ [ ][ ][ ][ ][ ] • [ ][ ]<br>[ ][ ] – [ ][ ] – [ ][ ][ ][ ]<br>MM        DD        YYYY | _____<br>_____<br>_____<br>_____ |

## Cash Payment: Reimbursement for Documented Extraordinary Expenses

You can receive reimbursement for up to $7,500 for documented extraordinary expenses incurred as a result of the Data Incident through June 29, 2023, if (1) the loss is an actual, documented, and unreimbursed monetary loss; (2) the loss was caused by the Data Incident; (3) the loss occurred between August 4, 2020, and June 29, 2023; (4) the loss is not already covered by one or more categories in ordinary expenses reimbursement listed above; and (5) you made reasonable efforts to avoid or seek reimbursement for the loss, including but not limited to exhausting all available credit monitoring insurance and identity theft insurance. All claims must be supported with documentation. You must attach documents to your Claim Form that show what happened and how much you lost or spent so that you can be repaid. This may include receipts or other documentation. "Self-prepared" documentation such as handwritten receipts are, by themselves, insufficient to receive reimbursement but may be considered to add clarity or support to other submitted documentation.

| Expense Types and Examples of Documents | Approximate Amount of Expense and Date | Description of Expense or Money Spent and Supporting Documents (Identify what you are attaching and why it's related to the Data Incident) |
|---|---|---|
| Extraordinary Losses Related to Identify Theft or Fraud *Examples: Professional fees incurred to address identity theft or fraud, such as falsified tax returns, account fraud, and/or medical identity theft.* | $ [ ][ ][ ][ ][ ] • [ ][ ]<br>[ ][ ] – [ ][ ] – [ ][ ][ ][ ]<br>MM        DD        YYYY | _____<br>_____<br>_____<br>_____ |

Questions? Visit CanonClaimsSettlement.com.com or call 1-888-970-5658

## How You Would Like to Receive Your Cash Payment

If you made a claim for a cash payment in this Claim Form, you can elect to receive your payment either by check or as a digital payment (e.g., an ACH direct deposit, prepaid debit card, or gift card using instructions emailed to you). Checks must be cashed within 60 days of receiving them.

Which do you prefer?

☐  Check mailed to the address I provided on this Claim.

☐  Digital payment instructions emailed to the email address I provided on this Claim

## Credit Monitoring and Identity Protection

You are eligible to receive two (2) years of credit monitoring services. If you wish to receive free Credit Monitoring Services, please check the box below.

☐  Credit Monitoring: I want to receive free credit monitoring services for two years.

If you select this option, you will be sent instructions and an activation code after the Settlement is final to your email address or home address. This benefit can be selected in addition to any other benefit to which the class member may be entitled on this form.

## Signature

I affirm under the laws of the United States that the information supplied in this Claim Form is true and correct to the best of my knowledge, and any documents I submitted in support of my claim are true and correct copies of original documentation.

I understand that I may be asked to provide more information by the Claims Administrator before my claim is complete.

Date: ☐☐ – ☐☐ – ☐☐☐☐
　　　　MM　　　DD　　　　YYYY

Signature

Print Name

Questions? Visit CanonClaimsSettlement.com.com or call 1-888-970-5658

04-CA40063015
AJ5814 v.02