UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: CANON U.S.A. DATA BREACH LITIGATION<br><br>This Document Related To:<br><br>All Actions | Case No. 1:20-CV-06239-AMD-SJB |

**DECLARATION OF GARY M. KLINGER IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

I, Gary M. Klinger, pursuant to 28 U.S.C § 1746, hereby declare as follows:

1. I am a partner in the law firm of Milberg Coleman Bryson Phillips Grossman, LLC, and was appointed Co-Lead Counsel in this case. I hereby submit this Declaration in connection with Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement with Canon U.S.A., Inc., Canon Solutions America, Inc., Canon Software America, Inc., Canon Information and Imaging Solutions, Inc. Canon Financial Services, Inc., Canon Medical Components U.S.A., Inc., Canon Information Technology Services, Inc., and NT-ware USA, Inc. ("Canon" or "Defendants").

2. All matters stated herein are based on personal knowledge, except where otherwise indicated. If called as a witness in this matter, I could and would competently testify thereto.

**I.      Procedural History**

3. After Canon provided notice of the Data Breach, beginning on or around November 24, 2020, three separate class action complaints were filed in the Eastern District of New York: *Finnegan, et al. v. Canon U.S.A., Inc.*, 1:20-cv-06239-AMD-SJB"); *Hamid v. Canon U.S.A., Inc.*

1

*et al.*, No. 1:20-cv-06380-AMD-SJB; and *Rouse, et al. v. Canon U.S.A., Inc.*, No. 2:21-cv-00414-SJF-ARL. Those cases were all deemed related and the cases were consolidated. ECF 9.

4. On January 28, 2021, Representative Plaintiffs filed a motion for the appointment of interim class counsel. ECF 12. On March 9, 2021, the Court entered an Order Appointing Interim Class Counsel. ECF 19. Shortly after the Court's appointment of Interim Lead Counsel, Class Counsel worked together on preparing and filing a Consolidated Class Action Complaint.

5. On April 23, 2021, a Consolidated Class Action Complaint was filed. ECF 22 (the "Complaint"). Subsequently, Canon filed a Motion to Dismiss the Complaint. ECF 27-28. On August 2, 2022, Representative Plaintiffs filed a Consolidated Amended Class Action Complaint (the "Amended Complaint"). ECF 30. On August 25, 2022, Canon filed a Motion to Dismiss the Amended Complaint (the "Motion"). ECF 31-32. On March 15, 2022, United States District Judge Ann M. Donnelly issued a Memorandum Decision and Order denying in part and granting in part the Motion to Dismiss. ECF 40.

6. On April 12, 2022, Canon timely filed an Answer to the remaining allegations and claims in the Amended Complaint. ECF 43. On April 19, 2022, the Parties appeared for a status conference before the Honorable Sanket J. Bulsara, U.S.M.J. Pursuant to an Order entered by Judge Bulsara, the Parties advised the Court on May 6, 2022 that they would participate in private mediation. ECF 46.

**II.   Settlement Negotiations**

7. To facilitate their settlement negotiations, the Parties agreed to use an experienced mediator Bennett G. Picker. Mr. Picker has extensive experience in class action mediation, including privacy litigation, and has successfully resolved a number of class cases. On June 22, 2022, the Parties attended a full day mediation session with Mr. Picker. While the Parties made some progress, several key factual and legal issues remained in dispute. For the next several

months, the Parties continued to engage in the mediation process with the efforts of Mr. Picker. The settlement discussions spanned several months and included exchanging information between the Parties about the Data Breach, potential damages, Canon's business practices with respect to privacy and data security, and the experiences of Plaintiffs. Ultimately the Parties reached an agreement in principle, after which the Parties began drafting and finalizing the Settlement, Notice and Claim Forms, and drafting the motion for preliminary approval for presentment to the Court.

8. On February 2, 2023, Plaintiffs submitted an Unopposed Motion for Preliminary Approval of Class Action Settlement. ECF 54.

9. On March 23, 2023, the Parties participated in a conference before the Honorable Sanket J. Bulsara, U.S.M.J. regarding the preliminary approval of the settlement wherein the Court denied the motion without prejudice and asked the parties to address certain issues and points of clarification. As a result, the Parties participated in further negotiations, participated in a second conference before Judge Bulsara on June 7, 2023, and, on June 29, 2023 executed the Amended Settlement Agreement ("Settlement Agreement" or "S.A."). ECF 61-1.

10. On July 7, 2023, the Plaintiffs filed an Unopposed Renewed Motion for Preliminary Approval of Class Action Settlement (ECF 61-62) requesting preliminary approval of the Settlement Agreement. On September 11, 2023, the Court issued an Order directing the parties to address the fairness of the class action settlement pursuant to the standards set forth in *Moses v. N.Y. Times Co.*, No 21-2556, 2023 WL 5281138 (2d Cir. Aug. 17, 2023). Specifically, the Court asked the parties to address the reasonableness of any award of attorneys' fees and whether the proposal treats class members equitably relative to each other. On September 25, 2023, the parties submitted a Joint Memorandum of Law in Response to the Court's September 11, 2023 Order Regarding Motion for Preliminary Approval of Settlement (ECF 65) addressing both issues. This Court subsequently issued an order granting preliminary approval of the Settlement Agreement on

3

November 15, 2023. ECF 66.

### III.    Settlement Terms

11.    The Settlement provides for both monetary and equitable relief. Canon has agreed to pay the claims of Settlement Class members arising from the Data Breach. Canon will also be responsible for payment of all reasonable costs of notice and administration in addition to the claims of Settlement Class members, estimated to be $96,000. Canon will pay any amounts approved by the Court for awards of attorneys' fees, costs, and expenses, and service awards for the Class Representatives. In addition, Canon has agreed to implement business practice changes to increase the protection of Settlement Class members PII in Canon's post session.

12.    All Settlement Class Members who submit a valid claim using the Claim Form (Exhibit A to the Settlement Agreement) are eligible to receive ordinary expense reimbursement for documented out-of-pocket losses that were incurred between August 4, 2020 and the date of this Settlement Agreement, if plausibly caused by the Data Incident, not to exceed $300 per Settlement Class Member, including: (i) cost to obtain credit reports; (ii) fees relating to a credit freeze; (iii) card replacement fees; (iv) late fees; (v) overlimit fees; (vi) interest on payday loans taken as a result of the Data Incident; (vii) other bank or credit card fees; (viii) postage, mileage, and other incidental expenses resulting from lack of access to an existing account; (ix) costs associated with credit monitoring or identity theft insurance purchased prior to the Effective Date of the Settlement, if purchased primarily as a result of the Data Incident (with reasonable documentation and an affirmative statement by Settlement Class Member that it was purchased primarily because of the Data Incident, and with proof of purchase); and (x) compensation for attested-to lost time spent monitoring accounts, reversing fraudulent charges, or otherwise dealing with the aftermath/cleanup of the Data Incident, at a rate of $20 for up to four (4) hours (attestation

4

requires at least a narrative description of the activities performed during the time claimed and their connection to the Data Incident).

13. Settlement Class Members are also eligible to receive extraordinary expense reimbursement, not to exceed $7,500 per Settlement Class Member, for monetary out-of-pocket losses that occurred more likely than not as a result of the Data Incident if: (a) it is an actual, documented, and unreimbursed monetary loss; (b) was caused by the Data Incident; (c) occurred during the time period from August 4, 2020, through and including the end of the Claims Deadline; (d) is not an amount already covered by one or more of the categories in ¶ 2.1 (Ordinary Expense Reimbursements); (e) the claimant made reasonable efforts to avoid, or seek reimbursement for the loss, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance. Settlement Class Members may only submit one claim for benefits under paragraph ¶ 2.2 and the total of all amounts recovered shall not exceed $7,500 per Settlement Class Member.

14. In addition to being able to submit a claim for ordinary or extraordinary expenses, Settlement Class Members are eligible to receive two (2) years of Identity Theft protection services, which includes three bureau credit monitoring and alerts. This is in addition to the credit monitoring services previously offered to individuals who were notified of the Data Incident. Settlement Class Members must affirmatively request credit monitoring by indicating the request on the Claim Form, and codes will be sent either to an e-mail address provided by the Settlement class member or, if they do not have an e-mail address, mailed to the address provided on the claim form.

15. The Settlement treats Class Members equitably because all Settlement Class Members have the option to elect to make a claim for a cash payment for Ordinary Expenses and Extraordinary Expenses attributable to the Data Security Incident and are automatically entitled to

5

claim two years of the Credit Monitoring and Identity Protection whether or not they also make a claim for other benefits under the settlement.

16. Also, the Release is narrowly tailored to release only those claims which were or could have been asserted by the Settlement Class Members relating to this incident. In particular, the Released Claims against Defendant are limited to those based on, relating to, or regarding the Data Security Incident, or alleged facts or circumstances related to it.

17. The only agreement related to this litigation is the proposed Settlement Agreement, and there are no side agreements regarding attorneys' fees or costs related to this proposed Settlement. The proposed Settlement Class Representatives are members of the Settlement Class and do not possess any interests antagonistic to the Settlement Class.

**IV.    Costs of Notice and Administration**

18. In addition to the monetary benefits being made available to Settlement Class Members, Canon shall pay the reasonable costs of notice and claims administration.

**V.    Business Practice Changes**

19. In addition to the monetary benefits described above, the Settlement Agreement also acknowledges Canon's commitment to maintain certain enhancements and improvements to its security environment, which Class Counsel has reviewed in connection with this Settlement. (Settlement Agreement § 2). Canon agrees to maintain at a minimum, for a period of one (1) year following final approval of the settlement, enhanced security practices and procedures that were implemented following the Data Incident, including deployment of endpoint detection and response tools to its servers and workstations; engagement of a third-party security operations center to provide constant monitoring of its network; a local administrator password vault solution; and multi-factor authentication and application control for access to domain controllers.

**VI.    The Settlement is Fair, Reasonable, and Adequate**

20. Negotiations leading to the settlement were entirely non-collusive and strictly at arm's length. And, as discussed above, prior to reaching the Settlement, Representative Plaintiffs and Class Counsel were very well informed regarding the strengths and weaknesses of Representative Plaintiffs' claims. Class Counsel had the benefit of information from their investigation and analyses, regulatory investigations, and experts. Indeed, Class Counsel investigated the matter prior to and after retaining counsel, participated in the plaintiff vetting process implemented by Class Counsel, reviewed and approved pleadings, kept in close contact with counsel to monitor the progress of the litigation, provided documents, drafted discovery requests, and reviewed and communicated with counsel regarding the Settlement.

21. At all times while negotiating and executing the Settlement Agreement, Representative Plaintiffs were represented by Class Counsel, who have significant experience prosecuting federal class action claims. Canon was represented by Baker & Hostetler, LLP, a leading international law firm that has significant experience defending federal class actions.

22. The negotiations were conducted at arms' length over a period of several months. The Parties participated in a full day of mediation with mediator Bennett G. Picker. Although mediation was unsuccessful, over the next several months the Parties continued to work remotely with Mr. Picker and reached an agreement in principle. The negotiations were hard fought, and counsel for all Parties participated vigorously with competing agendas. The negotiations were undertaken on behalf of Representative Plaintiffs and the Settlement Class by counsel who are well versed in complex litigation and, more specifically, consumer class actions. These experienced lawyers advocated for the interests of the Settlement Class throughout negotiations, utilizing their combined experience of litigating consumer class actions, including breach of privacy claims, to ensure the proposed settlement serves the best interests of the Settlement Class.

23. Representative Plaintiffs and Class Counsel thoroughly evaluated the merits of the

claims and defenses, the likelihood the Court would certify the litigation for class treatment, the likelihood of success at trial and upon appeal.

24. Class Counsel have invested considerable time and resources into the prosecution of the litigation and possess a long and proven track record of the successful prosecution of class actions, including data breach cases, and numerous appointments as class counsel. Here, in addition to conducting extensive legal and factual research into the merits of their claims (and likelihood of protracted litigation), they have filed a lengthy amended complaint; conferred with experts and provided preliminary expert analysis and reports; exchanged mediation statements and presentations; briefed Defendants' motion to dismiss; prepared and served discovery; and mediated before Mr. Picker.

25. Based upon their investigation and pretrial discovery as set forth above, Class Counsel have concluded that the terms and conditions of the Settlement Agreement are fair, reasonable and adequate to Representative Plaintiffs and Settlement Class Members and are in their best interests.

26. Class Counsel and Representative Plaintiffs agreed to settle the claims asserted in *In re Canon Data Security Litigation* pursuant to the terms and provision of the Settlement Agreement after considering (a) the substantial benefits that Settlement Class Members will receive from the Settlement; (b) the uncertain outcome and attendant risks of litigation; (c) the delays inherent in litigation; and (d) the desirability of permitting the settlement of this litigation to be consummated as provided by the terms of the Settlement Agreement.

27. The consideration that Canon has agreed to pay is well within a range that Class Counsel believes may be found to be fair, reasonable, and adequate, and was designed to meet the types of repercussions sustained by consumers following a data breach.

28. Class Counsel has strong reason to believe that there are approximately 41,000

8

geographically dispersed persons and entities that fall within the Settlement Class definition. This belief is based on information received from Canon during the course of this litigation.

### VII. Attorneys' Fees and Service Awards

29. The Settlement Agreement also includes terms regarding the payment of attorneys' fees, costs, expenses, and service awards to Plaintiffs. Specifically, the Parties agreed to a Service Award of $1,000.00 to each of the Class Representatives. Canon also agreed to "pay reasonable attorneys' fees, costs, expenses as may be agreed to by Canon and Class Counsel and/or as ordered by the Court, or in the event of no agreement, then as ordered by the Court." SA, ¶ 7.2. Payment of the Service Awards and attorneys' fees, costs and expenses is separate from the benefits provided to the settlement class and will not affect the potential recovery of the Settlement Class.

30. On March 15, 2024 Plaintiffs filed their Notice of Motion and Motion for Fee Award, Litigation Costs, and Service Awards. The details surrounding the calculation of the attorneys' fees sought, including lodestar amounts, are set forth in that motion.

31. The lack of any objection to the Settlement or to the fee request from the Settlement Class to date supports final approval and the fee request. Class Counsel's fee motion has been posted to the Settlement Website.

32. In my opinion, based on my experience, this Settlement provides substantial tangible benefits to the Class now with a straightforward method of making claims. The Settlement is fair, reasonable, and adequate based upon all of the factual and legal issues unique to this case and compared to other settlements. The reaction of the Class has been overwhelmingly positive, and I respectfully request the court grant Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement.

33. Plaintiffs Michael Finnigan, Kenneth Buchbinder, Brian McCartney, Tyrone Villacris, Luis Pichardo, Andrew Hamid, Amy Lynn Hamid, Woodrow Moss, and Diana Rouse

9

have all been integral in the successful prosecution of this matter and in its successful resolution through this Settlement. Each Plaintiff has spent several hours assisting Class Counsel including, but not limited to: providing any and all requested documents, reviewing pleadings for accuracy, maintaining contact with Class Counsel and remaining available for consultation throughout the more than four (4) year pendency of this matter, answering Class Counsel's many questions, and reviewing and approving the Settlement terms. Such hard work on behalf of the Settlement Class was undertaken by Plaintiffs without any promise of reward or guarantee of success. In Class Counsel's estimation, each of them has more than earned the minimal $1,000 Service Award requested to compensate them for the efforts they have made over the course of four (4) years of hard-fought litigation and settlement negotiations.

I hereby declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 11th day of April 2024 at Chicago, Illinois.

/s/ *Gary M. Klinger*

**Gary M. Klinger**

*Class Counsel for Plaintiffs*