UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
**IN RE CANON U.S.A. DATA BREACH LITIGATION**
: **FINAL APPROVAL ORDER AND JUDGMENT**
:
: 20-CV-06239 (AMD) (SJB)
: 20-CV-06380 (AMD) (SJB)
   21-CV-00414 (AMD) (SJB)
:
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

WHEREAS, Class Representatives Michael Finnigan, Kenneth Buchbinder, Brian McCartney, Tyrone Villacis, Luis Pichardo, Andre Hamid, Amy Lynn Hamid, Woodrow Moss, and Diana Rouse ("Class Representatives" or "Plaintiffs"), on behalf of themselves and all other Settlement Class Members, and Defendants Canon U.S.A., Inc., Canon Solutions America, Inc., Canon Software America, Inc., Canon Information and Imaging Solutions, Inc., Canon Financial Services, Inc., Canon Medical Components U.S.A., Inc., Canon Information Technology Services, Inc., and NT-ware USA, Inc. (collectively, "Canon" or "Defendants"), have determined to settle all claims asserted against Defendants and its predecessors, successors, assigns, subsidiaries, and affiliates, in this Action with prejudice on the terms and conditions set forth in the Amended Settlement Agreement dated June 29, 2023 (ECF No. 61-1 (the "Settlement Agreement")), subject to approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Final Judgment, the capitalized terms herein will have the same meaning as they have in the Settlement Agreement;

WHEREAS, by Order dated November 15, 2023 (ECF No. 66 (the "Preliminary Approval Order")), United States Magistrate Judge Sanket J. Bulsara: (i) preliminarily approved the Settlement; (ii) ordered the notice of the proposed Settlement be provided to the Settlement Class;

(iii) provided Settlement Class Members with the opportunity to object to the proposed Settlement; (iv) provided Settlement Class Members with the opportunity to exclude themselves from the Settlement Class; and (v) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on April 25, 2024 (the "Fairness Hearing") to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; (ii) the amount of the service awards to be awarded to each of the nine Class Representatives,  and (iii) whether a judgment should be entered dismissing the Action with prejudice against Defendants; and

WHEREAS, the Court having considered all papers filed and proceedings held herein in connection with the Settlement, and all oral and written comments received regarding the Settlement and otherwise being fully informed in the premises and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that:

1.      **Jurisdiction.**  This Court finds that it has subject matter jurisdiction under 28 U.S.C. § 1331 to enter this Final Judgment and has personal jurisdiction over Plaintiffs and Defendants and all Settlement Class Members.

2.      **Class Action Fairness Notice.**  The Court finds that Defendants have complied with the obligations imposed on it under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and its notice provisions have been satisfied.

3.      **Class Certification for Settlement Purposes**.  The requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied, and based on the record before the Court, the Court hereby finally certifies, for the purposes of settlement of the Released Claims set forth in the Settlement Agreement, the following Settlement Class:

> All individuals residing in the United States who received a notice dated November 24, 2020 from Canon regarding the data breach. The Settlement Class specifically excludes: (i) Canon (including all Defendants) and its officers and directors; (ii) Settlement Class Members who timely and validly requested exclusion from the Settlement Class in accordance with the Settlement Agreement and Preliminary Approval Order; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) the attorneys representing the Parties in the Litigation.

4. In so holding, the Court finds that the Settlement Class meets all the applicable requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, solely for settlement purposes. The Court hereby finds in the specific context of this Settlement that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members is impracticable, Fed. R. Civ. P. 23(a)(1); (b) common questions of law and fact exist with regard to Defendants' alleged data breach, Fed. R. Civ. P. 23(a)(2); (c) Class Plaintiffs' claims in this litigation are typical of those of the Settlement Class Members, Fed. R. Civ. P. 23(a)(3); and (d) Class Plaintiffs' interests do not conflict with and are co-extensive with those of the absent Settlement Class Members, whose claims arise from the identical factual predicate, and Class Plaintiffs and Class Counsel have adequately represented the interests of all Settlement Class Members, Fed. R. Civ. P. 23(a)(4). The Court also finds that common issues of fact and law predominate over any questions affecting only individual members and that a class action is superior to other methods for fairly and efficiently adjudicating this controversy. Fed. R. Civ. P. 23(b)(3).

5. Pursuant to Fed. R. Civ. P. 23(g), John Yanchunis, Esq. of Morgan & Morgan Complex Litigation Group and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman PLLC are appointed as Class Counsel for the Settlement Class.

6. The Plaintiffs are appointed as class representatives on behalf of the Settlement Class.

7. **Settlement Notice**. The Court finds that the emailed and mailed notice, publication notice, website, and Class Notice plan implemented pursuant to the Settlement Agreement and Magistrate Judge Sanket J. Bulsara's Preliminary Approval Order: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of this Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of their right to exclude themselves from or object to the proposed Settlement, of their right to appear at the Fairness Hearing, of the Claims Process, and of Class Counsel's application for an award of attorneys' fees, for reimbursement of expenses associated with the Action, and any Service Award; (d) provided a full and fair opportunity to all Settlement Class Members to be heard with respect to the foregoing matters; (e) constituted due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (f) met all applicable requirements of Rule 23 of the Federal Rule of Civil Procedure, the United States Constitution, including the Due Process Clause, and any other applicable rules or law.

8. **Response of the Settlement Class Members**. The Court finds that two Settlement Class Members have validly requested to be excluded from the Settlement Class.

9. The Court finds that no objections to the proposed Settlement have been filed or submitted.

10. **Final Settlement Approval and Dismissal of Claims**. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Settlement, as set forth in the Settlement Agreement. This Court finds that the Settlement meets all requirements of Rule 23(e) of the Federal Rules of Civil Procedure, including the factors set forth in *City of Detroit v.*

*Grinnell*, 495 F. 2d 448 (2d Cir. 1974), and is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class, including Plaintiffs.  This Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties, that Class Counsel and Plaintiffs adequately represented the Settlement Class for the purpose of entering into and implementing the Settlement Agreement, that the relief provided for the Settlement Class is adequate, and that the Settlement Agreement treats Settlement Class Members equitably relative to each other.  Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects.  The Parties are hereby directed to carry out the Settlement Agreement in accordance with all its terms and provisions, including the termination provisions.

11. It is hereby determined that Plaintiffs and the Releasing Parties are bound by the Settlement Agreement and this Final Judgment, and the Action and the Released Claims against any of the Released Parties, as provided under the Settlement Agreement, are hereby dismissed with prejudice and released.  The Parties will bear their own costs, except as otherwise provided in the Settlement Agreement.

12. Magistrate Judge Sanket J. Bulsara's forthcoming order on the motion for attorneys' fees, costs and expenses will in no way affect or delay the finality of this Final Judgment and will not affect or delay the Effective Date of the Settlement.

13. **Releases**.  Each Settlement Class Member must execute a release and covenant not to sue in conformity with the Settlement Agreement, as incorporated into the Proof of Claim and Release form, in order to receive any settlement benefits described in the Settlement Agreement. The Court hereby confirms the appointment of Epiq Class Action & Claims Solutions, Inc., as Claims Administrator and directs that the Claims Administrator shall ensure that each Proof of

Claim and Release form provided to Settlement Class Members contains a copy of such release and covenant not to sue.

14. **Binding Effect**.  The terms of the Settlement Agreement and of this Final Judgment will be forever binding on Defendants, Plaintiffs, and all other Settlement Class Members (regardless of whether any individual Settlement Class Member submits a Claim Form or seeks or obtains any settlement benefits), as well as their respective heirs, executors, administrators, predecessors, successors and assigns in their capacities as such.

15. The Court declares that the Settlement Agreement and the Final Judgment will be binding on, and will have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings against a Released Party involving the Released Claims that are maintained by or on behalf of Class Plaintiffs and each Releasing Party, whether or not they object to the Settlement and whether or not they make a claim for settlement benefits, regardless of whether the Releasing Party previously initiated or subsequently initiates individual litigation or other proceedings involving the Released Claims, and even if such Releasing Party never received actual notice of the Action or this proposed Settlement.

16. The Court permanently bars and enjoins Representative Plaintiffs and all Settlement Class Members from: (a) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction against the Defendants or any of the Released Persons based on the Released Claims; (b) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), against Defendants or any of the

Released Persons based on the Released Claims; or (c) organizing Settlement Class Members into a separate group, class, or subclass for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) against the Defendants or any of the Released Persons based on the Released Claims.

17. **No Admission**. Neither the Settlement Agreement (nor its exhibits), whether or not it becomes Final, nor any negotiations, documents exchanged among counsel for Plaintiffs and Defendants in connection with settlement discussions, and discussions associated with them, nor the Final Judgment are or will be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute or law or of any liability or wrongdoing by Defendants or any Released Party; (b) the truth of any of the claims or allegations alleged in the Action; (c) the incurrence of any damage, loss, or injury by any Person; or (d) the propriety of certification of a class other than solely for purposes of the Settlement. Further, neither the Settlement Agreement (nor its exhibits), whether or not it becomes final, nor any negotiations, documents exchanged among counsel for Plaintiffs and Defendants in connection with settlement discussions, and discussions associated with them, nor the Final Judgment, may be discoverable, offered or received in evidence, or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, by any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action (including this Action) in which the Settlement Agreement is asserted as a defense.

18. **Modification of the Settlement Agreement**. The Parties, without the need for approval from the Court, may adopt such amendments, modifications, and expansions of the Settlement Agreement and all exhibits thereto as (i) are consistent in all material respects with the

Final Approval Order and Final Judgment; and (ii) do not limit the rights of Settlement Class Members.

19. **Rule 11 Finding**. The Court finds that the Parties and their respective counsel at all times during the course of the Action complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure as to each other. Any data or other information provided by Settlement Class Members in connection with the submission of claims will be held in strict confidence, available only to the Claims Administrator, Class Counsel, and experts or consultants acting on behalf of the Settlement Class. In no event will a Settlement Class Member's data or personal information be made publicly available, except as provided for herein or upon Court Order for good cause shown.

20. **Termination of Settlement**. Notwithstanding the entry of this Final Judgment, if the Settlement Agreement is validly terminated by Plaintiffs or Defendants, is disapproved in whole or in part by the Court, any appellate court, or any other court of review, or does not become Final, then the provisions of this Final Judgment dismissing Plaintiffs' claims will be null and void with respect to such Settlement; Plaintiffs' claims will be reinstated; Defendants' defenses will be reinstated; the certification of the Settlement Class and final approval of the proposed Settlement, and all actions associated with them, including but not limited to any requests for exclusion from the Settlement previously submitted and deemed to be valid, will be vacated and be of no force and effect; the Settlement Agreement, including its exhibits, and any and all negotiations, documents, and discussions associated with it and the releases set forth herein, will be without prejudice to the rights of any Party, and of no force or effect; and the Parties will be returned to their respective positions before the Settlement Agreement was signed. Notwithstanding the

language in this Section, any provision(s) in the Settlement Agreement that the Parties have agreed will survive its termination will continue to have the same force and effect intended by the Parties.

21. **Claims Administration Process**. The Claims Administrator will administer the claims administration process, including the calculation of claims submitted by Settlement Class Members and distribution of any settlement benefits to Settlement Class Members, pursuant to the Court-approved Claims Process in the Settlement Agreement.

22. In accordance with the Settlement Agreement, if a Claim is deficient, the Claims Administrator will send the Class Settlement Member a deficiency letter which will give the Settlement Class Member 30 days to cure the deficiency in accordance with the Settlement Agreement. If the Settlement Class Member fails to cure the deficiency within the specified period, the Claims Administrator will send the Settlement Class Member a letter notifying the Settlement Class Member that the Claim has been rejected. The rejection letter will advise the Settlement Class Member of the reason(s) for the rejection of the Claim and his, her, or its right to review the determination of the Claim. Following receipt of additional information requested as Claim Supplementation, the Claims Administrator will have 30 days to accept, in whole or lesser amount, or reject each claim. Settlement Class Members will have 30 days from receipt of the offer to accept or reject any offer of partial payment received by the Claims Administrator. If a Settlement Class Member rejects an offer from the Claims Administrator, the Claims Administrator will have 15 days to reconsider its initial adjustment amount and make a final determination.

23. **Entry of Final Judgment**. There is no just reason for delay in the entry of this Judgment as a final judgment of this Action. Accordingly, the Clerk of the Court is expressly

directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure immediately to enter this final judgment in this Action.

**SO ORDERED.**

                                                s/Ann M. Donnelly

                                        ANN M. DONNELLY
                                        United States District Judge

Dated: Brooklyn, New York
        May 9, 2024